FILED

NOV 0 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DR. SIMON BANKS, J.D.**<br>**P.O. BOX 17052**<br>**ALEXANDRIA, VA. 22302**<br><br>     **Plaintiff**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA**<br>**SERVE, ANTHONY WILIAMS**<br>**MAYOR**<br><br><br>**DEVON BROWN,**<br>**DIRECTOR**<br>**DC DEPARTMENT OF**<br>**CORRECTIONS**<br>**1923 VERMONT AVENUE, NW**<br>**WASHINGTON, DC 2003**<br><br>**DR. FOZIA ABDULWAHAB,**<br>**MEDICAL DIRECTOR DC**<br>**JAIL AND CENTRAL TREATMENT**<br>**FACILITY (CTF)**<br>**1901 D STREET, S.E.**<br>**WASHINGTON, DC 20003** | Case: 1:07-cv-02115<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 11/9/2007<br>Description: CIVIL RIGHTS-NON. EMPLOY.<br><br><br><br><br><br><br><br>**COMPLAINT** |

### Defendants

## COMPLAINT

1.  The plaintiff brings this action against the Government of the District of

Columbia Government, and other District of Columbia Government defendants whom

are employees of the District of Columbia, and in their individual capacity and in their

official capacity under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983,

to enforce the Fourth, Fifth, and Eighth Amendments and through the Fifth Amendment,

the Standards of the Fourteenth Amendment, for injuries suffered by Plaintiff because of

constitutional deprivation of medical care, diabetic food, for failure to supervise and train

subordinates, for violation of Eighth Amendment, for cruel and unusual punishment, for

gross negligence and negligence.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28

U.S.C. § 1343(a)(3).  This Court has pendent jurisdiction over the Plaintiff's common

law claims against the defendants pursuant to 28 U.S.C. 1367(a).

## VENUE

3.    Venue is appropriate in this District under 28 U.S.C. § 1391(b).  Each of the

claims for relief arose in this judicial district.

4.    There is a clear question of liability on the question of whether the Plaintiff

was deprived of medical/dental care.

5.    Among the questions of law and fact are:

(a)  whether defendant District of Columbia has a pattern and practice of

denying medical care and denying dental treatment to inmates;

(b)  whether defendants District of Columbia has a pattern and practice of

being deliberately indifferent to the rights of detainees and inmates by

denying them dental treatment, and/or providing inadequate dental

treatment;

(c) whether defendant District of Columbia's acts as alleged herein violate the Constitution of the United States by denying the plaintiff and other inmates medical/dental treatment;

(d) whether defendants, Devon Brown, the District and Dr. Fozia Abdulwahab were deliberately indifferent to the rights of Plaintiff and inmates and detainees in the custody of the Department of Corrections by failing to supervise and appropriately direct their respective subordinates;

(e) whether the defendants individually were deliberately indifferent to Plaintiff's medical, dental, health and safety, and objectively were sufficiently serious to constitute constitutional violations.

(f) whether the defendants individually subjected the Plaintiff to unconstitutionally harsh conditions,

(g) whether the defendants' actions amounted to negligence

(h) whether the defendants' actions amounted to gross negligence.

(i) whether the conduct of the defendants individually and collectively violate clearly established constitutional rights, statutory law and rights of which a reasonable person would know;

(j) whether the defendants, individually, conduct was negligent and intentional and caused the Plaintiff to suffer injuries as the result of negligent infliction of emotional distress, and intentional infliction of emotional distress.

(k) Whether the defendants Devon Brown, Dr. Fozia Abdulwahab and the District of Columbia, had prior knowledge of Plaintiff's right to be medically treated for the Plaintiff's dental condition.

(l) Whether the defendants Devon Brown, Dr. Fozia Abdulwahab and the District of Columbia, had prior knowledge of the Plaintiff's right to receive diabetic meals.

(m) Whether the defendants Devon Brown and the District of Columbia, had prior knowledge that the Plaintiff and other inmates suffered from lack of heat and were subjected to extremely cold temperatures while housed in facilities of the DC Department of Corrections.

(n) Whether Plaintiff has sustained damages as a consequence of the defendants actions, and, if so, the proper measure of such damages.

## EXHAUSTION

6. The Plaintiff exhausted his administrative remedies by bringing the conditions that the Plaintiff suffered set forth in the complaint to the attention of Defendant Brown and the District, the medical personnel and the Mayor's Risk Management Office, the Warden at the Central Detention Center (CDF)

## PARTIES

7. The Plaintiff Simon Banks is an adult resident of the State of Virginia. At all times relevant the Plaintiff was incarcerated at the CDF from December 17, 2004 through August 30, 2005, and April 26 thru April 27, 2006; and at the CTF from August 30, 2005 through April 26, 2006.

4

8.    Defendant District of Columbia Government ("District"), is a municipal corporation. The District of Columbia by and through its agents, employees, is responsible for the supervision, training, of employees of and operation of the District of Columbia Department of Corrections ("DCDC") and ensuring the health and safety of all inmates incarcerated in DCDC facilities, including the Central Detention Facility ("CDF").

9.    The District through its agents, employees and assigns is responsible for monitoring the facilities with which the Department of Corrections contracts for the care and custody of prisoners committed to the custody of the Department of Corrections. The District is also responsible for and has a duty to establish policies and procedures for the Department of Corrections and its contracting agents, and for the training, supervision, and discipline of DCDC staff.

10.   Defendant Devon Brown., at all times relevant was the Director of the District of Columbia Department of Corrections **(from February 21, 2005 through April 30, 2006, and at times thereafter to the present)** and is being sued in his official capacity. At all times relevant to this complaint, Defendant Brown was acting under color of law in all of his capacities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Dr. Simon Banks.

11.   Defendant Brown, at all times relevant to this complaint, **(December 2005 thru April 30, 2006)** had a duty to formulate, adopt, execute and maintain policies, standards, procedures and practices that were consistent with the civil

rights of the prisoners, including Dr. Simon Banks, under the Fourth, Fifth and Eighth Amendment of the United States Constitution and under the laws of the United States and the District of Columbia. These necessary policies include policies to assure that prisoners are provided with proper and necessary medical treatment, and related medical care, and are not subjected to cruel and unusual punishment, and denied adequate heat in their respective living units.

12.    Defendant Brown, at all times relevant to this complaint, **(December 2005 thru April 30, 2006)** had a duty to formulate, adopt, execute and maintain policies, standards, procedures and practices that were consistent with the civil rights of the prisoners, including Dr. Simon Banks, under the Fourth, Fifth and Eighth Amendment of the United States Constitution and under the laws of the United States and the District of Columbia. These necessary policies include policies to assure that prisoners are provided with proper and necessary medical treatment.

13.    Defendant DeVon Brown was the Director of the District of Columbia Department of Corrections and is being sued in his official and individual capacities. At all times relevant to this complaint, Defendant Brown was acting under color of law in all of his capacities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Dr. Simon Banks. Defendant Brown, at all times relevant to this complaint, had a duty to formulate, adopt, execute and maintain policies, standards, procedures and practices that were consistent with the civil rights of the prisoners, including

6

Dr. Simon Banks, under the Fourth, Fifth and Eighth Amendment of the United States Constitution and under the laws of the United States and the District of Columbia. These necessary policies include policies to assure that prisoners are provided with proper and necessary medical treatment, diabetic meals, reasonable living conditions, heat and to be free from cruel and unusual punishment.

14.    Assure that prisoners are provided with proper and necessary medical treatment.

15.    Defendant Dr. Fozia Abdulwahab, Medical Director DC Jail and Central Treatment Facility, is being sued in his official capacity. Defendant Abdul Wahab, at all times relevant, had a duty to ensure that the Plaintiff and prisoners of the CDF and the CTF, were properly staffed with dentist and medical personnel that were sufficiently able and capable to provide the Plaintiff with appropriate dental care that met the standard of care and treatment reasonably expected and of which the Plaintiff could reasonably expect given the condition of the Plaintiff's dental-medical problem.

## INTRODUCTION AND DESCRIPTION OF PROBLEM

16.    In all the acts and omissions alleged herein, all of the Defendants were acting under color of the laws, customs, and uses and by virtue of the laws of the District of Columbia and the Constitution of the United States.

17.    At all times relevant herein, each and every defendant knew or should have known of the acts, omissions, and conditions alleged herein. Said acts and omissions violated Plaintiff's Constitutional and statutory rights.

18.   Defendant District of Columbia was at all times relevant the employer of each of the District Defendants, and the employees and subcontractors of CCA were agents of the District of Columbia whose actions are stated in this Complaint.  With respect to these acts, the employees and subcontractors acted within the scope of their employment.  Under the Doctrine of respondent superior, the District of Columbia and CCA was and is responsible for the negligent acts of its officers for any and all common law, constitutional, and negligent acts.

19.   As Director, Defendant DeVon Brown is the policy maker for the Department of Corrections.

20.   Defendant DeVon Brown has ultimate supervisory authority for all operations of the Department of Corrections.

21.   Defendant DeVon Brown is ultimately responsible for the functioning of the Department of Corrections' Records Office, as defined below, and all other Departments of Corrections Facilities.

22.   Defendant DeVon Brown is also responsible for ensuring that each employee of the Department of Corrections discharges his or her duties in accordance with the law.

**COMPONENTS OF THE DEPARTMENT OF CORRECTIONS**

23.   The District of Columbia Central Detention Facility ("D.C. Jail") is the primary facility used by the Department of Corrections to house inmates.

24.   The D.C. Jail houses about 2,000 and some odd prisoners at any one time.

25. Most of the prisoners at the D.C. Jail are either pre-trial detainees, misdemeanants serving sentences, or parole and probation violators.

26. The Department of Corrections also houses prisoners in its Correctional Treatment Facility ("CTF").

27. CTF is a freestanding, privately-run facility about 500 feet from the D.C. Jail building.

28. Prisoners in CTF remain in the custody of the Department of Corrections.

29. CTF houses about 700 individuals at any one time.

30. Most prisoners detained in CTF are either pre-trial detainees, misdemeanants serving sentences, or parole and probation violators.

31. The Department of Corrections also houses prisoners at various halfway houses located in the District of Columbia.

32. Defendant DeVon Brown was the Director of the District of Columbia Department of Corrections and is being sued in his official and individual capacities. At all times relevant to this complaint, Defendant Brown was acting under color of law in all of his capacities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Dr. Simon Banks. Defendant Brown, at all times relevant to this complaint, had a duty to formulate, adopt, execute and maintain policies, standards, procedures and practices that were consistent with the civil rights of the prisoners, including Dr. Simon Banks, under the Fourth, Fifth and Eighth Amendment of the United States Constitution and under the laws of the United States and the District of Columbia. These necessary policies include policies to assure that

prisoners are provided with proper and necessary medical treatment, and living conditions that does not drop below standards of decency and operate as cruel and unusual punishment.

## COUNT 1
## DEFENDANTS DENIED PLAINTIFF CONSTITUTIONALLY REQUIRED MEDICAL CARE IN VIOLATION OF 42 U.S.C. § 1983

33. The Plaintiff reallege paragraphs 1 through 32 of the complaint. Defendants violated the Plaintiff's Constitutionals Rights pursuant to the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983 when defendants did the acts and failed to act as set forth in paragraphs 33 through 82 of the complaint, and when defendants:

34. On or about January 1, 2005 through April 28, 2006 Defendants failed to provide the Plaintiff with medical treatment to treat the Plaintiff's medical/dental problem, and:  Failed to provide the Plaintiff with medical/dental treatment for the Plaintiff's dental/medical condition.

35. At all times relevant, it was obvious to a lay person that a dentist intervention was necessary to treat the Plaintiff's medical/dental condition.

36. Failed to provide the Plaintiff with adequate, competent, prevailing medical service that met the medical quality/standard provided by competent dentist in like and/or similar medical situations as the Plaintiff was suffering with, and that the defendants knew and or ought to have known were required to sufficiently treat the Plaintiff's medical condition.

37. At all times relevant defendants acted under color of state law.

38. Defendants not only did not provide the Plaintiff with significant medical treatment for the Plaintiff's dental condition, they provided the Plaintiff effectively with no treatment at all for the Plaintiff's medical/dental condition, despite defendants' diagnosis of the Plaintiff's medical/dental condition. In addition, in close proximity to the time defendants made a diagnosis of the Plaintiff's medical/dental condition, the defendants made a prognosis of the Plaintiff's medical/dental condition, that if the Plaintiff's medical/dental condition was not treated, the Plaintiff would suffer continual and progressive damage and ultimate lost of the Plaintiff's teeth if not adequate treated.

39. Defendants knew and ought to have known that the medical treatment it provided the Plaintiff, Ibuprofen, for pain, which was no treatment at all, was deficient, inadequate, and incompetent to treat the Plaintiff's medical/dental problem and that as a consequence of their failure to act competently, and provide the Plaintiff adequate, sufficient medical/dental treatment that the Plaintiff would suffer and plaintiff did suffer continued excruciating pain and the ultimate damage and lost of some six to 10 teeth and that the Plaintiff would suffer mental and emotional distress, and deprivation of constitutional rights, which Plaintiff did suffer from January 2, 2005 through April 28, 2006 as well as the lost of six teeth from on or about May 2006 through the present.

40. Defendants breached their duty of care to the Plaintiff, the medical/dental care required and prevailing in the Washington Metropolitan Area by competent dentist in like and similar situations suffered by the Plaintiff.

41. Defendants, individually and collectively acted with deliberate indifference to the Plaintiff's serious Medical Dental Needs, and subjected the Plaintiff to cruel and unusual punishment,  when it committed acts or omissions sufficiently harmful to

Plaintiff and Plaintiff's medical/dental condition. These omissions evidence deliberate indifference to serious medical needs, and caused the Plaintiff to suffer pain or deprivation sufficiently serious, and the acts and omissions of the defendants were taken with sufficiently culpable state of mind.

42. Defendants, individually and collectively acted with intent to deny and/or delay needed treatment of Plaintiff's medical/dental needs.

43. The actions and inactions of defendants in failing to provide the Plaintiff treatment to Plaintiff's medical needs, was wanton and intentional.

44. The inactions of the defendants in failing to treat Plaintiff's serious medical/dental needs is shocking  and repugnant to the conscience of mankind.

45. The defendants knew and had reason to know that the Plaintiff's medical/dental needs posed an immediate, urgent and serious case of emergency and required urgent and immediate emergency medical treatment to protect the Plaintiff against further injury, degeneration, continuing excruciating pain and lost.

46. The defendants, not withstanding their respective knowledge of the Plaintiff's immediate, urgent medical/dental need, and the existence of chronic and substantial pain and continuing chronic pain, did not provide the Plaintiff with urgent, immediate medical/dental care.

47. The defendants, individually and collectively, disregarded the excessive risk and serious harm to the Plaintiff's health and continuing injury and pain, because of their respective deliberate indifference to the Plaintiff's statutory and constitutionally protected rights, when they failed to treat the Plaintiff's medical/dental condition.

12

48. The defendants, individually and collectively disregarded the excessive risk and serious harm to the Plaintiff's health and continuing injury and pain the plaintiff was suffering and continued to suffer, despite the Plaintiff's request for medical treatment.

49. The Plaintiff suffered pain on each day that the Plaintiff visited the defendants and defendants medical staff, and plaintiff suffered pain periodically from February, 2005 through April 28, 2006 and from April 28, 2006 through May, 2006 when the Plaintiff's sawed down and broken/chipped teeth were extracted.

50. Defendants' direct and personal involvement in the actions that resulted in the defendants' denial of urgent, necessary, medical care, was and were factors that caused the Plaintiff to be deprived of constitutional and statutory rights and to suffer on-going and continuous pain, injury and lost of teeth.

51. Defendants Brown, District, and Dr. Abdulwahab were deliberately indifferent to Plaintiff's pain and suffering and intentionally denied him medical care, thereby violating his Eighth Amendment rights.

52. The defendants acted with the requisite culpable state of mind and indifference, that caused the Plaintiff damages and injuries that it knew and ought to have known that the Plaintiff would suffer and plaintiff did suffer because of their breach of duty of care, negligence and malpractice, by failing to treat the Plaintiff's medical/dental condition.

53. Defendants severally, collectively and individually were personally involved in the unconstitutional deprivation of medical treatment to the Plaintiff for the Plaintiffs medical/dental condition.

54. As a consequence of the defendants omissions, and failure to act, the Plaintiff was deprived of both constitutional and federally protected rights.

55. As a consequence of the defendants breach of duty to provide the Plaintiff with competent medical/dental care, the Plaintiff suffered damages and injuries as follows:

**Continuing pain and suffering, mental and emotional distress**

56. Continuing pain and suffering, to the present date, and the Plaintiff suffered progressive breaking and chipping of the Plaintiff's remaining sawed down teeth, and their eventual extraction and lost due to the failure of the defendants to treat the Plaintiff's dental/medical condition. In addition, the Plaintiff suffered continuing mental and emotional distress, feelings of hopelessness, and anxiety.

**COUNT III**
**DELIBERATE INDIFFERENCE FOR FAILURE TO SUPERVISE AND TRAIN SUBORDINANTS CAUSED PLAINTIFF TO SUFFER DEPRIVATION OF MEDICAL/DENTAL TREATMENT**

57. The Plaintiff realleges paragraphs 1 through 56.

58. Defendants Brown, District of Columbia, individually and collectively, whom possess supervisory authority and whom are members of executive management of defendant District of Columbia Government, acted with deliberate indifference to the constitutional and statutory rights of the Plaintiff when they failed to act on information indicating unconstitutional acts were occurring and notwithstanding, they committed gross negligence in failure to supervise and train their subordinates whom committed such wrongful acts and omissions, by failing to provide the Plaintiff with medical/dental treatment for Plaintiff's serious medical needs.

59. The actions of Defendants Brown and the District, were willful and with reckless disregard and indifference to the clearly established rights of the Plaintiff of which a reasonable person would know.

## COUNT IV
### DELIBERATE INDIFFERENCE FOR FAILURE TO SUPERVISE AND TRAIN SUBORDINANTS CAUSED PLAINTIFF TO SUFFER DEPRIVATION OF DIABETIC MEALS

60. The Plaintiff reallege paragraphs 1 through 59.

61. Defendants Brown, District of Columbia, individually and collectively, whom possess supervisory authority and whom are members of executive management of defendant District of Columbia Government, acted with deliberate indifference to the constitutional and statutory rights of the Plaintiff when they failed to act on information indicating unconstitutional acts were occurring and notwithstanding, they committed gross negligence in failure to supervise their subordinates whom committed such wrongful acts and omissions, by failing to provide the Plaintiff with **prescribed dietary meals** for Plaintiff's serious diabetic medical needs.

## COUNT III
### DELIBERATE INDIFFERENCE AND GROSS NEGLIGENCE FOR FAILURE TO SUPERVISE AND TRAIN SUBORDINANTS CAUSED PLAINTIFF TO SUFFER DEPRIVATION OF DIABETIC MEALS

62. Plaintiff reallege paragraphs 1 through 61 of the complaint.

63. The actions of Defendant Brown and the District of Columbia as set forth in paragraphs 33 through present 82 of the complaint

64. Defendants Brown, District, and Dr. Fozia Abdulwahab individually and collectively, whom possess supervisory authority and whom are members of executive management of defendant District of Columbia Government, acted with deliberate

15

indifference to the constitutional and statutory rights of the Plaintiff when they failed to train and properly supervise subordinate employees whom perform, provide and disseminate **diabetic meals** to Plaintiff and other inmates housed in facilities of the DC Department of Corrections, and  services, and they individually and collectively failed to provide the Plaintiff with needed **diabetic meals**, after the Plaintiff communicated to Defendant Brown, District of Columbia, that he was not receiving prescribed diabetic meals, prescribed by defendant Brown's dietitians and medical doctors whom diagnosed the Plaintiff as diabetic.

65.  The defendants individual and collective actions and omission to act, in failing to train subordinate employees whom were assigned to provide and disseminate to Plaintiff **diabetic meals** connected with the Plaintiff's diabetic condition, violated clearly established rights that a reasonable person would have known.

66.  The actions and inactions of defendants were intentional and amounted to a reckless indifference to the Plaintiffs serious medical needs.

67.  The defendants acted with sufficient scienter, recklessness and their individual and respective conduct of diagnosing and failure to treat the Plaintiff's **medical/dental** condition that deprived the Plaintiff of constitutional rights, was a conscience disregard of a substantial risk of harm to the Plaintiff.

68.  The defendants acted with sufficient scienter, recklessness and their individual and respective conduct of diagnosing and failure to provide Plaintiff with **diabetic meals** at the times and places alleged in the complaint, deprived the Plaintiff of constitutional rights, was a conscience disregard of a substantial risk of harm to the Plaintiff.

69.  As a consequence of Defendant Brown, District, Dr. Abdulwahab actions and inactions, the Plaintiff suffered injury and damages to Plaintiff health and medical condition.

### COUNT III
### VIOLATION OF EIGHTH AMENDMENT AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

70.  The Plaintiff reallege paragraphs 1 through 69 of the complaint.

71.  Defendants Brown, District of Columbia, violated the Plaintiff's Eighth Amendment Rights pursuant to the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983 when they individually and collectively, on or about January, 2005 through April 28, 2006:

72.  Failed to provide the Plaintiff with medical/dental treatment to treat the Plaintiff's medical/dental problem.

73.  Defendants Brown, District of Columbia, knew and had reason to know that Plaintiff suffered from a serious medical/dental condition and that Plaintiff had a constitutional right to treatment of his serious medical condition, and despite defendants Brown and the District's prior knowledge of the Plaintiff's serious medical condition and clearly established right to treatment for Plaintiff serious medical/dental condition, defendants Brown and the District failed to cause the treatment of and treatment of the Plaintiff's serious medical/dental condition.

74.  Defendants Brown and the District acted with reckless indifference to Plaintiff's serious medical/dental condition with the intent to deny and preclude the Plaintiff from receiving treatment for the Plaintiff's serious medical/dental condition.

**Failure to provide the Plaintiff with diabetic meals.**

17

75. Defendants Brown, District of Columbia, District, and Dr. Abdulwahab violated the Plaintiff's Eighth Amendment Rights pursuant to the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983 when they:

76. Failed to provide the Plaintiff with **diabetic meals** prescribed by the Defendant District of Columbia, its medical and dietitian staff, to treat the Plaintiff's diabetic medical condition.

77. Defendants Brown, District of Columbia, and Department of Corrections, knew and had reason to know that Plaintiff's right to receive **diabetic meals** pursuant to defendant's medical staff diagnosis of the Plaintiff's medical condition as diabetic, was clearly established.

### Failure to provide the Plaintiff with adequate heat.

78. Defendants Brown, District of Columbia, and Dr. Abdulwahab violated the Plaintiff's Eighth Amendment Rights pursuant to the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983 when it:

Failed to provide the Plaintiff with adequate heat and subjected the Plaintiff and other inmates of the Department of Corrections to temperatures ranging from 35 to 50 degrees during in climate weather and cold temperatures from December 21, 2004 through March 2005 and from September 1. 2005 through February 2006 at the Central Treatment Facility CTF Facility.

### GROSS NEGLIGENCE

79. The Plaintiff reallege paragraphs 1 through 78 of the complaint.

80. The actions and inactions of the defendants Brown, District, and Dr. Abdulwahab, as set forth in paragraphs 33 through 82 of the complaint, amount to gross negligence.

81. Defendant Brown, District and Dr. Abdulwahab owed Plaintiff a duty of care to medically treat the Plaintiff for the Plaintiff's medical/dental condition in accordance with the applicable standard prevailing in the medical community for such medical condition that the Plaintiff suffered from.

82. Defendants actions and inactions committed after they knew and had reason to know that the Plaintiff needed immediate medical/dental care and treatment, to treat the Plaintiff dental condition, amounted to gross negligence.

## NEGLIGENCE

83. The Plaintiff reallege paragraphs 1 through 82 of the complaint.

84. The actions and inactions of the defendant Brown, District and Dr. Abdulwahab, as set forth in paragraphs 33 through 82 of the complaint, amount to negligence.

85. Defendant Brown, District and Dr. Abdulwahab owed Plaintiff a duty of care to medically treat the Plaintiff for the Plaintiff's medical/dental condition in accordance with the applicable standard prevailing in the medical community for such medical condition that the Plaintiff suffered from.

86. Defendants actions and inactions committed after they knew and had reason to know that the Plaintiff needed immediate medical care and treatment, amounted to gross negligence.

## DAMAGES AGAINST DEFENDANTS
### IN THEIR INDIVIDUAL CAPACITY AND IN THEIR OFFICIAL CAPACITY

87. The Plaintiff reallege the allegations set forth in paragraphs 1 through 86 herein.

88. As a consequence of and in connection with the actions and inactions of Defendants Brown, Defendant District of Columbia Government, and Dr. Abdulwahab resulted in damages and injuries to the Plaintiff.

### DAMAGES FOR 1983 VIOLATIONS

89. The Plaintiff seek damages against Defendant Brown, District, and Dr. Abdulwahab in their individual and official capacities.

90. The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant Brown.

91. The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant District of Columbia Government.

92. The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant Brown.

93. The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant Dr. Abdulwahab.

### DAMAGES FOR GROSS NEGLIGENCE AND FOR NEGLIGENCE

94.  The Plaintiff seek damages against Defendant Brown, District, and Dr. Abdulwahab in their individual and official capacities.

95.  The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant Brown.

96.  The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant District of Columbia Government.

97.  The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant Brown.

98.  The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant Dr. Abdulwahab

L
07-2115
RCL

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Simon Banks

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE NP

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS

District of Columbia, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-02115
Assigned To : Lamberth, Royce C.
Assign. Date : 11/09/2007
Description: CIVIL RIGHTS-NON. EMPLOY.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*

☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

O

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☒ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  **DEMAND $** $30 million  Check YES only if demanded in complaint  **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES  ☐ NO  If yes, please complete related case form.

**DATE** 11/9/07  **SIGNATURE OF ATTORNEY OF RECORD** NCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.