UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DR. SIMON BANKS, J.D.<br>P.O. BOX 17052<br>ALEXANDRIA, VA. 22302<br><br>          Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA<br>SERVE, ANTHONY WILIAMS<br>MAYOR<br><br><br>DEVON BROWN,<br>DIRECTOR<br>DC DEPARTMENT OF<br>CORRECTIONS<br>1923 VERMONT AVENUE, NW<br>WASHINGTON, DC 2003<br><br>DR. FOZIA ABDULWAHAB,<br>MEDICAL DIRECTOR DC<br>JAIL<br>1901 D STREET, S.E.<br>WASHINGTON, DC 20003 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br>Case: 1:07-cv-02115<br>Assigned to : Lamberth, Royce C.<br>Assign. Date: 11/9/2007<br>Description: Civil Rights-<br>Non. EMPLOY<br><br><br><br><br><br><br><br><br>COMPLAINT (CORRECTED) |

**Defendants**

**<u>COMPLAINT</u>**

1.      The plaintiff brings this action against the Government of the District of

Columbia Government and other District of Columbia Government defendants whom are

employees of the District of Columbia, and in their individual capacity and in their

official capacity under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, to enforce the Fourth, Fifth, and Eighth Amendments and through the Fifth Amendment, the Standards of the Fourteenth Amendment, for injuries suffered by Plaintiff because of constitutional deprivation of medical care, diabetic food, for failure to supervise and train subordinates, for violation of Eighth Amendment, for cruel and unusual punishment, for gross negligence and negligence.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3). This Court has pendent jurisdiction over the Plaintiff's common law claims against the defendants pursuant to 28 U.S.C. 1367(a).

## VENUE

3. Venue is appropriate in this District under 28 U.S.C. § 1391(b). Each of the claims for relief arose in this judicial district.

4. There is a clear question of liability on the question of whether the Plaintiff was deprived of diabetic diet and lack of heat at the D.C. Jail.

5. Among the questions of law and fact are:

   (a) whether defendant District of Columbia has a pattern and practice of denying diabetic meals to inmates at the D.C. Jail.

   (b) whether defendant District of Columbia has a pattern and practice of denying adequate heat at the D.C. Jail;

   (c) whether defendant District of Columbia, had prior knowledge that the Plaintiff was deprived of diabetic meals.

(d) Whether the defendants District of Columbia, had prior knowledge that the Plaintiff and other inmates suffered from lack of heat and were subjected to extremely cold temperatures while housed in facilities of the DC Department of Corrections.

(e) Whether defendant DeVon Brown failed to train and supervise subordinates and such failure and supervision resulted in the Plaintiff being denied diabetic meals.

(f) Whether defendant DeVon Brown failed to train and supervise subordinates and such failure and supervision resulted in the Plaintiff being denied adequate heat and caused the Plaintiff to be exposed to unusually cold conditions.

(g) .Whether defendant Dr. Fozia Abdul Wahab failed to train and supervise employees under his supervision and such failure and supervision resulted in the Plaintiff being denied diabetic meals.

(h) Whether Plaintiff has sustained damages as a consequence of the defendants actions, and, if so, the proper measure of such damages.

## EXHAUSTION

6. The Plaintiff exhausted his administrative remedies by bringing the conditions that the Plaintiff suffered set forth in the complaint to the attention of Defendant Brown and the District, the medical personnel and the Mayor's Risk Management Office, the Warden at the Central Detention Center (CDF)

## PARTIES

7. The Plaintiff Simon Banks is an adult resident of the State of Virginia. At all times relevant the Plaintiff was incarcerated at the Central Detention Facility ("CDF") from December 17, 2004 through August 30, 2005.

8. Defendant District of Columbia Government ("District"), is a municipal corporation. The District of Columbia by and through its agents, employees, is responsible for the supervision, training, of employees of and operation of the District of Columbia Department of Corrections ("DCDC") and ensuring the health and safety of all inmates incarcerated in DCDC facilities, including the Central Detention Facility ("CDF").

9. The District through its agents, employees and assigns is responsible for monitoring the facilities with which the Department of Corrections contracts for the care and custody of prisoners committed to the custody of the Department of Corrections. The District is also responsible for and has a duty to establish policies and procedures for the Department of Corrections and its contracting agents, and for the training, supervision, and discipline of DCDC staff.

10. Defendant Devon Brown, at all times relevant was the Director of the District of Columbia Department of Corrections **(from February 21, 2005 through April 30, 2006, and at times thereafter to the present)** and is being sued in his official capacity. At all times relevant to this complaint, Defendant Brown was acting under color of law in all of his capacities with respect to the

   incarceration, care, custody, health and safety of the Plaintiff, Dr. Simon Banks.

11. Defendant Brown, at all times relevant to this complaint, **(December 19, 2004 thru August 30, 2005)** had a duty to formulate, adopt, execute and maintain policies, standards, procedures and practices that were consistent with the civil rights of the prisoners, including Dr. Simon Banks, under the Fourth, Fifth and Eighth Amendment of the United States Constitution and under the laws of the United States and the District of Columbia. These necessary policies include policies to assure that prisoners are provided with proper and necessary medical treatment, and related medical care, and are not subjected to cruel and unusual punishment, and denied adequate heat in their respective living units.

12. Defendant Brown, at all times relevant to this complaint, **(December 19, 2004 thru April 30, 2005)** had a duty to formulate, adopt, execute and maintain policies, standards, procedures and practices that were consistent with the civil rights of the prisoners, including Dr. Simon Banks, under the Fourth, Fifth and Eighth Amendment of the United States Constitution and under the laws of the United States and the District of Columbia. These necessary policies include policies to assure that prisoners are provided with proper and necessary medical treatment.

13. Defendant DeVon Brown was the Director of the District of Columbia Department of Corrections and is being sued in his individual capacities. At all times relevant to this complaint, Defendant Brown was acting under color

of law in all of his capacities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Dr. Simon Banks. Defendant Brown, at all times relevant to this complaint, had a duty to formulate, adopt, execute and maintain policies, standards, procedures and practices that were consistent with the civil rights of the prisoners, including Dr. Simon Banks, under the Fourth, Fifth and Eighth Amendment of the United States Constitution and under the laws of the United States and the District of Columbia. These necessary policies include policies to assure that prisoners are provided with proper and necessary medical treatment, diabetic meals, reasonable living conditions, heat and to be free from cruel and unusual punishment.

14. Assure that prisoners are provided with proper and necessary medical treatment.

15. Defendant Dr. Fozia Abdulwahab, Medical Director DC Jail CDF Central Detention Facility, is being sued in his official capacity and individual capacity. Defendant Abdul Wahab, at all times relevant, had a duty to ensure that the Plaintiff and prisoners of the CDF, were properly staffed, properly trained and supervised, and that such personnel were sufficiently able and capable to provide the Plaintiff with appropriate adequate heat and diabetic meals.

**INTRODUCTION AND DESCRIPTION OF PROBLEM**

16. In all the acts and omissions alleged herein, all of the Defendants were acting under color of the laws, customs, and uses and by virtue of the laws of the District of Columbia and the Constitution of the United States.

17. At all times relevant herein, each and every defendant knew or should have known of the acts, omissions, and conditions alleged herein. Said acts and omissions violated Plaintiff's Constitutional and statutory rights.

18. Defendant District of Columbia was at all times relevant the employer of each of the District Defendants, and the employees and subcontractors of DC Jail (CDF) were agents of the District of Columbia whose actions are stated in this Complaint. With respect to these acts, the employees and subcontractors acted within the scope of their employment. Under the Doctrine of respondent superior, the District of Columbia, Defendant Brown and Dr. Abdulwahab were and are responsible for the acts of its subordinates, because of failure to train and supervise.

19. As Director, Defendant DeVon Brown is the policy maker for the Department of Corrections.

20. Defendant DeVon Brown has ultimate supervisory authority for all operations of the Department of Corrections.

21. Defendant DeVon Brown is ultimately responsible for the functioning of the Department of Corrections' Facilities.

22. Defendant DeVon Brown is also responsible for ensuring that each employee of the Department of Corrections discharges his or her duties in accordance with the law.

**COMPONENTS OF THE DEPARTMENT OF CORRECTIONS**

23. The District of Columbia Central Detention Facility ("D.C. Jail") is the primary facility used by the Department of Corrections to house inmates.

24. The D.C. Jail houses about 2,000 and some odd prisoners at any one time.

25. Most of the prisoners at the D.C. Jail are either pre-trial detainees, misdemeanants serving sentences, or parole and probation violators.

26. Defendant DeVon Brown was the Director of the District of Columbia Department of Corrections and is being sued in his official and individual capacities. At all times relevant to this complaint, Defendant Brown was acting under color of law in all of his capacities with respect to the incarceration, care, custody, health and safety of the Plaintiff, Dr. Simon Banks. Defendant Brown, at all times relevant to this complaint, had a duty to formulate, adopt, execute and maintain policies, standards, procedures and practices that were consistent with the civil rights of the prisoners, including Dr. Simon Banks, under the Fourth, Fifth and Eighth Amendment of the United States Constitution and under the laws of the United States and the District of Columbia. These necessary policies include policies to assure that prisoners are provided with proper and necessary diabetic meals and heat, and living conditions that does not drop below standards of decency and operate as cruel and unusual punishment.

**COUNT 1**
**DEFENDANTS DENIED PLAINTIFF CONSTITUTIONALLY REQUIRED MEDICALLY REQUIRED DIABETIC CARE AND EXPOSED THE PLAINTIFF TO EXTREMELY COLD CONDITIONS IN VIOLATION OF 42 U.S.C. § 1983**

27. The Plaintiff reallege paragraphs 1 through 26 of the complaint. Defendants violated the Plaintiff's Constitutionals Rights pursuant to the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983 when defendants

did the acts and failed to act as set forth in paragraphs 28 through 43 of the complaint, and when defendants:

28. On or about January 1, 2005 through August 30, 2006 Defendants deprived the Plaintiff of diabetic meals, periodically, causing the Plaintiff to suffer physically, presently and futuristically, and mentally and emotionally. Plaintiff submitted grievance complaint in support of this contention.

29. On or about January 1, 2005 through March, 2006, Defendants failed to provide the Plaintiff with adequate heat and caused the Plaintiff to be subjected to unusually cold temperatures, and blankets, at the DC Jail. Plaintiff submitted grievance complaints in support of this contention.

30. Defendants, individually and collectively acted with deliberate indifference to the Plaintiff's serious diabetic and need for adequate heat and blankets so that the Plaintiff would not suffer as the Plaintiff suffered, and Defendants subjected the Plaintiff to cruel and unusual punishment, when it committed acts or omissions sufficiently harmful to Plaintiff.

31. These failure to act, lack of supervision, failure to train subordinates responsible for providing Plaintiff with diabetic meals and adequate heat, and omissions evidence deliberate indifference to serious medical needs, and caused the Plaintiff to suffer pain or deprivation sufficiently serious, and the acts and omissions of the defendants were taken with sufficiently culpable state of mind.

32. Defendants, individually and collectively acted with intent to deny and/or delayed Plaintiff's medical/diabetic needs, and need for adequate heat in the unit where the Plaintiff was housed.

33. The actions and inactions of defendants in failing to provide the Plaintiff diabetic meals, adequate heat at the housing unit where the Plaintiff was house, and with adequate blankets, was wanton and intentional.

34. The inactions of the defendants in failing to treat Plaintiff's serious medical/diabetic and exposing the Plaintiff to temperatures without adequate heat, is shocking and repugnant to the conscience of mankind.

35. The defendants knew and had reason to know that the Plaintiff's medical/dental needs posed an immediate, urgent and serious case of emergency and required urgent and immediate emergency medical treatment to protect the Plaintiff against further injury, degeneration, continuing excruciating pain and lost.

36. The defendants, not withstanding their respective knowledge of the Plaintiff's immediate, urgent need for diabetic meals, and need for relief from exposure to extreme cold conditions at the facility where the Plaintiff was housed, the existence of chronic and substantial pain and continuing chronic pain, did not provide the Plaintiff with urgent, immediate medical/dental care.

37. The defendants, individually and collectively, disregarded the excessive risk and serious harm to the Plaintiff's health and continuing injury and pain, because of their respective deliberate indifference to the Plaintiff's statutory and constitutionally protected rights, when they failed to treat the Plaintiff's medical/dental condition.

38. The plaintiff was suffering and continued to suffer from lack of diabetic meals and exposure to extremely cold temperatures, despite the Plaintiff's request for diabetic meals and relief from cold temperatures where the Plaintiff was housed.

39. Defendants Brown, District, and Dr. Abdulwahab were deliberately indifferent to Plaintiff's pain and suffering and intentionally denied him medical care, thereby violating his Eighth Amendment rights.

40. The defendants acted with the requisite culpable state of mind and indifference, that caused the Plaintiff damages and injuries that it knew and ought to have known that the Plaintiff would suffer and plaintiff did suffer because of their breach of duty of care, negligence and malpractice, by failing to treat the Plaintiff's medical-diabetic needs.

41. Defendants severally, collectively and individually were personally involved in the unconstitutional deprivation of medical-diabetic meals to the Plaintiff for the Plaintiffs medical/diabetic condition.

42. Defendants severally, collectively and individually were personally involved in the unconstitutional deprivation of adequate heat at the housing facility where the Plaintiff was housed and caused the Plaintiff to be exposed to extremely cold conditions and temperatures.

43. As a consequence of the defendants omissions, and failure to act, the Plaintiff was deprived of both constitutional and federally protected rights.

**COUNT III**
**DELIBERATE INDIFFERENCE FOR FAILURE TO SUPERVISE AND TRAIN SUBORDINANTS CAUSED PLAINTIFF TO SUFFER DEPRIVATION OF MEDICAL-DIABETIC MEALS AND EXPOSURE TO COLD TEMPERATURES**

57. The Plaintiff reallege paragraphs 1 through 43.

58. Defendants Brown, District of Columbia, individually and collectively, whom possess supervisory authority and whom are members of executive management of defendant District of Columbia Government, acted with deliberate indifference to the

constitutional and statutory rights of the Plaintiff when they failed to act on information indicating unconstitutional acts were occurring and notwithstanding, they committed gross negligence in failure to supervise and train their subordinates whom committed such wrongful acts and omissions, by failing to provide the Plaintiff with medical/dental treatment for Plaintiff's serious medical needs, as set forth in paragraphs 28 through 42 of the Complaint.

59. The actions of Defendants Brown and the District, were willful and with reckless disregard and indifference to the clearly established rights of the Plaintiff of which a reasonable person would know.

## COUNT IV
### DELIBERATE INDIFFERENCE FOR FAILURE TO SUPERVISE AND TRAIN SUBORDINANTS CAUSED PLAINTIFF TO SUFFER DEPRIVATION OF DIABETIC MEALS

60. The Plaintiff reallege paragraphs 1 through 59.

61. Defendants Brown, District of Columbia, individually and collectively, whom possess supervisory authority and whom are members of executive management of defendant District of Columbia Government, acted with deliberate indifference to the constitutional and statutory rights of the Plaintiff when they failed to act on information indicating unconstitutional acts were occurring and notwithstanding, they committed failure to supervise and train their subordinates whom committed such wrongful acts and omissions, by failing to provide the Plaintiff with **prescribed dietary meals** for Plaintiff's serious diabetic medical needs.

62. As a consequence of Defendants Brown, the District and Dr. Fozia Abdulwahab failure to supervise and train subordinates, the Plaintiff suffered as set forth in paragraphs 28 through 43 and 61 of the Complaint.

## COUNT III
## VIOLATION OF EIGHTH AMENDMENT AND THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

63. The Plaintiff reallege paragraphs 1 through 62 of the complaint.

64. Defendants Brown, District of Columbia, violated the Plaintiff's Eighth Amendment Rights pursuant to the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983 when they individually and collectively, on or about January, 2005 through on or about March 20, 2006:

65. Failed to provide the Plaintiff with medical-diabetic meals and adequate heat and caused the Plaintiff suffered as set forth in paragraphs 28 through 43 and 61 of the Complaint

66. Defendants Brown, District of Columbia, knew and had reason to know that Plaintiff suffered from a serious medical-diabetic condition and that Plaintiff had a constitutional right to treatment of his serious medical condition, by being a regular recipient of diabetic meals, as prescribed by the DOC medical staff, and despite defendants Brown and the District's prior knowledge of the Plaintiff's serious medical condition and clearly established right to treatment for Plaintiff serious medical-diabetic condition, defendants Brown and the District failed to cause their respective subordinates whom were under their supervision, to make sure that the Plaintiff was provided diabetic meals as

prescribed, and to make sure that the Plaintiff was not exposed to extreme cold conditions while housed at the CDF facility.

67. Defendants Brown and the District acted with reckless indifference to Plaintiff's serious medical/diabetic condition with the intent to deny and preclude the Plaintiff from receiving diabetic meals and precluded from unreasonably suffering from extremely cold conditions and temperatures at the housing facility where the Plaintiff was housed. **Failure to provide the Plaintiff with diabetic meals.**

68. Defendants Brown, District of Columbia, District, and Dr. Abdulwahab violated the Plaintiff's Eighth Amendment Rights pursuant to the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983 when they:

69. Failed to provide the Plaintiff with **diabetic meals** prescribed by the Defendant District of Columbia, its medical and dietitian staff, to treat the Plaintiff's diabetic medical condition.

70. Defendants Brown, District of Columbia, and Department of Corrections, knew and had reason to know that Plaintiff's right to receive **diabetic meals** pursuant to defendant's medical staff diagnosis of the Plaintiff's medical condition as diabetic, was clearly established.

**Failure to provide the Plaintiff with adequate heat.**

71.   Defendants Brown, District of Columbia, and Dr. Abdulwahab violated the Plaintiff's Eighth Amendment Rights pursuant to the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. §1983 when it:

Failed to provide the Plaintiff with adequate heat and subjected the Plaintiff and other inmates of the Department of Corrections to temperatures ranging from 35 to 50 degrees during in climate weather and cold temperatures from December 21, 2004 through March 2005 and from September 1. 2005 through February 2006 at the Central Treatment Facility CTF Facility.

## DAMAGES FOR 1983 VIOLATIONS

89. The Plaintiff seek damages against Defendant Brown, District, and Dr. Abdulwahab in their individual and official capacities.

90. The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant Brown.

91. The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant District of Columbia Government.

92. The Plaintiff seeks $10 Million Dollars in actual Damages, and $20 Million Dollars in Consequential Damages and $20 Million Dollars in Punitive Damages, against defendant Dr. Abdulwahab.

WHEREFORE, Plaintiff pray that this Honorable Court grant the relief requested.

_____/s/_____