4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

2007 DEC 13 PM 7:24

RECEIVED

| | |
|---|---|
| DR. SIMON BANKS, J.D.<br>P.O. BOX 17052<br>ALEXANDRIA, VA. 22302<br><br>Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA, ET AL<br><br>Defendants | Case: 1:07-cv-02115<br>Assigned to : Lamberth, Royce C.<br>Assign. Date: 11/9/2007<br>Description: Civil Rights-<br>Non. EMPLOY |

December 12, 2007

**PLAINTIFF PROFFER OF PREJUDICE AND EVIDENCE THAT HAS BEEN EXCLUDED FROM THE ORDER DIRECTING THE FILING OF A NEW COMPLAINT CONNECTED WITH THE SEVERANCE OF THE PLAINTIFF'S OVER-DETENTION CONSTITUTIONAL CLAIMS FROM THE PLAINTIFF'S §1983 NON-OVER-DETENTION CLAIMS AND PLAINTIFF'S STATE LAW CLAIMS AND THE SEVERE PREJUDICE RESULTING FROM THE SEVERANCE**

Plaintiff's Certification pursuant to LCVR 7.2 (M)
That before filing the instant motion Plaintiff requested the Defendants' consent to the instant motion and Defendants did not give its consent

The New complaint ordered by the Court sua sponte, which arise out of the Plaintiff's Third Amended Complaint containing federal 1983 claims and the Fourth, Fifth and Fourteenth Amendment over-detention claims are judicially excluded from Plaintiff's new complaint notwithstanding these issues are inextricably intertwined and connected with the Plaintiff's Third Amended Complaint. This exclusion is memorialized in the court's order restricting the issues to be included in the new (actually the "amended

RECEIVED
DEC 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

complaint") This exclusion and severance is prejudicial to the Plaintiff's Procedural rights and substantive due process rights because the linchpin to all of the Plaintiff's 1983 Constitutional claims set forth in the "new complaint" and Plaintiff's state law/common law claims are inextricably intertwined with the Plaintiff's 1983 federal constitutional claims, and to separate the over-detention federal claims from the refiled non-over-detention federal claims and state-law claims, operate to severely prejudice the Plaintiff's entire case. (**Emphasis Added**)

 **This sequester** comes on the eve of the scheduled "Meet-and-Confer" status conference which include issues of discovery and the Plaintiff's request for a discovery scheduling conference. But for the sua sponte sequester of federal claims, the Plaintiff would have been provided a discovery scheduling conference. Rather, at the October 18, 2007 status conference, the Court inquired of the District whether it could produce a witness on the issue of exhaustion notwithstanding the fact that the District had waived this option when it failed to produce any witness to attest to its opposition based upon its defense that the Plaintiff had failed to exhaust his administrative remedies. To deny the Plaintiff discovery on one hand and on the other hand provide the District a second opportunity to bolster its defense to Plaintiff's Constitutional prison-condition claims is prejudicial to the Plaintiff and the Plaintiff object.

 Moreover, for the court to allow the District to file dispositive motion(s) challenging the legal sufficiency of the Plaintiff's non-overdetention federal constitutional claims because of lack of comparative evidence showing multiple violations, when this evidence is in the possession of the District, while suppressing discovery from the Plaintiff, is procedurally prejudicial to the Plaintiff. This process

further prejudice the federal court's retention of the Plaintiff's non-over-detention 1983 constitutional claims as well as state law claims, and is plainly wrong, an abuse of discretion, arbitrary and capricious, and strategistically place the Plaintiff's federal non-overdetention constitutional claims and Plaintiff's related state law claims in a position of peril, while simultaneously denying the Plaintiff discovery. This is an abuse of the Plaintiff's substantive rights and procedural due process rights, and operate to deprive the Plaintiff of due process of law.

**The District never submitted any affidavit in support of its claim that the Plaintiff failed to exhaust his administrative remedies and the court denied its "failure to exhaust" defense claim. The District waived the submission of any affidavit in support of its "failure to exhaust claim" and it thereby waived the "affidavit."** *See Jankovic v. Int'l Crisis Group,* 494 F.3d 1080, 1086 (D.C. Cir. 2007) (finding an issue waived because party failed to raise it before district court.

The District Court has denied Plaintiff's motion for discovery for two years and several months, without prejudice, provided the Plaintiff is able to survive the District's motion for summary judgment, notwithstanding the Plaintiff's filing of Rule 56(f) and (e) affidavits. This continual deprivation provides the District with two bites at the same apple, after having lost the first bite. This is a way around the doctrine of collateral estoppel., and triggers the doctrine of judicial estoppel and waiver.

### THE TRANSFER COURT'S SUA SPONTE, ABRUPT SEVERANCE ORDER COUPLED WITH ITS IMMEDIATE TRANSFER OF THE OVER-DETENTION ISSUE AND ORDER ORDERING A NEW COMPLAINT AND NEW COMPLAINT NUMBER, PREJUDICED PLAINTIFF'S CASE IN CHIEF, BLIND-SIDED THE PLAINTIFF AND EFFECTIVELY PRECLUDED PLAINTIFF FROM NOTING HIS OBJECTION AND MAKING THE INSTANT PROFFER OF PREJUDICE

The transfer court's sua sponte, abrupt severance order coupled with its **immediate transfer of the over-detention issue and order ordering a new complaint, requiring a new case number, and the restrictions on the new complaint ordered by the court, prejudiced Plaintiff's case in chief**; blind-sided the Plaintiff and effectively precluded Plaintiff from noting his objection and making the instant proffer of prejudice. Until a new complaint was filed there existed no case number for the instant motion. It is plain error for the court to sever the state law issues from the federal issues which all are inextricably intertwined. The Plaintiff stands to suffer irreparable harm and undue prejudice to the Plaintiff's substantive and procedural rights.

Under the Plain error standard, the court will remedy a trial court error only if there is "(1) "error," (2) that is 'plain," and (3) that'affect[s] substantial rights'..[and] (4) the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Johnson v. United States, 520 U.S. 461, 466-67 (1997)(quoting United States v. Olano, 507 U.S. 725, 732 (1993)). An error "affect[s] substantial rights" if it is "prejudicial." Olano, 507 U.S. at 734

### PREJUDICE WHERE THE DISTRICT COURT INQUIRED OF THE DISTRICT DEFENDANTS WHETHER IT HAD SOMEONE WHOM COULD PRODUCE AN AFFIDAVIT TO SHOW THAT THE APPELLANT FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES WITH RESPECT TO THE PLAINTIFF'S THREE 1998 FEDERAL CLAIMS

During the status conference on October 19, 2007, and prior to transferring the case to the instant court, the Court prejudicially inquired of the District defendants whether it had someone whom could produce an affidavit to show that the appellant failed to exhaust his administrative remedies with respect to the Plaintiff's three permitted § 1983 federal constitutional claims  This inquiry indicate an appearance of prejudicial judicial bias.

**PROFFER OF PREJUDICE RESULTING FROM THE SEVERANCE OF OVER-DETENTION CONSTITUTIONAL CLAIMS FROM STATE LAW CLAIMS AND REORGANIZATION OF THE PROCEDURAL POSTURE OF THE CASE ON THE EVE OF THE "MEET-AND-CONFER" STATUS CONFERENCE WHICH INCLUDE ISSUES OF DISCOVERY, WHILE EFFECTIVELY SUPPRESSING DISCOVERY WHEN AND WHILE SIMULTANEOUSLY AFFORDING THE DISTRICT A SECOND BITE OF THE APPLE, I.E. MOTION TO DISMISS OR SUMMARY JUDGMENT BASED UPON INABILITY TO PRODUCE NUMEROUS INSTANCES OF DENIAL OF MEDICAL/DENTAL TREATMENT, FAILURE TO PROVIDE DIABETIC MEALS TO DIABETICS, FAILURE TO PROVIDE ADEQUATE HEAT TO INMATES, AND A SECOND OPPORTUNITY FOR THE DISTRICT TO PRODUCE AN AFFIANT ON THE ISSUE OF FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Plaintiff Proffer of Prejudice resulting from the sua sponte severance of the overdetention constitutional claims from the state law claims and reorganization of the procedural posture of the case on the eve of the "meet-and-confer" status conference which include issues of discovery, while effectively, perpetually suppressing discovery when and while simultaneously affording the District Defendants a second bite of the apple, i.e. motion to dismiss or summary judgment based upon Plaintiff's probable inability to produce numerous instances of: a) denial of medical/dental treatment, and b) multiple instances of the District's failure to provide diabetic meals to diabetics, and c) multiple instances of the District's failure to provide adequate heat to inmates; as required by 28 U.S.C. § 1983 municipal liability requirements as well as affording the

District Defendants a second opportunity for the District to produce an affiant on the issue of failure to exhaust administrative remedies, which, without discovery, places the Plaintiff's entire case in a position of peril, although the District waived this affidavit, in support of its motion to dismiss Plaintiff's Third Amended Complaint, and the Court denied its motion on the basis of exhaustion in this instance. For the Court to afford the District a second opportunity while it suppress discovery, is plainly wrong and in violation of the Plaintiff's right to procedural due process. The sua sponte judicial severance of the Plaintiff's causes of action is outweighed by the severe prejudice it does to the Plaintiff's case and constitutional rights.

The Plaintiff served interrogatories and request for production of documents on the District Defendants, May, 2006.

The Plaintiff requested discovery and a discovery scheduling order on numerous occasions. See Docket Numbers: 23, 26, 48, 71, 82, 100, 105, 107, 129; See Discovery request in Docket No. 130 ~~4 5~~, "Plaintiff's Meet and Confer" Statement. Notwithstanding two years of litigation, motions for summary judgment, the Plaintiff has not been provided discovery. As a consequence the Plaintiff stands to continue to suffer extreme prejudice in not being able to perpetuate the record, simply because virtually all of the information, facts and evidence that the Plaintiff needs to respond to dispositive motions are within the possession of the District. The District has been given an unfair litigation position to the Plaintiff's prejudice.

| 06/02/2006 | 23 | MOTION to Stay *Discovery* by N. TALLY, ANTHONY WILLIAMS, GREGORY PANE. (Baker, Denise) (Entered: 06/02/2006) |
|---|---|---|
| 06/08/2006 | | 26 Memorandum in |

| | | | |
|---|---|---|---|
| | | | re 23 MOTION to Stay Discovery filed by SIMON BANKS. (jf, ) (Entered: 06/09/2006) |
| 08/22/2006 | | 48 | MOTION for Discovery Scheduling Order by SIMON BANKS. (Attachments: # 1 Text of Proposed Order)(jf, ) (Entered: 08/24/2006) |
| 11/15/2006 | | 71 | MOTION for Discovery by SIMON BANKS. (BANKS, SIMON) (Entered: 11/15/2006) |
| 11/29/2006 | | 82 | ORDER denying without prejudice plaintiff's motions 67 for mandamus, [68, 81] to stay, 69 for judicial notice, and 71 for discovery; denying 74 defendants' motion to strike; and granting 70 plaintiff's motion for an extension of time. Plaintiff shall file his opposition or other response to defendants' motions to dismiss within 20 days of entry of this Order. Signed by Judge Ellen S. Huvelle on 11/29/2006. (KF) (Entered: 11/29/2006) |
| 02/05/2007 | | 100 | STRICKEN.....MOTION for Discovery by SIMON BANKS. (Attachments: # 1 Exhibit Affidavit of Keenan Miller# 2 Exhibit Affidavit of Jerry Kidd# 3 Exhibit Affidavit of Shelly Berry# 4 Exhibit Affidavit of James Parker# 5 Exhibit Affidavit of Adam Hamilton# 6 Exhibit Affidavit of Razina Jones# 7 Exhibit Affidavit of Derrick Suggs# 8 Exhibit Affidavit of Chetonia Eldridge# 9 Exhibit Affidavit of Charles Williams# 10 Exhibit Legal Times Newspaper excerpt# 11 Exhibit Affidavit of David Peterson# 12 Exhibit Affidavit of Glendale |

| | | | |
|---|---|---|---|
| | | | McLaurin, Jr.# 13 Exhibit Cumulative Master Exhibit List filed in Barnes v DC 06-00315)(BANKS, SIMON) Modified on 2/7/2007 (jf, ). (Entered: 02/05/2007) |
| 02/06/2007 | | | ORDER striking plaintiff's Motion to Strike 98, Motion to Supplement 100, and Third Motion for Discovery 102. Signed by Judge Ellen S. Huvelle on 2/6/2007. (KF) (Entered: 02/06/2007) |
| 02/20/2007 | | 105 | MOTION for Discovery *Limited Discovery re: Caulfield, CCA, CTF* by SIMON BANKS. (Attachments: # 1 Exhibit Plf's affidavit in support of motion for limited discovery, re Caulfield)(BANKS, SIMON) (Entered: 02/20/2007) |
| 02/27/2007 | | 107 | REPLY to opposition to motion re 105 MOTION for Discovery *Limited Discovery re: Caulfield, CCA, CTF* filed by SIMON BANKS. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit)(BANKS, SIMON) (Entered: 02/27/2007) |
| 10/12/2007 | | 129 | Third MOTION for Discovery by SIMON BANKS (Attachments: # 1 Exhibit)(BANKS, SIMON) (Entered: 10/12/2007) |
| 10/15/2007 | | 130 | MEET AND CONFER STATEMENT. (Baker, Denise) (Entered: 10/15/2007) |
| 134 | *Filed*: 10/17/2007 *Entered*: 10/18/2007 | Meet and Confer Statement | |

Docket 134 is the 19-Page "Meet and Confer Statement filed by Plaintiff with 14 Exhibits.

## PLAINTIFF HAS BEEN PREJUDICED AS RESULT OF NOT HAVING FULL ECF FILING AUTHORITY

The Plaintiff, although authorized to file via ECF, has been prejudiced as the result of not having full Electronic Case Filing Authority. Because of this lack of authority, whenever the Plaintiff sought to file any pleading, such as an errata, a proffer, a notice, attachments not connected with a motion or any of the boilerplate filing designations, et cetera, the Plaintiff was required to file such pleading to the U.S. Court's generic e-mail address. This process created chaos in the clerks office, because it could understand, for some time, that if I was authorized to file ECF why could I not click on the "other" designation and receive the prompts that others whom are permitted to file ECF.

On several occasions when the designated ECF clerk was off of work or not available for other reasons, my generic filings would sat for several days before being processed. I have learned, that on such occasions, that it is better to call and alert the clerk's office, and submit a cover letter advising the ECF clerk that I do not have the authority to file documents under the other category. On at least a couple of occasions, when attachments and exhibits had to be filed, this required several filings because the exhibits and/or attachments would not automatically receive exhibit numbers showing their attachment to a specific document.

Not only have I been prejudiced, but I am sure this lack of authority places extra burdens on the ECF clerk. Albeit, because both I and the current ECF clerk as well as other clerks are alerted to this problem, we are now·is individually able to do things to assist in the necessary adjustments.

9

Wherefore, the Plaintiff request that the above-referenced objections be noted.

*/s/ Simon Banks/*

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was mailed, this 13thday of December, 2007, postage prepaid to:

Denise Baker, Esq.
Office of the Attorney General
441 4th Street, NW
Room 6S028
Washington, D.C. 20305

*/s/ Simon Banks/*

Simon Banks