UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**DR. SIMON BANKS, J.D.**           )
                                    )
       **Plaintiff**        )
                                    )
       v.                   )   Case: 1:07-cv-02115 (RCL)
                                    )
**DISTRICT OF COLUMBIA, et al.**    )
                                    )
                                    )
       **Defendants**       )
_____)


**DISTRICT DEFENDANTS RESPONSE TO PLAINTIFF'S PROFFER OF PREJUDICE AND EVIDENCE THAT HAS BEEN EXCLUDED FROM THE ORDER DIRECTING THE FILING OF A NEW COMPLAINT CONNECTED WITH THE SEVERANCE OF THE PLAINTIFF'S OVER-DETENTION CONSTITUTIONAL CLAIMS FROM THE PLAINTIFF'S §1983 NON-OVER-DETENTION CLAIMS AND PLAINTIFF'S STATE LAW CLAIMS AND THE SEVERE PREJUDICE RESULTING FROM THE SEVERANCE**


**I.   INTRODUCTION**

This alleged motion[1], framed as a "proffer of prejudice," is procedurally, administratively, and substantively inappropriate. Procedurally, the parties are not in an evidentiary hearing or trial; therefore, a proffer, assumedly pursuant to Fed. R. Civ. Pro. 403, is inappropriate. Administratively, this "proffer" is filed in the wrong case since it complains of matters decided by the Honorable Ellen S. Huvelle (Case 1:05-cv-01514-ESH Document 120 Filed 09/17/2007, hereinafter "Huvelle Order"), but seeks the collateral determination of the Honorable Royce C. Lamberth in the above-captioned

---

[1] District Defendants respond to this "pleading" as a motion since Plaintiff includes in the document's preface that he attempted to obtain LCVR 7 (M) consent from the District Defendants.

case. Substantively, Plaintiff's proffer alleges that his federal 1983 claims and the Fourth, Fifth and Fourteenth Amendment over-detention claims, now embodied in civil action 05-1514, should not have been severed by the Court. Thus, Plaintiff seeks to usurp the managerial role of the judge, whose job it is to oversee the smooth and economical administration of justice.

This Court is authorized to sever causes and claims for the appropriate administration and efficiencies. Plaintiff is not authorized to mischaracterize what can only be described as a "mini-appeal" of the Court's Order, by labelling it a "Proffer of Prejudice" and seeking a hearing on the merits of the Court's discretion to manage its caseload. Plaintiff's attempt to thwart the orderly administration of justice must be quashed.

II.     LEGAL ARGUMENT

   1.     *A Proffer of Prejudice is Procedurally Improper*

Preliminarily stated, there is no dispositive motion pending, no evidentiary hearing, no interlocutory appeal, and, in fact, no bases for either party to present "evidence" to this Court about what occurred at the October 19, 2007 status conference. That said, there are no evidentiary issues of admissibility, such as relevance, truthfulness, or prejudice, for this Court to decide *sub judice*. *See Black's Law Dictionary,* 1090 (5th ed. 1979) (The word "Proffer" means "[T]o offer or tender, as, the production of a document and offer of the same in evidence."). *See, e.g.*, 29 Am. Jur. 2d Evidence § 427 (2007)(A specific articulation of the relevant purpose and specific inferences to be drawn from each **proffer of evidence** of other acts will enable the trial court to more accurately

make an informed decision and weigh the probative value of such evidence against the risks of prejudice specified in Federal Rules of Evidence 403.).

As previously stated, the October 19, 2007 hearing was only a status conference. No one was sworn and no testimony taken. Thus, a "proffer" is inappropriate. There is no "record" to supplement and no admissibility to determine, which begs the question as to why Plaintiff believes that he has the right to assert this pleading for the court's consideration.

Even more problematic is the fact that Plaintiff makes this "proffer," yet fails to do so by sworn affidavit or even declaration. This lack of reliability and sworn testimony is exactly the circumstance that Plaintiff complains of in the proffer (See Plaintiff's Proffer, page 3 "District never submitted any affidavit in support of its claim . . . ."). Plaintiff who lives by the sword should die by the sword. This Court should not find Plaintiff's proffer of prejudice persuasive in the absence of a sworn affidavit in support thereof.

### 2.     *The Court has an Inherent Right to manage its Docket*

Plaintiff's administrative argument that he is prejudiced by the Court's severance and transfer of several causes to another judge flies in the face of the Court's inherent, constitutional right to manage the court's docket. U.S. Const. art. III.; Fed R. Civ. Pro. Rule 1. Complaints that the trial court judge committed plain error by the severance are resolved by the appellate court **after** the conclusion of the case—not at this stage of the proceedings.

Plaintiff cannot do an "end run" around the Huvelle Order by proffering or giving evidence to another federal judge, or asking a different federal trial judge to make legal

3

determinations. Such a collateral attack is improper, and should be the subject of sanctions against this Plaintiff.

### III. CONCLUSION

For the reasons set forth above, this Court should strike this pleading, deny the motion, and grant to the District Defendants any and all relief deemed necessary and proper.

        **Respectfully submitted,**

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Ellen A. Efros
        ELLEN A. EFROS
        Chief, Equity I

        /s/ Denise J. Baker
        DENISE J. BAKER
        Assistant Attorney General
        441 Fourth Street, N.W., Suite 6S079
        Washington, D.C. 20001
        (202) 442-9887 (telephone)
        (202) 727-3625 (fax)