UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SIMON BANKS, J.D. )<br>P.O. BOX 17052 )<br>ALEXANDRIA, VA. 22302 )<br> )<br>Plaintiff )<br> )<br>v. )<br> )<br>DISTRICT OF COLUMBIA, ET AL )<br> )<br>Defendants ) | Case: 1:07-cv-02115<br>Reassigned to : Judge Huvelle<br>Date: Reassigned: 12-11-2007<br>Description: Civil Rights-<br>Non. EMPLOY |

December 17, 2007

PLAINTIFF'S MOTION FOR CM/ECF PASSWORD

PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
That before filing his motion Plaintiff requested defendant's consent
To the relief requested in such motion and defendants did Give their consent to the
relief requested in the motion via counsel

Comes now Dr. Simon Banks, J.D., Plaintiff and submit Motion for CM/ECF Password, and in support the Plaintiff cites the following:

1. Plaintiff has access to the internet through Comcast and MSN. The Plaintiff has had access to the internet since 1994 and the Plaintiff, as the designated representative of contested parties in EEOC administrative trials,[1] and administrative hearings before the United States Merit Systems Protector Board, has submitted discovery, appeals, complaints, memorandum of law and other legal pleadings in connection with the

---
[1] Pursuant to 29 C.F.R §1614.605, EEOC Management Directive 110 (MD-110)

RECEIVED
DEC 17 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

       Plaintiff's representation of attorneys, FBI employees, Secret Service Employees, IRS employees and other various government employees throughout the United States, Europe and Okinawa, Japan, where the Plaintiff represented government employees before administrative judges of the United States Equal Employment Opportunity Commission [EEOC], the United States Merit Systems Protection Board [MSPB], the United States Department of Labor, and at and before the various administrative agencies of the United States, via electronic filings (e-Mail).

2.    The Plaintiff has received and responded to electronic orders issued by administrative judges of the EEOC, the MSPB, in Texas, California, Mississippi, Florida, Ohio, Michigan, Illinois, Alaska, and as far away as Okinawa, Japan. Moreover, the Plaintiff has received and responded to electronic filings issued by attorneys representing the Federal Bureau of Investigation, the United States Department of Justice, and of the other various administrative agencies of the United States for in excess of 15 years.

3.    The Plaintiff has received and responded to electronic filings of the Assistant Attorney Generals representing the defendants in the instant case.

4.    The Plaintiff has had ECF authority since August, 2006, and the Plaintiff has participated in the authoring and being a recipient and respondent of ECF filings filed by parties in *Banks v. York*, et al, 05-1514 since July

2006 which involve many pleadings. This authority existed prior to the court's severance of non-overdetention constitutional issues from over-detention issues resulting in the requirement that a new complaint be filed and notice by the clerk of court that the Plaintiff is also required to refile for ECF authority rather than ECF authority being grand-fathered in because the instant case arise from *Banks v. York, et al, Id.*

5. Prior to being previously approved for CM/ECF authority, the Plaintiff completed CM/ECF training provided by the Clerk's office for electronic filers.

6. The Plaintiff does, however, request that the Plaintiff be afforded full and complete ECF filing authority, because of inability to file pleadings not listed on the ECF boilerplates including proffers, notices, notice of filings, et cetera, require the Plaintiff to initiate a generic filing which has caused some confusion with the clerk's office. Moreover, such filings may not be lodged for as late as a week when the ECF clerk is off duty for various reasons, and when there is confusion. In addition, generic filings which contain exhibits or attachments, have to be repeated repeatedly when there are a number of exhibits. The exhibits are not automatically given an exhibit number and are not automatically docketed as being attached to the designated "Main" pleading. Such generic filings create extra work for the clerk's office even when the filer brings in a disk containing the filings.

3

7. Plaintiff will continue to govern himself in accordance with the requirements of Rule 11 and all ethical requirements governing attorneys, and will not file frivolous, redundant pleadings or otherwise abuse this privilege. The Plaintiff is an experience ECF filer.

WHEREFORE, Plaintiff submit that the relief prayed for be granted.

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,


## CERTIFICATE OF SERVICE

I, hereby certify that a copy of this pleading, was transmitted via e-mail this 17th day of December, 2007, to the following:


**VIA EMAIL TO**
**Denise.baker@dc.gov**
Denise J. Baker,
Assistant Attorney General, DC
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 442-9887

_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
drsbanks@msn.com,