UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
DR. SIMON BANKS, J.D.                   )
                                        )
       Plaintiff                        )
                                        )
       v.                               )   Case: 1:07-cv-02115 (ESH)
                                        )
DISTRICT OF COLUMBIA, et al.            )
                                        )
                                        )
       Defendants                       )
_____)

**DISTRICT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION PURSUANT TO RULE 56(f) DISCOVERY AND CONTINUANCE TO RESPOND TO DEFENDANTS' MOTIONS TO DISMISS AND FOR SANCTIONS [DKT. NOS. 7-8]**

    Defendants oppose Plaintiff's motion pursuant to Fed. R. Civ. Pro. 56(f) and his motion for continuance, respectively, for the reasons set forth below. Plaintiff's motion to extend time to respond to the Defendants' motions should be denied for the following reasons:

    *I.    Plaintiff's Motion Pursuant to Fed. R. Civ. Pro. 56(f) should be denied*

    The case number for the above-captioned matter was 05-1514 until on October 19, 2007, the Honorable Ellen S. Huvelle transferred a portion of the case to the Honorable Royce C. Lamberth as a related matter to *Barnes v. DC*, no. 06-315. This fact is relevant to the disposition of this motion because one look at the previous docket entries for civil action no. 05-1514 evidences that Plaintiff has brought at least six (6) prior variations on his scheme to obtain discovery prior to the time provided by the federal rules before this Court, only to have them denied. (*See* Dkt. 48, 66, 71, 79, 105, 129). This is not the first time that he has filed a stay or continuance when a motion to dismiss is pending. (See Dkt. 28, 34, 68)

    Plaintiff should not be rewarded for his continued, persistent harassment of Defendants and extraordinary waste of this Court's judicial resources. The rules of court make clear the

order and process that should occur in the orderly disposition of civil actions. Fed. R. Civ. Pro. 16 and 26.

Relevant portions of the civil action no. 05-1514 docket are set forth below, and show the persistent pattern that Plaintiff exhibits with respect to his repeated demands for discovery, and motions to continue or delay after receipt of a motion to dismiss:

| | | |
|---|---|---|
| 06/16/2006 | 34 | ORDER denying as moot 31 defendants' Motion for Extension of Time to File Response to plaintiff's motions to amend and to stay, denying without prejudice 16 defendants' Motion to Dismiss, granting 23 defendants' Motion to Stay Discovery, denying as moot 25 plaintiff's Motion to Amend the complaint, denying as moot 28 plaintiff's Motion to Stay consideration of defendants' motion to dismiss. Signed by Judge Ellen S. Huvelle on 6/16/06. (ms, ) (Entered: 06/16/2006) |
| 08/22/2006 | 48 | MOTION for Discovery Scheduling Order by SIMON BANKS. (Attachments: # 1 Text of Proposed Order)(jf, ) (Entered: 08/24/2006) |
| 09/18/2006 | 53 | ORDER denying 52 plaintiff's Motion to File Supplement to Third Amended Complaint, denying without prejudice 48 plaintiff's Motion for Discovery Scheduling Order, and granting 51 certain defendants' Motion to Enlarge Time. . . .. |
| 11/13/2006 | 66 | AFFIDAVIT in Support of Rule 56(f) Motion re 60 MOTION to Dismiss *Third Amended Complaint*, 55 MOTION to Dismiss *Third Amended Complaint Plaintiff's Rule 56(f) Affidavit* filed by SIMON BANKS. (BANKS, SIMON) Modified on 11/14/2006 (nmw, ). (Entered: 11/13/2006) |
| 11/14/2006 | 68 | MOTION to Stay re 65 Affidavit by SIMON BANKS. (BANKS, SIMON) (Entered: 11/14/2006) |
| 11/15/2006 | 71 | MOTION for Discovery by SIMON BANKS. (BANKS, SIMON) (Entered: 11/15/2006) |
| 11/20/2006 | 79 | MEMORANDUM re 66 of Law in Support of Rule 56(f) Motion filed by SIMON BANKS, by SIMON BANKS. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8)(nmw, ) (Entered: 11/28/2006) |
| 02/20/2007 | 105 | MOTION for Discovery *Limited Discovery re: Caulfield, CCA, CTF* by SIMON BANKS. (Attachments: # 1 Exhibit Plf's affidavit in support of motion for limited discovery, re Caulfield)(BANKS, SIMON) (Entered: 02/20/2007) |

2

| 03/14/2007 | 110 | ORDER granting 103 plaintiff's motion for an extension of time nunc pro tunc; denying 105 plaintiff's motion for discovery. . .. |
| --- | --- | --- |
| 10/12/2007 | 129 | Third MOTION for Discovery by SIMON BANKS (Attachments: # 1 Exhibit)(BANKS, SIMON) (Entered: 10/12/2007) |
| 10/18/2007 |  | MINUTE ORDER denying without prejudice 129 Plaintiff's Third Motion for Discovery and a Discovery Scheduling Order. Signed by Judge Ellen S. Huvelle on 10/18/2007. (KF) (Entered: 10/18/2007) |

This Court should not order discovery or permit the discovery process to commence until resolution of the District Defendants' pending dispositive motion. In fact, Fed. R. Civ. Pro. 16 and 26 presume an orderly course of action for the discovery process, which Plaintiff seeks to obviate by hastening discovery before the adjudication of the pending dispositive motion.

The underlying motion to dismiss is based upon Plaintiff's failure to allege that he suffered any specific physical injury, and is, therefore, barred from recovering damages pursuant to the provision of the Prison Litigation Reform Act that prohibits recovery for mental or emotional injury in the absence of physical injury. *42 U.S.C. § 1997e(e).* There is no additional discovery that disproves this fact. That section provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a showing of physical injury." That section has been deemed constitutional. *Davis v. District of Columbia, 158 F.3d 1342 (D.C.Cir. 1998).*

Plaintiff also failed to comply with the administrative hearing process required to sustain his claims under the Prison Litigation Reform Act. There is no additional discovery that disproves that he failed to comply with the administrative process; and, in fact, a motion to dismiss has been granted to another defendant on these same grounds in this case. (Dkt. No. 121 civil action no. 05-1514, September 17, 2007)

If the motion to dismiss is granted, discovery prior to the Court's decision will result in an unnecessary expenditure of the time, resources, and energy of the parties and the Court. To avoid such a result, courts in this and other jurisdictions routinely grant motions to stay discovery until a dispositive motion is decided by the trial court. *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (*citing Anderson v. United States Attorneys Office*, No. Civ.A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). *See also Chavous, supra*, at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" (citations omitted). In summary, this Court should deny Plaintiff's request to obtain discovery prior to the disposition of Defendants' Motion to Dismiss in order to promote judicial efficiency and economy since the disposition of the case by motion would preclude the need for discovery.

## II.    *Plaintiff's Motion for a Continuance to respond to Defendants' Motion to Dismiss and for Sanctions should be denied*

Currently pending before this Court is Plaintiff's motion for extension of time. (Dkt. No. 16). Even before a ruling on that Motion, Plaintiff moves this Court for a continuance herein. Thus, Plaintiff has bootstrapped a motion for extension of time to his Rule 56(f) motion in order to again delay the judicial proceedings. All three motions should be denied.

Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time, however, any extension of a time limitation must be "for cause shown." *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 896 (1990). District

Defendants submit that this request for a "continuance" is merely another delay tactic by Plaintiff to begin the discovery process out of time, and thwart the orderly discovery process envisioned by the Federal Rules of Procedure. Fed. R. Civ. Pro. 16 and 26.

There is no doubt that Plaintiff wants voluminous documents that he believes will somehow vindicate his rights. However, no amount of petulance, repetitious complaints or motions, should garner his desired relief out of turn.

WHEREFORE, Defendants request that the relief sought by this Motion be denied and that the outstanding motions to dismiss and for sanctions be granted in Defendants' failure for Plaintiff's failure to timely respond to the outstanding motion to dismiss and motion for sanctions.

Respectfully submitted,

PETER NICKLES SINGER
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER 493414
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)
Denise.baker@dc.gov

5

CERTIFICATE OF SERVICE

The District Defendants served their opposition to plaintiff's motion for 56(f) discovery and for a continuance on February 8, 2008 by electronic mail at DRSimon Banks [drsbanks@msn.com].

__/S/_____
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest
6th Floor South
Washington, D.C. 20001
202-442-9887
Denise.baker@dc.gov