# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
**DR. SIMON BANKS, J.D.**                )
**P.O. BOX 17052**                       )
**ALEXANDRIA, VA. 22302**                )
                                        )
                    **Plaintiff**        )
                                        )
**v.**                                   )        **Case: 1:07-cv-02115 (ESH)**
                                        )
**DISTRICT OF COLUMBIA, ET AL**          )
                                        )
                                        )        **February 27, 2008**
                    **Defendants**       )


## PLAINTIFF'S REPLY TO DISTRICT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DISTRICT MOTION TO DISMISS AND FOR SANCTIONS

Come now Simon Banks, Plaintiff and submit reply to the District and Devon Brown (District Defendants) response to Plaintiff's Opposition to District Motion to Dismiss and for Sanctions, and in support cite the following:

The Plaintiff incorporate by reference Plaintiff's Memorandum of Law in Support of Plaintiff's reply to the District and Devon Brown (District Defendants) response to Plaintiff's Opposition to District Motion to Dismiss and for Sanctions.

The Plaintiff incorporate by reference Plaintiff's Motion to Recuse this Honorable Court, Judge Huvelle.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
703 965-5637
Email: disbands@msn.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                         )
**DR. SIMON BANKS, J.D.**                )
**P.O. BOX 17052**                       )
**ALEXANDRIA, VA. 22302**                )
                                         )
                         **Plaintiff**   )
                                         )
**v.**                                   )          **Case: 1:07-cv-02115 (ESH)**
                                         )
**DISTRICT OF COLUMBIA, ET AL**          )
                                         )
                                         )          **February 27, 2008**
                         **Defendants**  )


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY TO DISTRICT'S RESPONSE TO PLAINTIFF'S OPPOSITION TO DISTRICT MOTION TO DISMISS AND FOR SANCTIONS

Come now Simon Banks, Plaintiff and submit reply to the District and Devon Brown (District Defendants) response to Plaintiff's Opposition to District Motion to Dismiss and for Sanctions, and in support cite the following:

A.      While the Plaintiff reserve his right to submit response to the District's Motion to Dismiss and for Sanctions subsequent to the Court affording the Plaintiff Discovery, the Plaintiff state that the District has not provided this court with a legitimate, factual basis for the Court to subject the Plaintiff to the severe sanctions sought, i.e. to deny the Plaintiff access to the United States District Court on the same basis as any citizen of the United States, when and while the record is clear and without dispute that the Plaintiff filed the initial case which this instant case derived from, *Simon Banks v. Elwood York, et al*, 05-1514 (ESH), and the Plaintiff filed this instant case, in good faith in an attempt to comply to the fullest extent required by this Honorable Court,

although the Plaintiff was denied the right to file a motion for clarification of discrepancies that the Plaintiff had but could not file motion for clarification, because the Court ordered the Plaintiff not to file any pleading until the Court ruled upon the District's Motion to Dismiss and for Sanctions.

B.     The Plaintiff has suffered and is likely to suffer severe prejudice to the Plaintiff's Constitutional right to a fair trial because of the untenable litigation position that the Court has placed the Plaintiff in, and the Plaintiff further request that this Honorable Court recuse for the following reasons:   See Plaintiff's Motion to Recuse the Honorable Judge Ellen S. Huvelle.

1.     The Plaintiff is concerned that this Honorable Court is encumbered with a predisposition of bias, a conflict of interest, this court's friendship and/or collegial relationship with Judge Noel Anketell Kramer and Chief Judge Annice Wagner, of the District of Columbia Court of Appeals.  Moreover, the Plaintiff believe that this Honorable Court has exhibited actions that indicate that this court is possessed with a predisposition of bias against the Plaintiff, in favor of the District.  This concern is triggered by what appear to Plaintiff to be a long-term relationship with Judges Kramer, Wagner, and the Honorable Ann O'Regan Keary, whom have engaged in a conspiracy to deprive the Plaintiff of civil rights and to cover up judicial abuse of power exercised by Judges Kramer and Wagner, in retaliation against the Plaintiff for Petitioning Congress for Redress, and for Petitioning the United States Department of Justice, and the Courts for redress for judicial corruption that abusively, fraudulently wrongfully placed the Plaintiff in incarceration for two years and 40 days, and to cover-up the pattern and practice of the abuses that the Plaintiff has suffered from the misuse of judicial power of

the District of Columbia Court of Appeals, specifically, Judges John Gallagher, Judge

Richard Levie, Judge Annice Wagner, Judge John Ferren, in conspiracy with James

Schaller, Stuart Pierson [Chairmen of the District of Columbia Committee on

Unauthorized Practice of Law], Thomas Zeno, and John Griffith, AUSA, and Elliott

Casey, Assistant Commonwealth Attorney for the City of Alexandria, whom suppressed

from the Appellant hundreds of the Plaintiff's client files, and subjected the Plaintiff to a

false and fraudulent prosecution, in retaliation against the Plaintiff for Petitioning

Government for redress, under the guise that the Plaintiff use the title "Hearing

Examiner" and "Former Administrative Law Judge" to mislead Plaintiff's clients into

believing that the Plaintiff is licensed to practice law, although no state bar license is

required to practice law before administrative agencies of the United States such as the

United States EEOC, and the United States Merit Systems Protection Board, where the

Plaintiff has practice before for over some 24 years off-and-on.

    2.    When Plaintiff notified the District defendants through their counsel,

Denise Baker, prior to filing motion as require by this Court's Local Rules, that the

Plaintiff propose to file a 4th Amended complaint in the case upon which this case arose

out of, *Simon Banks v. York, et al,* 04-1514 [ESH], Denise Baker, District's counsel filed

a sham pretextual motion as a smokescreen to disguise the fact that she was alerting the

court to do something to stop the Plaintiff from filing the motion, this Honorable Court

issued an order immediately ordering the Plaintiff not to file any pleading until the court

ruled upon the District defendants' motion to dismiss Plaintiff's Third Amended

Complaint.

    3.    Subsequent to this Honorable Court denying in part the District's Motion

to Dismiss Plaintiff's Third Amended Complaint, the parties were ordered to engage in a "Meet and Confer conference" for the upcoming status hearing in *Simon Banks v. York, et al,* 04-1514 [ESH]. At the status hearing regarding the Meet and confer proceedings, the Plaintiff filed his Meet and Confer, Rule 16 Statement citing the need for discovery. However, at the status conference this Honorable Court, as the Chair of the Court's Case Management Committee, transferred the issue of over-detention to the Honorable Royce C. Lamberth, and ordered the Plaintiff to file a new complaint, where a new case number was assigned.

4.    Pursuant to the Court's instructions, a new case number was assigned to the new complaint filed by the Plaintiff, and the new case was assigned to this Honorable Court.

5.    Subsequent to reassigning and severing the over-detention issues from the non-over-detention issues, this Honorable Court as Chair of the Court's Case Management Committee, reassigned and transferred to Judge Royce Lamberth the non-over-detention issues, all issues now before the Honorable Royce C. Lamberth in *Simon Banks v. York, et al,* 04-1514 [ESH].

6.    During this, the above-reference occurrence, the Plaintiff filed exhibits in support of the Plaintiff's Motion for Rehearing En Banc, appealing the decision of Judge Annice Wagner and the per curiam panel in *In re Simon Banks, 04-SP-789 (D.C. Court of Appeals), (erroneously titled Simon Banks v. United States, 04-SP-789)* citing egregious judicial misconduct of Judges Noel Anketell Kramer and former Chief Judge Annice Wagner, whom served on previous panels involving the Plaintiff, whom appointed the investigator, Stuart Pierson, the Prosecutor, Thomas Zeno, AUSA, the Trial

Judge, Judge Noel Anketell Kramer, and whom also appointed the Plaintiff's two appellate counsels, Ed Sullivan, a candidate for Magistrate Judge, at all times relevant, and Attorney Cynthia Nordone, who waived 99 assignment of errors demanded by the Plaintiff and whom the Plaintiff attempted to terminate for some 16 months, and then Chief Judge Annice Wagner appointed Judge Ann O'Regan Keary, to hear and decide the Plaintiff's Emergency Motion for release and correction of sentence pursuant to D.C. Code 23-110, who ordered the Plaintiff to file response to her show cause order by June 21, 2006k, and who did not reach a decision on the Plaintiff's response and motion until after some 18 months, then she adopted the decision issued by Judge Annice Wagner. Judge Wagner was the promoter of Judge Kramer and appeared with her at Judge Kramer's confirmation hearing.

7.     In Plaintiff's Petition for Rehearing en banc and in Plaintiff's Petition to direct the Honorable Ann O'Regan Keary to issue a decision on the Plaintiff's emergency DC Code 23-110 Motion, after over one year and several months, the Plaintiff cited the perjurious testimony of Judge Anketell Kramer before the United States Congress where she listed the Plaintiff as her most important case but could not remember the Plaintiff suit against her in the Eastern District of Virginia seeking declaratory and injunctive relief, and Plaintiff's complaint filed against her and Judge Annice Wagner with the DC Judicial Tenure Commission.

8.     Implicit in Plaintiff's appeal briefs In Simon Banks v. United States *Id* was Plaintiff's notice that the Plaintiff will sue to force the United States Attorney General to inter the case and remove the United States as a defendant in this misdemeanor-prior-speech restraint contempt case, coupled with Judge Kramer's

exposure off the bench when she was testifying before the United States Congress and using the Plaintiff as the catalyst for her elevation to the District of Columbia Court of Appeals, a reward for punishing Plaintiff for suing her and Judge Wagner and bringing several complaints against Judge Annice Wagner before the DC Judicial Tenure Commission.  Plaintiff's exposure to retaliation includes the following:

9.      See Plaintiff's Exhibits filed with the District of Columbia Court of Appeals to show the basis for the Plaintiff's claim of retaliation, filed in Simon Banks v. United States *Id.*

10.     See Plaintiff's Exhibits to Plaintiff's Motion for Default judgment, and Plaintiff's Motion to Strike the District's Motion to Dismiss and for Sanctions filed in *Simon Banks v. York, et al*. 05-1514

11.     See Plaintiff's Reply to District's response to Plaintiff motion to strike District and defendant Brown's Answer to Plaintiff's Third Amended Complaint. Docket 153. *Simon Banks v. York, et al*. 05-1514

12.     See District's Answer to Plaintiff's Third Amended Complaint, Docket 141, filed 12-19-2007. *Simon Banks v. York, et al*. 05-1514

13.     See Plaintiff's Response and objection to the District's Notice to the clerk to withdraw District's Motion to Dismiss and for Sanctions.*Simon Banks v. York, et al*. 05-1514

14.     These filings by the District's counsel, are in violation of Rule 11 and are extreme and abusive filings that warrant harsh sanctions, not the filings of the Plaintiff which were filed in good faith.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
703 965-5637
Email: disbands@msn.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| SIMON BANKS, ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No. 05-1514 (RCL) |
| ) | Royce C. Lamberth, Judge |
| S. ELWOOD YORK, JR., ET AL. ) | |
| ) | |
| **Defendants** ) | December 19, 2007 |
| _____ ) | |


### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
### PURSUANT TO FEDERAL RULE CIVIL PROCEDURE 55(b)


PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
That before filing his motion Applicant requested the parties consent
To the relief requested in such motion and the Defendants District of Columbia and
Devon Brown do not consent to the Relief Requested

Comes now Simon Banks, Plaintiff, and Motion this Honorable Court for Default

Judgment against Defendants District of Columbia and Devon Brown, and in support cite

the following:

The Plaintiff incorporate by reference Plaintiff's Memorandum of Law In Support

of Motion for Default Judgment.

The Plaintiff incorporate by reference Plaintiff's Affidavit (Affidavit of Simon

Banks) in support of the Motion for Default Judgment.


_____/s/_____

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIMON BANKS,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Civil Action No. 05-1514 (RCL)** |
| ) | **Royce C. Lamberth, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** ) | |
| ) | |
| **Defendants** ) | **December 19, 2007** |
| ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO RULE 55(b), FED. RULES CIVIL PROCEDURE

Comes now Simon Banks, Plaintiff, and submit Memorandum of Law In Support of Plaintiff's Motion this Honorable Court for Default Judgment against Defendants District of Columbia and Devon Brown, pursuant to Fed. R. Civ. P. 55(b) and in support cite the following:

This Honorable Court issued an Order, Document 120, on 09/17/2007 at 2, requiring the defendants District of Columbia and Devon Brown to answer Plaintiff's Third Amended Complaint on or before October 1, 2007.

Defendants District of Columbia and Devon Brown did not file an Answer to Plaintiff's Third Amended Complaint as ordered, and the District of Columbia and Devon Brown are in default.

Defendant District of Columbia and Defendant Brown were properly served by service of process.

Defendant District of Columbia and Defendant Brown are not minors or incompetent.

As Plaintiff's claims for compensatory and punitive damages are not for a sum certain, Plaintiff hereby request an evidentiary hearing pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure to establish his entitlement to damages.

Due to the importance of this case, Plaintiff plan to present the testimony of the Plaintiff and other witnesses, as well as documentation, about the damages Plaintiff have suffered and the reprehensible and heinous nature of Defendants actions.

**WHEREFORE,** Plaintiff pray that this Honorable Court grant default judgment against the District of Columbia and Devon Brown.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                        )
**SIMON BANKS,**                                )
                                                        )
                         **Plaintiff**             )
                                                        )
**v.**                                                 )        **Civil Action No. 05-1514 (ESH)**
                                                        )        **Ellen Segal Huvelle, Judge**
**S. ELWOOD YORK, JR., ET AL.**        )
                                                        )
                         **Defendants**         )        **December _____, 2007**
_____)

**ORDER**

Upon consideration of the Plaintiff's Motion for Default Judgment, it is hereby,

this _____day of December, 2007,

**HEREBY,**
**GRANTED**.

_____
Royce C. Lamberth,
United States Judge

Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

**Denise J. Baker**
Office of the General Counsel
441 4th Street, NW
Room 6S028
Washington, DC 20001

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D. | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case: 1:05-cv-1514 (RCL)** |
| | ) | |
| **S. ELWOOD YORK, JR., et al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |

_____)

## DISTRICT DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS

Pursuant to Fed. R. Civ. P. 11 and12(b)(1)(6), and for the reasons set forth in the accompanying memorandum of points and authorities, the District of Columbia (hereinafter "the District") and Devon Brown (hereinafter "Director Brown"), a District official sued in his individual and official capacities, by and through undersigned counsel, move this Court for an order dismissing this complaint against them on the grounds that:

(a) The complaint violates an order of this court issued on September 17, 2007 by the Honorable Ellen S. Huvelle, which specifically limited the claims that could be lodged by stating,

> [p]laintiff may continue to pursue against the District of Columbia (1) his Section 1983 claim for overdetention; (2) his Eighth Amendment claims based on the denial of a diabetic diet and the lack of heat at the D.C. Jail; (3) his claim regarding the opening of his legal mail outside of his presence; and (4) his negligent training and supervision claims. Plaintiff may also continue to pursue his Section 1983 claim for overdetention and his negligent training and supervision claims against Devon Brown in his individual capacity. (Case 1:05-cv-01514-ESH Document 120 Filed 09/17/2007) (hereinafter "Huvelle Order")

(b) Plaintiff violates the Huvelle Order by

    a.    Making allegations against Director Brown in his official capacity;

1

    b.  Making allegations against Director Brown for denial of medical care (Count I);

    c.  Making allegations against Director Brown for lack of heat (Count I);

    d.  Making Deliberate Indifference claims against Director Brown for lack of heat (Count III);

    e.  Making Deliberate Indifference claims against Director Brown for deprivations of medical-diabetic meals (Count III);

    f.  Making Deliberate Indifference claims against Director Brown for deprivation of diabetic meals repeated (Count IV);

    g.  Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the third time for failure to provide diabetic meals (also nominated Count III for a second time);

    h.  Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the second time for failure to provide adequate heat (also nominated Count III for a second time);

(c) The complaint fails to state a claim upon which relief may be granted against the District of Columbia under Count III (second Count III, page 13) since the 14th Amendment to the U.S. Constitution is not made applicable to the District of Columbia;

(d) Plaintiff waived his claim for alleged opened mail outside his presence by failing to allege said claim pursuant to the Huvelle Order, and as such, District Defendants seek a ruling that the claim is dismissed with prejudice;

(e) The legal doctrine of *non sui juris* prohibits suit against Director Brown in his official capacity;

(f) Plaintiff's contempt of this court's order and contumacious practices warrant sanctions pursuant to Federal Rule of Civil Procedure 11 and this Court's equitable powers;

(g) Plaintiff failed to exhaust administrative remedies.

    A proposed order is attached.

Respectfully submitted,

LINDA SINGER
 Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

## CERTIFICATE PURSUANT TO LCvR 12-I

The undersigned counsel hereby certifies that on December 14, 2007, she email counsel of the defendants' intention to file this motion to dismiss, to which Plaintiff has not responded and it is assumed that the motion is opposed.

/s/ Denise J. Baker
DENISE J. BAKER 493414
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)
Denise.Baker@dc.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
**DR. SIMON BANKS, J.D.**                 )
                                                          )
        **Plaintiff**                       )
                                                          )
        **v.**                                  )          **Case: 1:05-cv-1514 (RCL)**
                                                          )
**S. ELWOOD YORK, JR., et al.,**         )
                                                          )
                                                          )
        **Defendants**                  )
_____)


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DISTRICT DEFENDANTS' MOTION TO DISMISS AND FOR SANCTIONS**


    **I.  INTRODUCTION**

        Undersigned counsel sparred repeatedly against three (3) amended complaints, which

alleged a plethora of institutional wrongs brought against Defendants by Plaintiff, Simon Banks,

(hereinafter "Banks" or "Plaintiff") under separate caption.  (See docket Case 1:05-cv-01514-

ESH).  After several years of struggle, the litigation resulted in a succinct order of this Court,

which stated, inter alia:

> [p]laintiff may continue to pursue against the District of Columbia (1) his
> Section 1983 claim for overdetention; (2) his Eighth Amendment claims
> based on the denial of a diabetic diet and the lack of heat at the D.C. Jail;
> (3) his claim regarding the opening of his legal mail outside of his presence;
> and (4) his negligent training and supervision claims. Plaintiff may also
> continue to pursue his Section 1983 claim for overdetention and his
> negligent training and supervision claims against Devon Brown in his
> individual capacity.

(Case 1:05-cv-01514-ESH Document 120 Filed 09/17/2007) (hereinafter "Huvelle
Order" attached hereto as Exhibit "A")

4

Plaintiff, for reasons known only to him, has taken a contemptuous view of the Order, and arguably, **this Court**, by nevertheless bringing claims precluded by the clear language of the Huvelle Order.

In addition, Plaintiff brings claims against the District Defendants pursuant to the 14th Amendment to the U.S. Constitution, which fail of their own accord. This Amendment is applicable solely to the several states; and until such time that the District of Columbia becomes a state, such a claim must be dismissed with prejudice.

Judge Huvelle gave Plaintiff the opportunity to raise a claims related to allegations that his mail was opened outside of his presence while he was incarcerated for the unauthorized practice of law, as well as common law negligence. Plaintiff failed to or decided not to raise this claim in his new complaint, thereby waiving his opportunity to do so, and/or violating the Huvelle Order on another point. District Defendants seek an order of this Court precluding Plaintiff from litigating these claims on the basis of waiver since he was given the opportunity to raise them now, but failed to do so.

Judge Huvelle gave Plaintiff permission to sue Director Devon Brown in his individual capacity; yet again, Plaintiff *sua sponte* supplemented that authority by bringing claims against Director Brown in his official capacity. The legal doctrine of *non sui juris* bars the claims.

Lastly, to the extent that this Court can fashion an order requiring Plaintiff to "play by the rules," District Defendants would ask this Court's consideration and grant of such an order. District Defendants have a valid basis for such a request. Judge Huvelle clearly delineated the parameters of future litigation in her Order. Nevertheless, Plaintiff still persists in hounding the District Defendants to ground by expansive and excessive pleadings. Even more problematic is

the fact that he threatens to expand his pleadings to an even greater extent to include the

following:

> 1.  I propose to file an amended complaint which will include the contractor as a defendant.  Do you consent to the filing of Motion to amend complaint in Banks v. Brown, et al, 07-02115.
>
> 2.  I propose to file Motion to consolidate/join Banks v. Brown, 07-02115 with Banks v. York, et al 05-1514
>
> 3.  I propose to file Motion for Declaratory Judgment, to determine my right to rely upon the over-detention constitutional claims set forth in 05-1514 as connected to and the underpinning of the non-overdetention state law/common law claims filed in 07-2115, Banks v. Brown, as well as the prejudicial effect and impact that the sua sponte severance has upon the Plaintiff's procedural and substantive rights.  As well as right to receive any and all evidence/discovery, disclosures shared by and between the parties in Carl Barnes v DC, 06-00315RC.
>
> 4.  I propose to file Motion to supplement Banks v. York, 05-1514, with state law claims pertaining to over-detention, i.e. false imprisonment.  This motion shall include Plaintiff's right to participate in any and all mediation involving class plaintiff and lead class counsel.
>
> 5.  I propose to file motion in Carl Barnes v DC, 06-00315RC to lift protective order and/or injunction precluding respective counsel from disclosing content of discovery and other facts and for an order directing counsel to share with the Plaintiff/intervenor/class member, any and all discovery, affidavits, pretrial evidence shared by and between parties, so that Plaintiff may share and participate in any and all proceedings, including but not limited to discovery and mediation.

(Banks Email attached hereto as Exhibit "B" and made a part hereof).  These repetitious, prolix,

contumacious pleadings exhaust governmental and judicial resources, create backlogs, and

should be the subject of Fed. R. Civ. P. Rule 11 and other equitable sanctions.  Thus, District

Defendants request that this Court exercise its equitable powers to fashion a remedy to address

the issues raised in this action.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 8(a)(2), a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While it is not necessary for a complaint to set forth "specific facts," *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965.  Thus, a complaint's factual allegations must "raise a right to relief above the speculative level" and set forth "plausible grounds to infer" liability. *Id.*

When ruling on a defendants' motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S. Ct. at 2200 (citing *Twombly*, 127 S. Ct. at 1965).  At the same time, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 127 S. Ct. at 1965 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

This Court's review of the Plaintiff's complaint will show that under no set of facts have Plaintiffs met his burden as to controverted claims set forth in District Defendants' motion.  For that reason, this motion to dismiss should be granted.

## III.  LEGAL ARGUMENT

### A.  *Plaintiff's Contempt of Court Order Warrants Dismissal of Claims*

"Compliance with court orders is required until they are reversed on appeal or are later modified." *Baker v. United States*, 891 A.2d 208, 212 (D.C.2006) (quoting *Kammerman v. Kammerman,* 543 A.2d 794, 798-99 (D.C.1988)). "Court orders must be respected and

'disobedience of them is contempt of its lawful authority, to be punished.'" *Baker, supra,* 891 A.2d at 212 (citations omitted). Neither the undersigned counsel nor Plaintiff may disregard a valid order of this court without suffering judicial sanction of some sort. *See In re Simon Banks,* 805 A.2d 990, 993 (D.C.2002)( *Banks III* ) (sustaining contempt orders "resulting from appellant's disregard of injunctions issued by this court against the unauthorized practice of law" and affirming an "order directing appellant to pay partial attorney's fees of members of the Committee on Unauthorized Practice of Law [], which sought to enforce the court's prior injunction"); *Banks v. District of Columbia Dep't of Consumer and Regulatory Affairs,* 634 A.2d 433, 439-40 (D.C.1993)( *Banks II* ) (sustaining a determination by the District's Department of Consumer and Regulatory Affairs that appellant "engaged in three deceptive trade practices," in violation of the District's Consumer Protection Procedures Act, "based on the unauthorized practice of law"); and *In re Simon Banks,* 561 A.2d 158, 167-69 (D.C.1987) (*Banks I* ) (finding, after a hearing conducted by a senior judge of this court on the petition of the court's Committee on Authorized Practice of Law, that "appellant has violated this court's rule prohibiting the unauthorized practice of law," and enjoining appellant from engaging in specified acts relating to the practice of law or the status of a lawyer).

Nevertheless, Plaintiff totally disregarded the clear mandates of Judge Huvelle's Order issued in the predecessor case to this one. (Huvelle Order) He did so by including claims against Director Brown, which were explicitly precluded. Plaintiff violates the Huvelle Order by:

a. Making allegations against Director Brown in his official capacity;

b. Making allegations against Director Brown for denial of medical care (Count I)

c. Making allegations against Director Brown for lack of heat (Count I)

8

    d.   Making Deliberate Indifference claims against Director Brown for lack of heat (Count III)

    e.   Making Deliberate Indifference claims against Director Brown for deprivations of medical-diabetic meals (Count III)

    f.   Making Deliberate Indifference claims against Director Brown for deprivation of diabetic meals repeated (Count IV)

    g.   Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the third time for failure to provide diabetic meals (also nominated Count III for a second time)

    h.   Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the second time for failure to provide adequate heat (also nominated Count III for a second time)

To say that Plaintiff gave the Huvelle Order short shrift is an understatement.  The admonishments that he personally received in the Banks I, II, and III criminal contempt cases cited above for authority apparently were ineffective in tempering his penchant for contempt of court.  *See* e.g., *Banks v U.S.*, 926 A.2d 158 (D.C. 2007).  It appears that only dismissal of this action will temper Plaintiff's intemperate behavior toward this Court and the District Defendants.

### B.  The District Defendants are not subject to a Fourteenth Amendment Claim

The Fourteenth Amendment to the U. S. Constitution does not apply to the District of Columbia or Director Brown.  *Armfield v. U.S.*, 811 A.2d 792, 797 (D.C. 2002).  He cannot seek relief under the Fourteenth Amendment, because it applies only to the states and not to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497, 499(1954); *Smith v. United States*, 460 A.2d 576, 578 n. 3 (D.C.1983).  These claims should be dismissed.

### C.  Plaintiff Waived claims not brought in this complaint

The Huvelle Order permitted Plaintiff a second bite of the apple to assert, solely against

the District of Columbia, that his mail was opened outside of his presence while he was

incarcerated for the unauthorized practice of law, and negligence claims.  (*See* Huvelle Order).

Plaintiff did not make the claims in this complaint.  Plaintiff should not be heard later to assert

that claim in subsequent amendments or independent complaints against the District Defendants.

It is inequitable for Plaintiff to repeatedly make such claims, amend pleadings, and subject

District Defendants to protracted litigation.

### D.  The Legal Doctrine of Non Sui Juris Prohibits Suit against Director Brown

Contrary to the specific instructions of the Huvelle Order, the complaint names Devon

Brown as a defendant in his official capacity as Director of the District Department of

Corrections.  Since Director Brown is sued in his official capacity, it is apparent that the suit is

against the District Department of Corrections.  However, it is well established under District

law that an agency of the District of Columbia is not subject to suit: "Agencies and departments

within the District of Columbia government cannot be sued as separate entities."  *Parker v.

District of Columbia,* 216 F.R.D. 128, 130 (D.D.C. 2002) (dismissing claims against the District

of Columbia Commission on Mental Health Services); *Gales v. District of Columbia,* 47 F. Supp.

2d 43, 48 (D.D.C. 1999*)* ("Ms. Gales' claim against the MPD, a municipal department of the

District, was dismissed because agencies and departments within the District of Columbia

government are not sueable as separate entities."); *Fields v. District of Columbia Department of

Corrections,* 789 F. Supp. 20, 22 (D.D.C. 1992) ("agencies and departments within the District

of Columbia are not sueable as separate entities [citations omitted]…the Department … is *non

sui juris,* and the Court therefore lacks jurisdiction…")

As a matter of law, the complaint against Director Brown in his official capacity should be dismissed under the doctrine of *non sui juris.*

### E.  Plaintiff Failed to Exhaust the Administrative remedies available pursuant to 42 U.S.C. § 1997e(a).

The Huvelle Order permitted Banks to refile a complaint making the following claims against the District of Columbia under the above-captioned complaint with respect to alleged failure to receive diabetic meals, cold temperatures in his jail cell, and opening his mail outside of his presence.  (See Huvelle Order).[1]  Even given this second bite of the apple, Plaintiff cannot prevail since he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA").  Thus, as a matter of law, these renewed claims must be dismissed.

The PLRA requires inmates to exhaust administrative remedies before bring a lawsuit under 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions  under § 1979 of the revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion requirement promotes important interests, which include:

> deference to Congress' decision that independent administrative tribunals, not courts, should serve as the initial forum for dispute resolution; (2) respect for administrative autonomy by minimizing unnecessary judicial intervention; and (3) judicial economy by resolving complaints or setting forth findings of fact.[2]

The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, or whether they allege excessive force or

---

[1] Plaintiff has not pleaded a claim for opening his mail outside his presence and this claim should be deemed waived. (*See* Discussion, *supra* ¶ C.).
[2] *See Terrell v. Brewer,* 935 F.2d 1015, 1019 (9th Cir. 1991)

some other wrong."[3] The United States Supreme Court clarified that even inmates seeking only monetary relief must properly complete a prison administrative process that could provide some sort of relief, even if not monetary, before filing a § 1983 claim. *Woodford v. Ngo*, 126 S. Ct. 2378, 2380 (2006); *see also Booth v Churner*, 532 U.S. 731 (2001) (dismissing the claims of an inmate who failed to exhaust all available administrative remedies.).

Factually, Plaintiff's grievances relevant to cold temperatures and diabetic meals were made while Plaintiff was incarcerated at the Correctional Treatment Facility ("CTF"), which is contractually operated by the Correctional Corporation of America ("CCA") for DOC. **Thus, the CCA Corporate and Facility Policy 14-5 is the relevant policy document, which sets forth the need for Plaintiff to exhaust his administrative remedies, which he did not.** (See Exhibit "C" CCA Policy 14-5).

DOC has an Inmate Grievance Procedure also. (See Exhibit "D", DOC Inmate Grievance. Procedure ("IGP")). The DOC IGP recognizes the CCA policy regarding exhaustion by stating:

> Inmates housed in contract prison facilities shall use the contractor's grievance process, noting the contractor to be responsible for day-to-day operations within the affected facility. Inmates housed in contract prison facilities shall only file a grievance with the DOC when grievance appeal steps within the contractor's grievance process have been exhausted.

*(Id*. at ¶ 3.b.).

A CCA employee with personal knowledge has sworn under oath that Banks failed to exhaust his administrative remedies while incarcerated at CTF. (*See* Affidavit of Joyce Allen ¶¶ 1-13, 16, attached hereto as Exhibit "E" and made a part hereof.). Ms. Allen specifically states that Plaintiff "failed to properly exhaust the administrative remedies available to him . . . ." *(Id.*

---

[3] *See Jeanes v. United Stated Dep't of Justice*, 231 F. Supp. 2d 48, 50-51 (D.D.C. 2002)

at ¶ 16).  True and correct copies of the Plaintiff's grievances relevant to claims permitted by the Huvelle Order are collectively attached hereto as Exhibit "F" and made a part hereof.)  Also attached is the declaration of Stanley Waldren, DOC Acting Warden, who states:

> In order [ ] for an inmate or detainee housed at either the CDF or the CTF to exhaust his administrative remedies, he/she must follow the grievance procedures of the facility at which they are housed and must carry the grievance through to its finish.  The final step in the grievance process for inmates house[d] [at] both CDF and CTF is an appeal to the Director of the D.C. Department of Corrections.

(Exhibit "G" ¶ 5, attached hereto and made a part hereof).  Plaintiff failed to exhaust his statutorily required process, and for that, this Court has no recourse but to dismiss the claims.[4]  Dismissal is appropriate, as it is clear that Plaintiff's incarceration at CCA, and the applicability of the CCA grievance procedure prohibits claims against the District Defendants.  Plaintiff fails to state a claim against the District Defendants because he failed to exhaust his administrative remedies while in CCA custody.

### F.  Plaintiff should be Sanctioned

District Defendants reiterate their assertions as if set forth at length herein that Plaintiff's behavior belies credulity.  Repeatedly, he has held this judicial institution in contempt.  It is time that this Court does the same.

It is well-settled that this Court "has the discretion and power" to enjoin a litigant who has abused the judicial system from filing any new civil complaints without first seeking leave of court.  *In re Grant Anderson,* 511 U.S. 364, 365 (1994).  In this Court, as in the Supreme Court,

---

[4] District Defendants incorporate by reference the factual and legal discussion set forth in the "Defendant Caulfield's Motion to Dismiss Third Amended Complaint," filed in Case No. 05-1514-ESH, Document 92, January 16, 2007, (attached hereto as Exhibit "H," in which the Honorable Ellen S. Huvelle granted Defendant Caulfield's Motion to Dismiss.  (*Id*. at Dkt. 120).

> [e]very paper filed with the Clerk ..., no matter how repetitious or frivolous,
> requires some portion of the institution's limited resources. A part of the
> [c]ourt's responsibility is to see that these resources are allocated in a way that
> promotes the interests of justice.

*Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3-4, (1992) (*per curiam*) (quoting *In re*

*McDonald,* 489 U.S. 180, 184, (1989) *(per curiam)).*

Plaintiff has not only abused the resources of this Court and the Attorney General of the

District of Columbia, he has shown utter contempt of a judicial order again, and again. *See Banks* I,

II, and III, supra. (*See* Huvelle Order).

## IV.  CONCLUSION

For all the reasons set forth above, Plaintiff's complaint should be dismissed.

Appropriate sanctions should be assessed against Plaintiff as set forth in the attached proposed

order, and as within this Court's equitable discretion.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

14

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1514 (RCL)** |
| | ) | **Royce C. Lamberth, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | **December 20, 2007** |
| | ) | |

## PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS

PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
That before filing his motion Plaintiff requested the District's Attorney's consent
To the relief requested in such motion and the consent was not given

Come now, Simon Banks, Plaintiff and submit Motion to Strike Defendant

District of Columbia and Devon's Motion to Dismiss and for Sanctions, and in support

cite the following:

1.    Plaintiff incorporate by reference Plaintiff's Memorandum of Law In

Support of Motion to Strike and for Sanctions.

2.    Plaintiff incorporate by reference Plaintiff's Affidavit in Support of

Plaintiff's Motion to Dismiss and for Sanctions.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1514 (RCL)** |
| | ) | **Royce C. Lamberth, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | **December 20, 2007** |
| | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS

Come now, Simon Banks, Plaintiff and submit Plaintiff's Memorandum of

Law In Support of Plaintiff's Motion to Strike Defendant District of Columbia

and Devon's Motion to Dismiss and for Sanctions, and in support cite the

following:

      1.      Pursuant to the Requirements of  LCVR 7.1 (M)[1]

At 12:46 PM on December 19, 2007, the Plaintiff telephoned the

Defendants Attorney, Denise Baker, at 202 442-9887 for purposes of informing

her that the Plaintiff proposed to file Motion for Default Judgment against the

Defendants District of Columbia and Devon Brown and to seek consent for the

filing of the motion.

---

[1] Seeking to secure the District and Devon's position as to whether the Defendants District and Devon Brown would consent to the filing of Plaintiff's Motion for Default Judgment

2.      Denise Baker, counsel for the District and Devon Brown, exhibited surprise that the Plaintiff was about to file this motion.  Ms. Baker asked of Plaintiff, "what do you base this on?  I filed a motion to dismiss and for sanctions."  To this comment Plaintiff responded, "you filed that motion in *Banks v. District of Columbia and Devon Brown.* This is *Banks v. York.*  The court ordered you to do something and you did not do it."  To this statement Ms. Baker responded, "I will file the answer within an hour."  To this comment, Plaintiff responded, "I will wait until 3:00 O'clock."  Ms. Baker said thanks.

3.      However, Denise Baker did not wait to generate an answer to the Third Amended Complaint as ordered by the Court on 09/17/2007, Document 120 at 2, which required the District and Devon Brown to submit an answer to the Plaintiff's Third Amended Complaint.  Rather, Baker, Defendants District and Brown, panic and immediately filed the exact same motion, Motion to Dismiss and for Sanctions, that the Defendants filed in *Simon Banks v. District of Columbia, et al,*  07-2115 (ESH) with Judge Huvelle on Friday, December 14, 2007, resulting in Judge Huvelle's order dated 12/17/2007, Document 10, advising the Plaintiff of the District Court's requirement to take pains to advise a *pro se* party, pursuant to the mandate contained in *Fox v. Strickland, 837* F.2d 507 (D.C. Cir. 1988) of the consequences of failing to respond to a dispositive motion.

4.      Defendants' motion, which merely changed the case number and the Judge, merely restates unrelated allegations that are not applicable to this over-detention case.  Defendants motion to dismiss and for sanctions is clearly in response to the Plaintiff's "Corrected Amended Complaint" filed in *Banks v.*

*District of Columbia,* 07-2115 (ESH).  For example, the Defendants District and

Devon Brown (hereinafter "District") base its motion on the Plaintiff's Corrected

Complaint, 07-2115 (ESH):

    a)    At 1¶ (a) the Def's Mot. to Dismiss, the District provide:

        "The complaint violates an order of this court issued on

        September 17, 2007 by the Honorable Ellen S. Huvelle,

        which specifically limited the claims that could be lodged

        by stating.........

    b)    At page 1 and 2 of the Def's Mot to Dismiss, the District

cites allegations the Plaintiff made against Director Brown in his official capacity

by listing them in ¶¶ b-h, none of which relates to the instant over-detention case.

    5.    At 2 of District Motion to Dismiss, it provide:

    **b.**    **Making allegations against Director Brown for denial of medical care (Count 1);**

    **c.**    **Making allegations against Director Brown for lack of heat (Count 1);**

    **d.**    **Making Deliberate Indifference claims against Director Brown for lack of heat (Count III)**

    **e.**    **Making Deliberate Indifference claims against Director Brown for deprivation of medical-diabetic meals (Count III);**

    **f.**    **Making Deliberate Indifference claims against Director Brown for deprivation of diabetic meals repeated (Count 1V);**

    **g.**    **Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the third time for failure to provide diabetic meals (also nominated Count III for a second time);**

    **h.**    **Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the second time for failure to provide adequate heat (also nominated Count III for a second time);**

(C)     The complaint fails to state a claim upon which relief may be granted against the District of Columbia under Count III (second Count III, page 13) since the 14th Amendment to the U.S. Constitution is not made applicable to the District of Columbia;

(d)     Plaintiff waived his claim for alleged opened mail outside his presence by failing to allege said claim pursuant to the Huvelle Order, and as such, District Defendants seek a ruling that the claim is dismissed with prejudice;

(e)     The legal doctrine of *non sui juris* prohibits suit against Director Brown in is official capacity;

(f)     Plaintiff's contempt of this court's order and contumacious practices warrant sanctions;

(g)     Plaintiff failed to exhaust administrative remedies.

6.    Clearly, Denise Baker, District's counsel knew and had reason to know that the District's Motion to Dismiss and for Sanctions is inapplicable to the instant case and that it was submitted to mislead the court, waste judicial resources, and for purposes of harassing the Plaintiff.

7.    Clearly, Denise Baker, District Counsel knew and had reason to know that the District's to Dismiss and for Sanctions motion was submitted in bad faith.

8.    Clearly, Denise Baker, District Counsel knew and had reason to know prior to submitting the District's Motion to Dismiss and for Sanctions, that it is frivolous

9.    At 5¶3 of the District's Memorandum of Points and Authorities In Support of District Defendants' Motion to Dismiss and for Sanctions (hereinafter "District's Points"), the District provide:

**Judge Huvelle gave Plaintiff the opportunity to raise a claims (sic) related to allegations that his mail was opened outside of his presence while he was incarcerated for the unauthorized**

6

**practice of law, as well as common law negligence. Plaintiff failed to or decided not to raise this claim in his new [Emphasis Added] complaint, thereby waiving his opportunity to do so, and/or violating Huvelle Order on another point. District Defendants seek an order of this Court precluding Plaintiff from litigating these claims on the basis of waiver since he was given the opportunity to raise them now, but failed to do so.**

10.    At 6 of 14 of Defendant's Mot. to Dismiss, Defendants list e-mails

Submitted to Denise Baker, District's Counsel, for purposes of complying with the

requirements of the Court's Local Rule prior to filing Motion, stating "the fact that he

threatens to expand his pleadings to an even greater extent to include the following:

1.   **I propose to file an amended complaint which will include the contractor as a defendant. Do you consent to the filing of Motion to amend complaint in *Banks v. Brown, et al* 07-02115.**

2.   **I propose to file Motion to consolidate/join *Banks v. Brown,* 07-02115 with *Banks v. York, et al* 05-1514.**

3.   **I propose to file Motion for Declaratory Judgment, to determine my right to rely upon the over-detention constitutional claims set forth in 05-1514 as connected to and the underpinning of the non-overdetention state law/common law claims filed in 07-2115, Banks v. Brown, as well as the prejudicial effect and impact that the sua sponte severance has upon Plaintiff's procedural and substantive rights. As well as right to receive any and all evidence/discovery, disclosures shared by and between the parties in Carl Barnes v. DC, 06-00315RC.**

4.   **I propose to file Motion to supplement Banks v. York, 05-1514, with state law claims pertaining to over-detention, i.e. false imprisonment. This motion shall include Plaintiff's right to participate in any and all mediation involving class-plaintiff and lead class counsel.**

5.   **I propose to file motion in Carl Barnes v. DC, 07-00315RC (sic) to lift protective order and/or injunction precluding respective counsel from disclosing content of discovery and other facts and for an order directing counsel to share with**

> **the Plaintiff/intevenor/class member, any and all discovery, affidavits, pretrial evidence shared by and between parties, so that Plaintiff may share and participate in any and all proceedings, including but not limited to discovery and mediation.**

"(Banks Email attached hereto as Exhibit "B" and made a part hereof)."

11.    The signatures of Ellen A. Efros and Denise Baker at 3 of 14, Def's Mot. to Dismiss and for Sanctions, certificate pursuant to LCVR 12-1 is a sham, a intentional misrepresentation of fact and a fraud.  The Plaintiff was never in receipt of nor did the above-referenced signatories to the LCVR 12-1 certificate, submit via email counsel's of the defendants' intention to file this motion to dismiss, as provided by Denise J. Baker.

12,     The Certificate Pursuant to LCVR12-1 at 3 of 4 provide:

> **The undersigned counsel hereby certifies that on December 14, 2007, she email counsel of the defendants' intention to file this motion to dismiss, to which Plaintiff has not responded and it is assumed that the motion is opposed**.

13.    The District's Motion to Dismiss and for Sanctions in this case is a recent fabrication, a knee-jerk attempt to circumvent the Plaintiff's Motion for Default Judgment and to deceive the Court.

14.    The District waived its opportunity to file a response to the Plaintiff's Third Amended Complaint and is now attempting to nullify the Plaintiff's Motion for Default Judgment by filing a sham Motion to Dismiss and for Sanctions that is an exact copy filed in 07-211f (ESH) on December 14, 2007, with exception the case number was changed to 04-cv1514 (RCL), and that is unrelated to the issues before this Honorable Court in this "overdetention" case.

15.     Denise Baker, the District's counsel, has abusively, falsely, fraudulently, and unethically violated  the doctrine contained Fed. R. Civ. P. Rule 11, and ought to be severely sanctioned.

16.      The Plaintiff request that this Honorable Court subject Denise Baker, the District's counsel to sanctions pursuant to Fed. R. Civ. P. Rule 11 and any and all other equitable sanctions that this Court has discretion to administer.

17.      The Plaintiff request this Honorable Court to grant the Plaintiff's Motion for Default Judgment and strike this lame attempt to fabricate a sham on the Court by filing a sham motion to dismiss and for sanctions as a pretextual disguise to misle the court and deprive the Plaintiff of procedural due process, and to abuse the resources of this court.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SIMON BANKS,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | )   **Civil Action No. 05-1514 (RCL)** |
| | )   **Royce C. Lamberth, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) |
| | ) |
| **Defendants** | )   **December ____, 2007** |
| | ) |

## ORDER

Upon consideration of the Plaintiff's Motion to Strike and for Sanctions, it is this

_____day of December, 2007,

**HEREBY,**
**GRANTED**

The Plaintiff's Motion for Default Judgment is granted.

Denise Baker, of the Office of Attorney General, District of Columbia is hereby admonished that her conduct is reprehensible, contumacious, and abusive of the court's resources, and have subjected the Plaintiff to an unfair burden of having to submit response to the District's sham and frivolous motion to dismiss and for sanctions.

_____
**Royce C. Lamberth**
**United States Judge**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**SIMON BANKS,**                            )
                                                    )
                      **Plaintiff**          )
                                                    )
**v.**                                          )        **Civil Action No. 05-1514 (RCL)**
                                                    )        **Royce C. Lamberth, Judge**
**S. ELWOOD YORK, JR., ET AL.**      )
                                                    )
                      **Defendants**       )        **December 20, 2007**
_____)


**AFFIDAVIT OF SIMON BANKS IN SUPPORT OF**
**PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS**


     **I,** Simon Banks, hereby swear pursuant to 28 U.S.C. § 1746 and pursuant to the

penalty of perjury, to the best of my knowledge and belief as follows:

       1.     Pursuant to the Requirements of  LCVR 7.1 (M)[1]

     At 12:46 PM on December 19, 2007, I telephoned the Defendants

Attorney, Denise Baker, at 202 442-9887 for purposes of informing her that I

proposed to file Motion for Default Judgment against the Defendants District of

Columbia and Devon Brown and to seek consent for the filing of the motion.

       2.     Denise Baker, counsel for the District and Devon Brown, exhibited

surprise that the I was about to file this motion.  Ms. Baker asked of me, "what do

you base this on?  I filed a motion to dismiss and for sanctions."  To this comment

---

[1] Seeking to secure the District and Devon's position as to whether the Defendants
District and Devon Brown would consent to the filing of Plaintiff's Motion for Default
Judgment

I responded, "you filed that motion in *Banks v. District of Columbia and Devon Brown.* This is *Banks v. York.* The court ordered you to do something and you did not do it." To this statement Ms. Baker responded, "I will file the answer within an hour." To this comment, I responded, "I will wait until 3:00 O'clock." Ms. Baker said thanks.

2.     However, Denise Baker did not submit an answer to the Third Amended Complaint as ordered by the Court on 09/17/2007, Document 120 at 2, which required the District and Devon Brown to submit an answer to the Plaintiff's Third Amended Complaint. Rather, Baker, at 1:05 pm, December 19, 2007 within a few minutes subsequent to my telephone call to her seeking her consent for filing Plaintiff's Motion for Default Judgment, filed the exact same motion, Motion to Dismiss and for Sanctions, that the Defendants filed in *Simon Banks v. District of Columbia, et al,* 07-2115 (ESH) with Judge Huvelle on Friday, December 14, 2007, resulting in Judge Huvelle's order dated 12/17/2007, Document 10, advising the Plaintiff of the District Court's requirement to take pains to advise a *pro se* party, pursuant to the mandate contained in *Fox v. Strickland, 837* F.2d 507 (D.C. Cir. 1988) of the consequences of failing to respond to a dispositive motion.

11.     The signatures of Ellen A. Efros and Denise Baker at 3 of 14, Def's Mot. to Dismiss and for Sanctions, certificate pursuant to LCVR 12-1 improperly certify that Denise Baker, District's counsel, emailed the Plaintiff a copy of the Motion to Dismiss and for sanctions filed in this case, in this court on December 19, 2007, Document 139, when she did not. I was never in receipt of nor did the above-referenced signatories to

the LCVR 12-1 certificate, submit via email counsel's of the defendants' intention to file

this motion to dismiss, as provided by Denise J. Baker.

12,    The Certificate Pursuant to LCVR12-1 at 3 of 4 provide:

**The undersigned counsel hereby certifies that on December 14, 2007, she email counsel of the defendants' intention to file this motion to dismiss, to which Plaintiff has not responded and it is assumed that the motion is opposed**.

This statement is not true.  Denise Bake did not email the Plaintiff the Motion she filed as

District of Columbia Motion to Dismiss and for Sanctions, 05-1514 (RCL), prior to filing

it.  Nor did Denise Baker inform the Plaintiff  verbally or otherwise prior to filing the

District of Columbia Motion to Dismiss and for Sanctions, filed as Document 139,

December 19, 2007, that the District intended to file it, and I did not offer my consent or

object to the filing of this referenced motion because I was never requested to consent to

the filing of the District's Motion to Dismiss and for sanctions or otherwise informed of it

prior to its filing.


_____/s/_____

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| SIMON BANKS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 05-1514 (RCL) |
| ) | Royce C. Lamberth, Judge |
| S. ELWOOD YORK, JR., ET AL. ) | |
| ) | |
| Defendants ) | December 20, 2007 |
| _____ ) | |

**PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS**

PLAINTIFF'S CERTIFICATION PURSUANT TO LCVR 7.1 (M)
That before filing his motion Plaintiff requested the District's Attorney's consent
To the relief requested in such motion and the consent was not given

Come now, Simon Banks, Plaintiff and submit Motion to Strike Defendant

District of Columbia and Devon's Motion to Dismiss and for Sanctions, and in support

cite the following:

    1.      Plaintiff incorporate by reference Plaintiff's Memorandum of Law In

            Support of Motion to Strike and for Sanctions.

    2.      Plaintiff incorporate by reference Plaintiff's Affidavit in Support of

            Plaintiff's Motion to Dismiss and for Sanctions.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| _____ ) | | |
| **SIMON BANKS,** ) | | |
| ) | | |
| **Plaintiff** ) | | |
| ) | | |
| **v.** ) | **Civil Action No. 05-1514 (RCL)** | |
| ) | **Royce C. Lamberth, Judge** | |
| **S. ELWOOD YORK, JR., ET AL.** ) | | |
| ) | | |
| **Defendants** ) | **December 20, 2007** | |
| _____ ) | | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS**

Come now, Simon Banks, Plaintiff and submit Plaintiff's Memorandum of

Law In Support of Plaintiff's Motion to Strike Defendant District of Columbia

and Devon's Motion to Dismiss and for Sanctions, and in support cite the

following:

    1.      Pursuant to the Requirements of  LCVR 7.1 (M)[1]

At 12:46 PM on December 19, 2007, the Plaintiff telephoned the

Defendants Attorney, Denise Baker, at 202 442-9887 for purposes of informing

her that the Plaintiff proposed to file Motion for Default Judgment against the

Defendants District of Columbia and Devon Brown and to seek consent for the

filing of the motion.

---

[1] Seeking to secure the District and Devon's position as to whether the Defendants District and Devon Brown would consent to the filing of Plaintiff's Motion for Default Judgment

2.    Denise Baker, counsel for the District and Devon Brown, exhibited surprise that the Plaintiff was about to file this motion.  Ms. Baker asked of Plaintiff, "what do you base this on?  I filed a motion to dismiss and for sanctions."  To this comment Plaintiff responded, "you filed that motion in *Banks v. District of Columbia and Devon Brown.* This is *Banks v. York.*  The court ordered you to do something and you did not do it."  To this statement Ms. Baker responded, "I will file the answer within an hour."  To this comment, Plaintiff responded, "I will wait until 3:00 O'clock."  Ms. Baker said thanks.

3.    However, Denise Baker did not wait to generate an answer to the Third Amended Complaint as ordered by the Court on 09/17/2007, Document 120 at 2, which required the District and Devon Brown to submit an answer to the Plaintiff's Third Amended Complaint.  Rather, Baker, Defendants District and Brown, panic and immediately filed the exact same motion, Motion to Dismiss and for Sanctions, that the Defendants filed in *Simon Banks v. District of Columbia, et al,* 07-2115 (ESH) with Judge Huvelle on Friday, December 14, 2007, resulting in Judge Huvelle's order dated 12/17/2007, Document 10, advising the Plaintiff of the District Court's requirement to take pains to advise a *pro se* party, pursuant to the mandate contained in *Fox v. Strickland, 837* F.2d 507 (D.C. Cir. 1988) of the consequences of failing to respond to a dispositive motion.

4.    Defendants' motion, which merely changed the case number and the Judge, merely restates unrelated allegations that are not applicable to this over-detention case.  Defendants motion to dismiss and for sanctions is clearly in response to the Plaintiff's "Corrected Amended Complaint" filed in *Banks v.*

4

*District of Columbia,* 07-2115 (ESH).  For example, the Defendants District and

Devon Brown (hereinafter "District") base its motion on the Plaintiff's Corrected

Complaint, 07-2115 (ESH):

a)      At 1¶ (a) the Def's Mot. to Dismiss, the District provide:

"The complaint violates an order of this court issued on

September 17, 2007 by the Honorable Ellen S. Huvelle,

which specifically limited the claims that could be lodged

by stating………

b)      At page 1 and 2 of the Def's Mot to Dismiss, the District

cites allegations the Plaintiff made against Director Brown in his official capacity

by listing them in ¶¶ b-h, none of which relates to the instant over-detention case.

5.      At 2 of District Motion to Dismiss, it provide:

**b.      Making allegations against Director Brown for denial of medical care (Count 1);**

**c.      Making allegations against Director Brown for lack of heat (Count 1);**

**d.      Making Deliberate Indifference claims against Director Brown for lack of heat (Count III)**

**e.      Making Deliberate Indifference claims against Director Brown for deprivation of medical-diabetic meals (Count III);**

**f.      Making Deliberate Indifference claims against Director Brown for deprivation of diabetic meals repeated (Count 1V);**

**g.      Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the third time for failure to provide diabetic meals (also nominated Count III for a second time);**

**h.      Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the second time for failure to provide adequate heat (also nominated Count III for a second time);**

©      **The complaint fails to state a claim upon which relief may be granted against the District of Columbia under Count III (second Count III, page 13) since the 14th Amendment to the U.S. Constitution is not made applicable to the District of Columbia;**

(d)     **Plaintiff waived his claim for alleged opened mail outside his presence by failing to allege said claim pursuant to the Huvelle Order, and as such, District Defendants seek a ruling that the claim is dismissed with prejudice;**

(e)     **The legal doctrine of *non sui juris* prohibits suit against Director Brown in is official capacity;**

(f)     **Plaintiff's contempt of this court's order and contumacious practices warrant sanctions;**

(g)     **Plaintiff failed to exhaust administrative remedies.**

6.      Clearly, Denise Baker, District's counsel knew and had reason to know that the District's Motion to Dismiss and for Sanctions is inapplicable to the instant case and that it was submitted to mislead the court, waste judicial resources, and for purposes of harassing the Plaintiff.

7.      Clearly, Denise Baker, District Counsel knew and had reason to know that the District's to Dismiss and for Sanctions motion was submitted in bad faith.

8.      Clearly, Denise Baker, District Counsel knew and had reason to know prior to submitting the District's Motion to Dismiss and for Sanctions, that it is frivolous

9.      At 5¶3 of the District's Memorandum of Points and Authorities In Support of District Defendants' Motion to Dismiss and for Sanctions (hereinafter "District's Points"), the District provide:

**Judge Huvelle gave Plaintiff the opportunity to raise a claims (sic) related to allegations that his mail was opened outside of his presence while he was incarcerated for the unauthorized**

6

practice of law, as well as common law negligence. **Plaintiff
failed to or decided not to raise this claim in his new [Emphasis
Added] complaint, thereby waiving his opportunity to do so,
and/or violating Huvelle Order on another point. District
Defendants seek an order of this Court precluding Plaintiff
from litigating these claims on the basis of waiver since he was
given the opportunity to raise them now, but failed to do so.**

10.    At 6 of 14 of Defendant's Mot. to Dismiss, Defendants list e-mails

Submitted to Denise Baker, District's Counsel, for purposes of complying with the

requirements of the Court's Local Rule prior to filing Motion, stating "the fact that he

threatens to expand his pleadings to an even greater extent to include the following:

1.    **I propose to file an amended complaint which will include
the contractor as a defendant. Do you consent to the filing
of Motion to amend complaint in *Banks v. Brown, et al* 07-
02115.**

2.    **I propose to file Motion to consolidate/join *Banks v. Brown*,
07-02115 with *Banks v. York, et al* 05-1514.**

3.    **I propose to file Motion for Declaratory Judgment, to
determine my right to rely upon the over-detention
constitutional claims set forth in 05-1514 as connected to
and the underpinning of the non-overdetention state
law/common law claims filed in 07-2115, Banks v. Brown,
as well as the prejudicial effect and impact that the sua
sponte severance has upon Plaintiff's procedural and
substantive rights. As well as right to receive any and all
evidence/discovery, disclosures shared by and between the
parties in Carl Barnes v. DC, 06-00315RC.**

4.    **I propose to file Motion to supplement Banks v. York, 05-
1514, with state law claims pertaining to over-detention, i.e.
false imprisonment. This motion shall include Plaintiff's
right to participate in any and all mediation involving class-
plaintiff and lead class counsel.**

5.    **I propose to file motion in Carl Barnes v. DC, 07-00315RC
(sic) to lift protective order and/or injunction precluding
respective counsel from disclosing content of discovery and
other facts and for an order directing counsel to share with**

> **the Plaintiff/intevenor/class member, any and all discovery, affidavits, pretrial evidence shared by and between parties, so that Plaintiff may share and participate in any and all proceedings, including but not limited to discovery and mediation.**

"(Banks Email attached hereto as Exhibit "B" and made a part hereof)."

11.     The signatures of Ellen A. Efros and Denise Baker at 3 of 14, Def's Mot. to Dismiss and for Sanctions, certificate pursuant to LCVR 12-1 is a sham, a intentional misrepresentation of fact and a fraud.  The Plaintiff was never in receipt of nor did the above-referenced signatories to the LCVR 12-1 certificate, submit via email counsel's of the defendants' intention to file this motion to dismiss, as provided by Denise J. Baker.

12,     The Certificate Pursuant to LCVR12-1 at 3 of 4 provide:

> **The undersigned counsel hereby certifies that on December 14, 2007, she email counsel of the defendants' intention to file this motion to dismiss, to which Plaintiff has not responded and it is assumed that the motion is opposed**.

13.     The District's Motion to Dismiss and for Sanctions in this case is a recent fabrication, a knee-jerk attempt to circumvent the Plaintiff's Motion for Default Judgment and to deceive the Court.

14.     The District waived its opportunity to file a response to the Plaintiff's Third Amended Complaint and is now attempting to nullify the Plaintiff's Motion for Default Judgment by filing a sham Motion to Dismiss and for Sanctions that is an exact copy filed in 07-211f (ESH) on December 14, 2007, with exception the case number was changed to 04-cv1514 (RCL), and that is unrelated to the issues before this Honorable Court in this "overdetention" case.

15.     Denise Baker, the District's counsel, has abusively, falsely, fraudulently, and unethically violated  the doctrine contained Fed. R. Civ. P. Rule 11, and ought to be severely sanctioned.

16.      The Plaintiff request that this Honorable Court subject Denise Baker, the District's counsel to sanctions pursuant to Fed. R. Civ. P. Rule 11 and any and all other equitable sanctions that this Court has discretion to administer.

17.      The Plaintiff request this Honorable Court to grant the Plaintiff's Motion for Default Judgment and strike this lame attempt to fabricate a sham on the Court by filing a sham motion to dismiss and for sanctions as a pretextual disguise to misle the court and deprive the Plaintiff of procedural due process, and to abuse the resources of this court.

_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-1514 (RCL)** |
| | ) | **Royce C. Lamberth, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | **December ____, 2007** |
| | ) | |

## ORDER

Upon consideration of the Plaintiff's Motion to Strike and for Sanctions, it is this

_____day of December, 2007,

**HEREBY,**
**GRANTED**

The Plaintiff's Motion for Default Judgment is granted.

Denise Baker, of the Office of Attorney General, District of Columbia is hereby admonished that her conduct is reprehensible, contumacious, and abusive of the court's resources, and have subjected the Plaintiff to an unfair burden of having to submit response to the District's sham and frivolous motion to dismiss and for sanctions.

_____
**Royce C. Lamberth**
**United States Judge**

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff)** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1514 (RCL)** |
| | ) | |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | **January 7, 2008** |
| | ) | |

**PLAINTIFF'S REPLY TO DISTRICT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS DISTRICT AND BROWN ANSWER TO THIRD AMENDED COMPLAINT AND FOR SANCTIONS [DOCKET 151]**

The District filed its Answer to the Plaintiff's Second Amended Complaint on October 1, 2007, Document 123.  And on 12/19/2007 the District filed its Answer to the Plaintiff's Third Amended Complaint, (Document 141) thereby intending to supersede and otherwise nullify the District's Answer filed on October 1, 2007, to Plaintiff's Second Amended Complaint. The District is currently arguing that:

**a)** the Answer the District filed on October 1, 2007 was in fact the District's answer to the Plaintiff's Third Amended complaint and not its answer to Plaintiff's Second Amended Complaint notwithstanding the fact that it is titled Answer to Plaintiff's Second Amended Complaint and its contents clearly are submitted in response to the allegations of the Plaintiff's second amended complaint;

**b)**  The District omits that it filed Motion to Dismiss and for Sanctions which was intended to be the District's Answer to Plaintiff's Third Amended Complaint, in response

to the Court's Order dated September 17, 2007 requiring the District and Evon Brown

[hereinafter "District"] to file an Answer to the Plaintiff's Third Amended Complaint by

October 21, 2007.

**c)** The District filed Motion to withdraw its Motion to Dismiss and for Sanctions.

(purported response to the court's order ordering it to file its answer by the 21st of

October, 2007), in the form of a letter to the clerk of court.   Here, once again the District

is attempting to nullify its erroneous successive filings without suffering any

consequence.  The District is attempting befuddle the court and cause the court to ignore

the fact that it filed successive non-responsive sham pleadings which the District purport

was intended to be in response to the Court's order directing it to file an Answer to the

Plaintiff's Third Amended Complaint by October 21, 2007.

Now, the District is further requesting this Honorable Court to accept its October

1, 2007 Answer to the Plaintiff's Second Amended Complaint as the District's Answer to

the Plaintiff's Third Amended Complaint notwithstanding its non-conformity and latent

and patent defects, given it has been submitted as the reported "Answer" to Plaintiff's

Third Amended Complaint.

The District, conflictingly, is also further requesting the Court to accept the

answer it filed on 12/19/2007, without leave of court, and without an extension of time to

file it, as its answer to Plaintiff's Third Amended Complaint, and not subject it to

sanctions, although the District filed imposter pleadings and although the District's

Answer to Plaintiff's Third Amended Complaint was due on October 21, 2007; and

although the District failed to seek leave of court pursuant to Rule 6 FRCP, before it filed

its 12/19/2007 Answer, and although the District filed this pleading without first filing a

motion pursuant to Fed. R. Civ. P. 15, to amend the October 1, 2007 non-conformant

pleading, and despite the fact that it failed to file a motion pursuant to Fed. R. Civ. P. 15,

for leave to amend its Motion to Dismiss and for Sanctions, which the District submitted

also as the District's amended answer to Plaintiff's Third Amended Complaint,

(Amending the answer the District filed to Plaintiff's second Amended Complaint).  The

District expects this Honorable Court to ignore the District's filing of these two (2) prior

pleadings which were also filed by the District as the District's answer to the Plaintiff's

Third Amended Complaint.  This is such an unbelievable succession of comedic errors

that would astonish the most gullible, inebriated, schizophrenic delusionary dreamer.

Were counsel for the District a lay, pro se, pleader and/or a new, untutored

litigator, untutored in the law, specifically Fed. R. Civ. P. 11, the Federal Rules of Civil

Procedure and the Local Rules of this Court, perhaps the conduct of the District might be

entitled to some difference due to epic-phenomenal ignorance of the rules of this Court.

However, Rule 11 requires the District's attorneys to peruse pleadings before they are

filed and to file them in good faith.  Here, the District's attorney, acknowledge that she

acted in **"the abundance of caution" ..because Plaintiff threatened to file a default

judgment within two hours of time if an answer was not filed. [Emphasis Added]** (at

1-2 of District's Response) when she filed the frivolous sham Motion to Dismiss and for

Sanctions, knowing that it was not a responsive pleading, and knowing that it was a sham

pleading, and knowing that it would waste the precious resources of the court.  **[This

does not excuse the District's sham filings]**

After all of the above, the District's counsel attempt to cover-up the ***sham

pleading (Motion to Dismiss and for Sanctions)*** by withdrawing it and declaring that no

3

harm was done, and that the issue is moot simply because the District submitted a letter to the clerk of the Court to withdraw it, rather than a motion without complying with Local Rule 7.1(m). This letter is in improper form, functionally it is a motion submitted by the District's lead counsel disguised as a letter, requesting the clerk to usurp the Court and deprive the Plaintiff of due process of law. A further act of egregious disrespect for the rule of law, a mockery with respect to the integrity of the court; and a smack in the face of Rule 11. *Id.*

Moreover, the District's lead counsel, not only does not cease and desist from filing frivolous pleadings, it has filed a another pleading from the seed of the poisonous tree that bears the taint of the original seed, a filing more frivolous than the letter to the clerk, the motion to dismiss and for sanctions, the answer to Plaintiff's second amended complaint, and the answer to Plaintiff's Third Amended Complaint, filed on 12/19/2007 without leave of court and without an extension of time to file it, and which was filed without a prior notice to Plaintiff pursuant to LCr7(m), and since it, again is a pleading which amend each of the foregoing, it was filed without filing a motion pursuant to Rule 15 of the Fed. R. Civ. P. 15. **(When will counsel stop these knee-jerk, impulsive; and irrational actions – seemingly implemented to extricate the District from its self-generated quicksand)**

Finally, the District list the wrong judge in the caption of its motion. At the time of filing each of these pleadings the case hereof was before this Honorable Court.

**WHEREFORE**, the Plaintiff request sanctions of the most severe type to address these egregious acts in derogation of the rule of law, the ethical responsibility of counsel, and the integrity of the administration of justice. The Plaintiff request, in addition to

Rule 11 Sanctions, that the Plaintiff be awarded compensation of Two Thousand Dollars

($2000.00), at the rate of $150.00 per hour for having been required to submit responses

to the District and Brown's Motions and pleadings connected with the District's

purported attempt to file Answer to the Plaintiff's Third Amended Complaint, and the

District having filed various sham pleadings connected with its attempt to untangle itself

from its fabricated attempt to extricate itself from the horse manure of its own creation

and deceptive activities, at the expense of the judicial economy.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, Va. 22302
703 965-5637
Email: disbands@msn.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SIMON BANKS,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-1514 (RCL)** |
| | ) | **Royce C. Lamberth, Judge** |
| **S. ELWOOD YORK, JR., ET AL.** | ) | |
| | ) | |
| **Defendants** | ) | **December 21, 2007** |
| | ) | |

### PLAINTIFF'S RESPONSE AND OBJECTIONS TO THE DISTRICT'S NOTICE TO THE CLERK TO WITHDRAW MOTION TO DISMISS AND FOR SANCTIONS

Comes now Simon Banks, Plaintiff and submit Response and Objection to the District's Notice to the Clerk to withdraw motion to dismiss and for sanctions, and in support cite the following:

**The Plaintiff demand a ruling on the merits and rejection of the District and Devon Brown's Notice to Withdraw Motion to Dismiss and for Sanctions, Document 145, 12/20/2007**

The Plaintiff demand a ruling on the merits and rejection of the District and Devon Brown's Notice to withdraw Motion to Dismiss and for Sanctions.

The District filed a frivolous response to the Plaintiff's Third Amended Complaint, simply to mislead the Court and the Plaintiff, and for deliberate purposes of wasting the limited resources of the Court, although it knew and had reason to know that this filing was a sham and would require the Plaintiff to submit a response. After the District reviewed the Plaintiff's Motion for Default Judgment and for Sanctions, the Defendants decided to withdraw its response to the Court's Order, Document 120 directing the District and Devon Brown to file their respective answers by October 21, 2007, the District had second thoughts and just as arbitrarily as it filed its Motion to Dismiss and for Sanctions, it arbitrarily filed notice to the clerk to withdraw its Motion to Dismiss and for sanctions.

The District and Devon Brown had notice of the court's order ordering it to file its answer by October 21, 2007. Rule 108(b) Fed. R. Civ. P. and the local rules of this Honorable Court require the District and defendant Brown, pursuant to Rule 6, to first seek extension of time before filing its answer which was due on October 21, 2007. As a consequence, the Plaintiff's motion for default judgment ought be granted. Moreover, the District further abuse its position as a member of this Court by filing an opposition to the Plaintiff's Motion to Strike based upon its contention that the issue is moot because it

filed a notice to the clerk of court to withdraw its Motion to Dismiss and for Sanctions which was filed as an intended pleading surreptitiously submitted in response to the Court's order, Document 120, dated 9/17/2007, ordering it to file its answer to Plaintiff's Third Amended Complaint by October 21, 2007.

Actually, the District and Devon Brown's answer to the complaint was the District's Motion to Dismiss and for sanctions, Document 139 (Response) which it has moved to withdraw, Document 145.  After the District filed this pleading it filed its answer that was due on October 21, 2007, without filing first, a) Motion for extension of time to file the late, out-of-time Answer, and without filing a Motion for leave to amend its Answer, Document 139, District's Motion to Dismiss and for Sanctions, as required by Fed. R. 15.  See Fed. R. Civ. P. 15(a) (granting leave to amend once as "a matter of course" at any time before a responsive pleading is served; *Harris v. Secretary, United States Dep't of Veterans Affairs,* 127 F.3d 339, 344-45 (D.C. Cir. 1997) (recognizing that amendments prior to a responsive pleading shall be freely given under Rule 15(a).

Perhaps the District and Devon Brown are making an assumption that the court will sua sponte grant it equitable tolling of its late filing even though **the District has not made any proffer as to why it has been late in filing its answer. [Emphasis Added]** However, the facts before the court do not justify equitable tolling as a matter of law. See *Smith-Haynie v. Dist. of Columbia*, 155 F.3d 575, 578 n.4 (D.C. Cir. 1998) (noting that "the doctrine of equitable tolling ordinarily involves discretion on the trial judge's part," However, as a matter of law that the facts do not support invocation of the equitable tolling doctrine;  see also *Dunlap v. United States*, No. 99-6456, 2001 WL 473063, at *5 & n.2 (6th Cir. May 7, 2001) (reviewing a district court's s 2255 equitable tolling decision de novo, where the district court declined to grant tolling as a matter of law).

There are no 'extraordinary circumstances' ... which would justify equitable tolling sufficient to render the District and Brown's late filing timely of its answer in this case. See *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (noting that "the party seeking to establish tolling typically carries that burden," and applying that rule to equitable tolling under *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992) (holding that a Title VII plaintiff bears the burden of establishing his entitlement to equitable tolling).

**SANCTIONS ARE REQUIRED TO PREVENT FURTHER ABUSE**

Sanctions are required to prevent the District and Devon Brown from further abusing its privilege and subjecting the Court and the Plaintiff to the litany of frivolous pleadings and procedural misconduct causing the Plaintiff to suffer the burden of having to respond and the Court of having to waste precious resources to review and decide this frivolous, unethical and activity in violation of Rule 11 of the Fed. R. Civ. P. Rule 11.

In *Rafferty Scott J, V. Nynex Corp*. The Court opined; "we have held that once the district court finds that a pleading is not well grounded in fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose, "Rule 11 *requires* that sanctions of some sort be imposed." *Westmoreland v. CBS, Inc.,* 770 F.2d 1168, 1174-75 (D.C. Cir. 1985) (emphasis added); 12 *see also Hilton Hotels Corp. v. Banov,* 899 F.2d 40, 44 (D.C. Cir. 1990) (same); *Saltany v. Reagan,* 886 F.2d 438, 439 (D.C. Cir. 1989) (same), *cert. denied,* 495 U.S. 932 (1990); *Weil v. Markowitz,* 829 F.2d 166, 171 (D.C. Cir. 1987) (same). Thus, once a district court finds sanctionable conduct, it has no discretion *whether* to impose sanctions. *Westmoreland,* 770 F.2d at 1174. It exercises its discretion at that point by selecting an appropriate sanction. *Id.*

### THE DISTRICT HAS WAIVED ITS RIGHT TO FILE AN ANSWER

By failing to submit a Motion for Extension of Time and Leave to File its answer late, and after the Plaintiff has submitted a responsive pleading, the District has waived its right to file and answer. "Where the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

### THE DOCTRINE OF JUDICIAL ESTOPPEL

The doctrine of *Judicial estoppel* precludes the District and Devon Brown's inconsistent, knee-jerk and "loose actions with the courts.'" *Scarano v. Central R. Co. of New Jersey*, 203 F.2d 510, 513 (3d Cir. 1953)(citation omitted). "The basic principle . . . is that absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an

incompatible theory."  18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper,

Federal Practice and Procedure § 4477 (1981), p.782.

   *WHEREFORE*, Plaintiff pray this Honorable Court grant the relief requested,

deny the District and Devon Brown request to withdraw the Motion and grant the

Plaintiff sanctions against the District and Devon Brown and grant the Plaintiff Motion

for Default Judgment.


_____/s/_____
Dr. Simon Banks, J.D.
P.O. Box 17052
Alexandria, VA. 22302
Tele#: 703 965-5637
e-mail: drsbanks@msn.com

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
**DR. SIMON BANKS, J.D.**                  )
                                                    )
           **Plaintiff**                          )
                                                    )
           **v.**                                    )          **Case: 1:05-cv-1514 (RCL)**
                                                    )
**S. ELWOOD YORK, JR., et al.,**          )
                                                    )
                                                    )
           **Defendants**                        )
_____)


## NOTICE OF WITHDRAWAL OF MOTION TO DISMISS
## AND MOTION FOR SANCTIONS

**TO THE CLERK OF COURT:**

Kindly withdraw from this Court's consideration the Motion to Dismiss filed on

December 19, 2007, Docket No. 138, and Motion for Sanctions, Docket No. 139, filed on

December 19, 2007, by the Defendants, District of Columbia and Devon Brown.


Respectfully submitted,

LINDA SINGER
 Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

DR. SIMON BANKS,                      )
                                      )
            Plaintiff,                )
                                      )        Civil Action No. 05-1514 (ESH)
      v.                              )
S. ELWOOD YORK, JR., et al.,          )
                                      )
            Defendants.               )
_____)

**ANSWER TO THIRD AMENDED COMPLAINT**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of

Columbia (hereinafter "the District") and Devon Brown (hereinafter "Director Brown")

(collectively "the District Defendants" or "Defendants"), by and through undersigned counsel,

respectfully answers the Third Amended Complaint in the above-captioned case.

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, defendant

specifically denies each and every allegation, statement, matter and thing contained in the

amended complaint.  Defendants respond to the numbered allegations in the third amended

complaint on knowledge and on information and belief as to other matters, as follows:

**Response to Introduction**

1.      Defendants admit that Plaintiff has styled his action as an action for injuries resulting

from overdetention.  Plaintiff's contention that the District has violated the laws referenced in

this paragraph is a conclusion of law to which no response is required.

1

## Responses to Jurisdiction and Venue

3.      Defendants admit the statutory references cited in paragraph 3 of the amended complaint, but deny that these references necessarily confer jurisdiction on this Court in this matter.

4.      Defendants admit that statutory references cited in paragraph 4 of the amended complaint, but deny that venue is necessarily proper in this Court.

5.      This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 5 and demand strict proof at time of trial.

6.      This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 6 and demand strict proof at time of trial.

## RESPONSES TO PLAINTIFF'S STATEMENT REGARDING EXHAUSTION

Defendants specifically deny that plaintiff has exhausted his administrative remedies prior to instituting his complaint seeking this Court's jurisdiction.  Strict proof thereof is demanded at time of trial.  Defendants deny the remaining allegations set forth in this paragraph.  This paragraph states conclusions of law to which no response is required.

## RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS

7.      Admitted.

8.      Defendants deny that Anthony Williams is the Mayor of the District of Columbia or that he is being sued in his official capacity.

9.      Admitted.

10.     Defendants deny that Robert Clay is the Warden of the District of Columbia Jail or that he is being sued in his official capacity.

2

11.     Defendants deny that Edward D. Reiskin is the Deputy Mayor of the District of Columbia for Public Safety or that he is being sued in his official capacity.

12.     Defendants admit only that Nora Tally (Tally), Captain is an employee of the DC Department of Corrections.  Defendants deny that Tally is being sued in her official capacity or individual capacity, and if material, strict proof thereof is demanded at time of trial.

13.     Defendants deny that Gloria Nelson is the Director of Records, D.C. Department of Corrections or that she is being sued in his official capacity.

14.     Defendants admit that Dr. Gregg Pane is the Director of the District of Columbia Department of Health, but denies that Dr. Pane is being sued in his official capacity.

15.     Denied.

16.     Denied.

## RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS

17.     Defendants deny plaintiff's characterizations set forth in this paragraph, but if material, demands strict proof thereof at time of trial.

18.     Defendants deny plaintiff's characterization of the term "overdetain" set forth in this paragraph 18, but if material, demands strict proof thereof at time of trial.

19.     Admitted.

20.     Defendants admit that plaintiff was released on or about April 28, 2006.  The remainder of this paragraph 20 is specifically denied.  If material, strict proof thereof is demanded at time of trial.

21.     Defendants deny plaintiff's characterizations set forth in this paragraph 21, but if material, demand strict proof thereof at time of trial.

3

22.     Defendants deny plaintiff's characterizations set forth in this paragraph 22, and specifically deny that plaintiff made protestations.  If material, strict proof thereof is demanded at time of trial.

23.     Defendants deny plaintiff's characterizations set forth in this paragraph 23.  If material, strict proof thereof is demanded at time of trial.

24.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 24.  If material, strict proof thereof is demanded at time of trial.

25.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 25.  If material, strict proof thereof is demanded at time of trial.

26.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 26.  If material, strict proof thereof is demanded at time of trial.

27.     This paragraph states a conclusion of law to which no response is required.

28.     Defendants deny plaintiff's characterization of the term "exit date."  If material, strict proof thereof is demanded at time of trial.

29.     This paragraph states a conclusion of law to which no response is required.

30.     Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 30.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states a conclusion of law to which no response is required.

31.    Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 31.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states a conclusion of law to which no response is required.

32.    Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 31.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states a conclusion of law to which no response is required.

33.    Admitted.

34.    Admitted.

35.    Admitted.

36.    Admitted.

37.    Admitted.

38.    This paragraph states a conclusion of law to which no response is required.

39.    Admitted.

40.    Admitted.

41.    Admitted.

42.    Admitted.

43.    Defendants admit that inmates housed in halfway houses are permitted access to the street in order to work, obtain drug or other substance abuse treatment or for other purposes.  The remainder of this paragraph states a conclusion of law to which no response is required.

44.    Admitted.

45.     Defendants admit that the Records Office processes inmates for release.  Defendants

deny plaintiff's characterization as "ensuring" and if material, strict proof thereof is demanded at

time of trial.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Denied.

52.     Defendants admit that release and commitment orders are transported by the U.S.

Marshal Service as prisoners are bused from the courthouse to the jail.  Defendants deny

plaintiffs characterization that this process is a result of foregoing allegations set forth in this

amended complaint.  If material, Defendants demand strict proof at time of trial.

53.     Denied.

54.     Denied.

55.     Denied.

56.     This paragraph 56 states a conclusion of law to which no response is required.  To the

extent a response is required, the allegation is denied.

57.     Defendants deny plaintiff's characterization of the inmate management system.  If

material, strict proof thereof is demanded at time of trial.

58.     Defendants admit only that several reports have been prepared regarding the Department

of Corrections.  Defendants deny plaintiff's characterizations of those reports alleged in

paragraph 58 of the amended complaint. If material, strict proof thereof is demanded at time of trial.

59.     Admitted.

60.     Defendants admit only that the document speaks for itself. If material, strict proof thereof is demanded at time of trial.

61.     Defendants admit only that the document speaks for itself. If material, strict proof thereof is demanded at time of trial.

62.     Defendants admit only that the document speaks for itself. If material, strict proof thereof is demanded at time of trial.

63.     Defendants deny the allegations set forth in this paragraph. If material, strict proof thereof is demanded at time of trial.

64.     Defendants admit only that plaintiff was released on or about April 28, 2006. The remainder of this paragraph is plaintiff's characterization of the facts and conclusions of law to which no response is required.

65.     This paragraph states conclusions of law to which no response is required. To the extent that a response is required, the Defendants deny the allegations.

66.     This paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required. To the extent that a response is required, the Defendants deny the allegations.

67.     Defendants are without information sufficient to respond to this paragraph 67, and therefore deny the allegations set forth therein. If material, strict proof thereof is demanded at time of trial.

**68.**     Defendants deny the characterizations set forth in this paragraph 68.  If material, strict proof thereof is demanded at time of trial.

69.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 69, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

70.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 70, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

71.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 71, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

72.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 72, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

73.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 73, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

74.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 74, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

75.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 75, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

76. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 76, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

77. Defendants specifically deny plaintiff's characterizations regarding defendants' alleged conduct as egregious, gross negligence or reckless indifference, and if material demand strict proof thereof at time of trial. Defendants are without information sufficient to respond to the remaining allegations set forth in this paragraph 77, and therefore, deny same. The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

78. Defendants are without information sufficient to respond to the allegations set forth in this paragraph 78, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.

79. Defendants specifically deny plaintiff's characterizations regarding defendants' alleged conduct and alleged failures by District personnel, and if material demand strict proof thereof at time of trial. Defendants are without information sufficient to respond to the remaining allegations set forth in this paragraph 79, and therefore, deny same. The remainder of this paragraph states conclusions of law to which no response is required.

80. Denied. This paragraph states conclusions of law to which no response is required.

81. To the extent that this paragraph makes allegations against an answering defendant, the allegations are specifically denied. The remainder of this paragraph states conclusions of law to which no response is required.

82.     Defendants admit only that plaintiff was housed at CTF at one time during his
incarceration.  Defendants deny the remainder of plaintiff's characterization of his incarceration,
and if material, demand strict proof thereof at time of trial.

83.     Defendants admit only that plaintiff was housed at CTF at one time during his
incarceration.  Defendants deny the remainder of plaintiff's characterization of his incarceration,
and if material, demand strict proof thereof at time of trial.

84.     Defendants admit only that plaintiff was housed at D.C. Jail upon return from his
extradition and incarceration in Virginia.  Defendants deny the remainder of plaintiff's
characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

85.     Defendants admit only that plaintiff was housed at D.C. Jail upon return from his
extradition and incarceration in Virginia.  Defendants deny the remainder of plaintiff's
characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

86.     To the extent that this paragraph makes allegations regarding answering defendants,
Defendants deny the characterizations set forth in paragraph 86.  Defendants are without
information sufficient to respond to the allegations regarding the effect of incarceration
experienced by plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded
at time of trial.

87.     To the extent that this paragraph makes allegations regarding answering defendants,
Defendants deny the characterizations set forth in paragraph 87.  Defendants are without
information sufficient to respond to the allegations regarding the incarceration experienced by
plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.
The remainder of this paragraph states conclusions of law to which no response is required.

88.     To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the characterizations set forth in paragraph 86.  Defendants are without

information sufficient to respond to the allegations regarding the incarceration experienced by

plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

### RESPONSES TO PLAINTIFFS' SUBSTANTIVE ALLEGATIONS

### Response to Count I

89.     Defendants repeat its responses to all allegations set forth above as if set forth at length

herein.

90.     To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the characterizations set forth in paragraph 90.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which

no response is required.

91.     To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the characterizations set forth in paragraph 91.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which

no response is required.

92.     To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the characterizations set forth in paragraph 92.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which

no response is required.

93.     To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the characterizations set forth in paragraph 93.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

94.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 94.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

95.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 95.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

96.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 96.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

97.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 97.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

98.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 98.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required

99.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 99.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

100.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 100.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

101.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 101.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

102.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 102.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required

103.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 103.  Defendants are without information sufficient to respond to the allegations regarding the effect of incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded

13

at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required

104.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 104.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

## Response to Count II

105.    Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

106.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 106.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

107.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 107.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

108.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 108.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

109.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 109.  If material, strict proof thereof

is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

110. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 110. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

111. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 111. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

112. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 112. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

113. This paragraph does not refer to answering defendants, and thus no response is required.

114. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 114. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

115. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 115. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

116.    To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the allegations and characterizations set forth in paragraph 116.  If material,

strict proof thereof is demanded at time of trial.  The remainder of this paragraph states

plaintiff's characterization of the facts and conclusions of law to which no response is required.

117.    To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the allegations and characterizations set forth in paragraph 117.  If material,

strict proof thereof is demanded at time of trial.  The remainder of this paragraph states

conclusions of law to which no response is required.

118.    To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the allegations and characterizations set forth in paragraph 118.  If material,

strict proof thereof is demanded at time of trial.  The remainder of this paragraph states

conclusions of law to which no response is required.

119.    To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the allegations and characterizations set forth in paragraph 119.  If material,

strict proof thereof is demanded at time of trial.  The remainder of this paragraph states

conclusions of law to which no response is required.

120.    Answering defendants are without information sufficient to respond to the allegations set

forth in this paragraph 120, and therefore deny same.  If material, strict proof thereof is

demanded at time of trial.

121.    To the extent that this paragraph makes allegations regarding answering defendants,

Defendants deny the characterizations set forth in paragraph 121.  Defendants are without

information sufficient to respond to the allegations regarding the incarceration or alleged harm

experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at

time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Count III and Count III (sic)

122.    Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

123.    – 146. The allegations and legal conclusion of these paragraphs have been dismissed, thus no response is required. To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Count IV

147.    Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

148.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 148. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

149.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 149. If material, strict proof thereof is demanded at time of trial.

150.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 150. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

151.    This paragraph states conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

152.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 152. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

153.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 153.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

154.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 154.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

155.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 155.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

156.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 156.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

157.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 157.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

158.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 158.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

159.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 159.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

160.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 160.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

161.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 161.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

162.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 162.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

163.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 163.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

164.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 164.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

165.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 165.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

**Response to Count V**

166.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

167.    -174    The allegations and legal conclusion of these paragraphs have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Count VI**

175.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

176.    The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Unnumbered Paragraph (A) Regarding Overcrowding**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Unnumbered Paragraph Regarding
Medical Care at the DC Jail From Systematic Deficiencies**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (C) Regarding Allegations
that the DC Jail Suffers from Inadequate Medical Health Professionals**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (D) Allegations Regarding
### Defective and Unsanitary Third-World Showers

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (E) Allegations Regarding
### Inadequate Dietary and Nutritional Health Care Professionals

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (F) Allegations Regarding Deficient
### Law Library Resources and Staff

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

22

**Response to Paragraph (G) Allegations Regarding Insufficient Security and Lack of Correctional Officers**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (H) Allegations Regarding Dangerous Commingling of Inmates**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (I) Allegations Regarding Defective Grievance Process**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (J) Allegations Regarding Systemic Smoke Screens to disguise and Suppress Dismal Health-Safety Crisis and Deprecatory Conditions**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (K) Allegations Regarding Lack of Reading Materials**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (L) Allegations Regarding Lack of Recreational Budget/ Recreational Equipment

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (M) Allegations Regarding Defective Roach Infected (Sic) Mattresses

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (N) Allegations Regarding One Desk, One Chair

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (O) Allegations Regarding Deficient Commissary

24

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (P) Allegations Regarding Lack of Nail Clippers**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Q) Allegations Regarding
Deprivation of Basic Human Needs**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (R) Allegations Regarding Regular Sewage Backup**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (S) Allegations Regarding Lack of Dental Care**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no

response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (T) Allegations Regarding Unauthorized Opening of Mail Outside of the Inmate Presence Including Legal Mail

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (U) Allegations Regarding Hazardous Bunk Beds without Ladders

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (V) Allegations Regarding DC Department of Health Failure to Inspect Jail for Health and Safety

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (W) Allegations Regarding Lack of Rehabilitative Courses

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no

response is required. To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (X) Allegations Regarding Defective Heating and Ventilation

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein. If material, strict proof thereof is demanded at time of trial. Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (Y) Allegations Regarding Defective Heating and Ventilation

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein. If material, strict proof thereof is demanded at time of trial. Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (Z) Allegations Regarding Destruction of Plaintiff's Dental Crown and Refusal to Replace

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required. To the extent that a response is required of these answering defendants, the allegations are denied.

27

**Response to Paragraph (Z1) Allegations Regarding Retaliation for Whistleblowing Activies (sic) and for Petitioning the Court and Congress for Redress**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  By way of further answer, this paragraph states allegations and claims regarding persons other than answering defendants.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Z2) Allegations Regarding Cancellation of Platiff's (sic) Assignment to the Law Library**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Z3) Allegations Regarding the Cancellation of Plaintiff's Dietary Meals on May 2, 2005 Causing Plaintiff to be taken off the Diabetic Diet List**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states plaintiff's characterizations of fact and conclusions of law to which no response is required.

### Response to Paragraph (Z4) Allegations Regarding Plaintiff's
### Placement in a Cell with an Inmate with Sores

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

177.  Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

178.  Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Allegations Regarding Defendant Correction Corporation of America

179.  Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

180.  -189.  The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  These paragraphs pertain to defendants other than answering defendants, thus, no response is required.  To the extent that this paragraph makes allegations

regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.

## RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF

No response is required to the remainder of the complaint, which sets forth Plaintiff's prayer for relief.  To the extent that a response is required, the Defendants deny the remaining allegations in the third amended complaint.

## THIRD DEFENSE

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses based upon their current knowledge and information.

1.      Administrative out-processing of inmates may delay release until all warrants and detainers require time to clear through several national and international computer databases.

2.      Plaintiff failed to exhaust his administrative remedies.

3.      Delayed releases caused by computer malfunction do not rise to the level of unconstitutional deliberate indifference.

4.      D.C. Superior Court Administrative Order 02-22 dated August 5, 2002 requires that the U.S. Marshal Service have an inmate's paperwork in hand before the inmate is returned to DOC custody.

5.      Defendant cannot release an inmate after 10:00 p.m. as a matter of law.

6.      The actions or failure to act which give rise to the claims alleged by Plaintiffs were the responsibility of or conducted by a person or party other than the District of Columbia.

7.      Defendants, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

8.      Defendants reserve the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

9.      The actions of the defendants and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

10.      To the extent plaintiffs seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

11.      The local law claims are barred by the District of Columbia's discretionary function immunity.

12.      Plaintiff has failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

13.      Defendants state that they assert these affirmative defenses based upon information presently available and in order to avoid waiver.  Defendants reserve the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

    **WHEREFORE**, Defendants pray for a judgment dismissing the amended complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

                      Respectfully submitted,

                      LINDA SINGER
                      Attorney General for the District of Columbia

                                                                              31

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

DR. SIMON BANKS,                          )
                                          )
                    Plaintiff,            )
                                          )        Civil Action No. 05-1514 (ESH)
          v.                              )
S. ELWOOD YORK, JR., et al.,              )
                                          )
                    Defendants.           )
_____)

### ANSWER TO SECOND AMENDED COMPLAINT

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of

Columbia (hereinafter "the District") and Devon Brown (hereinafter "Director Brown")

(collectively "the District Defendants" or "Defendants"), by and through undersigned counsel,

respectfully answers the Third Amended Complaint in the above-captioned case.

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Except as hereinafter expressly admitted, qualified, or otherwise admitted, defendant

specifically denies each and every allegation, statement, matter and thing contained in the

amended complaint.  Defendants respond to the numbered allegations in the third amended

complaint on knowledge and on information and belief as to other matters, as follows:

**Response to Introduction**

1.      Defendants admit that Plaintiff has styled his action as an action for injuries resulting

from overdetention.  Plaintiff's contention that the District has violated the laws referenced in

this paragraph is a conclusion of law to which no response is required.

1

**Responses to Jurisdiction and Venue**

3.      Defendants admit the statutory references cited in paragraph 3 of the amended complaint, but deny that these references necessarily confer jurisdiction on this Court in this matter.

4.      Defendants admit that statutory references cited in paragraph 4 of the amended complaint, but deny that venue is necessarily proper in this Court.

5.      This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 5 and demand strict proof at time of trial.

6.      This paragraph states Plaintiffs' factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 6 and demand strict proof at time of trial.

**RESPONSES TO PLAINTIFF'S STATEMENT REGARDING EXHAUSTION**

Defendants specifically deny that plaintiff has exhausted his administrative remedies prior to instituting his complaint seeking this Court's jurisdiction.  Strict proof thereof is demanded at time of trial.  Defendants deny the remaining allegations set forth in this paragraph.  This paragraph states conclusions of law to which no response is required.

**RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS**

7.      Admitted.

8.      Defendants deny that Anthony Williams is the Mayor of the District of Columbia or that he is being sued in his official capacity.

9.      Admitted.

10.      Defendants deny that Robert Clay is the Warden of the District of Columbia Jail or that he is being sued in his official capacity.

2

11.     Defendants deny that Edward D. Reiskin is the Deputy Mayor of the District of Columbia for Public Safety or that he is being sued in his official capacity.

12.     Defendants admit only that Nora Tally (Tally), Captain is an employee of the DC Department of Corrections.  Defendants deny that Tally is being sued in her official capacity or individual capacity, and if material, strict proof thereof is demanded at time of trial.

13.     Defendants deny that Gloria Nelson is the Director of Records, D.C. Department of Corrections or that she is being sued in his official capacity.

14.     Defendants admit that Dr. Gregg Pane is the Director of the District of Columbia Department of Health, but denies that Dr. Pane is being sued in his official capacity.

15.     Denied.

16.     Denied.

## RESPONSES TO PLAINTIFFS' FACTUAL ALLEGATIONS

17.     Defendants deny plaintiff's characterizations set forth in this paragraph, but if material, demands strict proof thereof at time of trial.

18.     Defendants deny plaintiff's characterization of the term "overdetain" set forth in this paragraph 18, but if material, demands strict proof thereof at time of trial.

19.     Admitted.

20.     Defendants admit that plaintiff was released on or about April 28, 2006.  The remainder of this paragraph 20 is specifically denied.  If material, strict proof thereof is demanded at time of trial.

21.     Defendants deny plaintiff's characterizations set forth in this paragraph 21, but if material, demand strict proof thereof at time of trial.

3

22.     Defendants deny plaintiff's characterizations set forth in this paragraph 22, and specifically deny that plaintiff made protestations.  If material, strict proof thereof is demanded at time of trial.

23.     Defendants deny plaintiff's characterizations set forth in this paragraph 23.  If material, strict proof thereof is demanded at time of trial.

24.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 24.  If material, strict proof thereof is demanded at time of trial.

25.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 25.  If material, strict proof thereof is demanded at time of trial.

26.     After reasonable investigation, Defendants are without information sufficient to admit or deny the allegations set forth in this paragraph 26.  If material, strict proof thereof is demanded at time of trial.

27.     This paragraph states a conclusion of law to which no response is required.

28.     Defendants deny plaintiff's characterization of the term "exit date."  If material, strict proof thereof is demanded at time of trial.

29.     This paragraph states a conclusion of law to which no response is required.

30.     Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 30.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states a conclusion of law to which no response is required.

31.     Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 31.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states a conclusion of law to which no response is required.

32.     Defendants admit only that Brown is the Director of the D.C. Department of Corrections. Defendants deny plaintiff's characterizations set forth in this paragraph 31.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states a conclusion of law to which no response is required.

33.     Admitted.

34.     Admitted.

35.     Admitted.

36.     Admitted.

37.     Admitted.

38.     This paragraph states a conclusion of law to which no response is required.

39.     Admitted.

40.     Admitted.

41.     Admitted.

42.     Admitted.

43.     Defendants admit that inmates housed in halfway houses are permitted access to the street in order to work, obtain drug or other substance abuse treatment or for other purposes.  The remainder of this paragraph states a conclusion of law to which no response is required.

44.     Admitted.

5

45.     Defendants admit that the Records Office processes inmates for release.  Defendants deny plaintiff's characterization as "ensuring" and if material, strict proof thereof is demanded at time of trial.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     Denied.

52.     Defendants admit that release and commitment orders are transported by the U.S. Marshal Service as prisoners are bused from the courthouse to the jail.  Defendants deny plaintiffs characterization that this process is a result of foregoing allegations set forth in this amended complaint.  If material, Defendants demand strict proof at time of trial.

53.     Denied.

54.     Denied.

55.     Denied.

56.     This paragraph 56 states a conclusion of law to which no response is required.  To the extent a response is required, the allegation is denied.

57.     Defendants deny plaintiff's characterization of the inmate management system.  If material, strict proof thereof is demanded at time of trial.

58.     Defendants admit only that several reports have been prepared regarding the Department of Corrections.  Defendants deny plaintiff's characterizations of those reports alleged in

paragraph 58 of the amended complaint.  If material, strict proof thereof is demanded at time of trial.

59.    Admitted.

60.    Defendants admit only that the document speaks for itself.  If material, strict proof thereof is demanded at time of trial.

61.    Defendants admit only that the document speaks for itself.  If material, strict proof thereof is demanded at time of trial.

62.    Defendants admit only that the document speaks for itself.  If material, strict proof thereof is demanded at time of trial.

63.    Defendants deny the allegations set forth in this paragraph.  If material, strict proof thereof is demanded at time of trial.

64.    Defendants admit only that plaintiff was released on or about April 28, 2006.  The remainder of this paragraph is plaintiff's characterization of the facts and conclusions of law to which no response is required.

65.    This paragraph states conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations.

66.    This paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.  To the extent that a response is required, the Defendants deny the allegations.

67.    Defendants are without information sufficient to respond to this paragraph 67, and therefore deny the allegations set forth therein.  If material, strict proof thereof is demanded at time of trial.

**68.**     Defendants deny the characterizations set forth in this paragraph 68.  If material, strict proof thereof is demanded at time of trial.

69.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 69, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

70.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 70, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

71.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 71, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

72.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 72, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

73.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 73, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

74.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 74, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

75.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 75, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

76.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 76, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

77.     Defendants specifically deny plaintiff's characterizations regarding defendants' alleged conduct as egregious, gross negligence or reckless indifference, and if material demand strict proof thereof at time of trial. Defendants are without information sufficient to respond to the remaining allegations set forth in this paragraph 77, and therefore, deny same.  The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

78.     Defendants are without information sufficient to respond to the allegations set forth in this paragraph 78, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

79.     Defendants specifically deny plaintiff's characterizations regarding defendants' alleged conduct and alleged failures by District personnel, and if material demand strict proof thereof at time of trial. Defendants are without information sufficient to respond to the remaining allegations set forth in this paragraph 79, and therefore, deny same.  The remainder of this paragraph states conclusions of law to which no response is required.

80.     Denied.  This paragraph states conclusions of law to which no response is required.

81.     To the extent that this paragraph makes allegations against an answering defendant, the allegations are specifically denied.  The remainder of this paragraph states conclusions of law to which no response is required.

82.     Defendants admit only that plaintiff was housed at CTF at one time during his incarceration.  Defendants deny the remainder of plaintiff's characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

83.     Defendants admit only that plaintiff was housed at CTF at one time during his incarceration.  Defendants deny the remainder of plaintiff's characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

84.     Defendants admit only that plaintiff was housed at D.C. Jail upon return from his extradition and incarceration in Virginia.  Defendants deny the remainder of plaintiff's characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

85.     Defendants admit only that plaintiff was housed at D.C. Jail upon return from his extradition and incarceration in Virginia.  Defendants deny the remainder of plaintiff's characterization of his incarceration, and if material, demand strict proof thereof at time of trial.

86.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 86.  Defendants are without information sufficient to respond to the allegations regarding the effect of incarceration experienced by plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

87.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 87.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

88.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 86.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same.  If material, strict proof thereof is demanded at time of trial.

### RESPONSES TO PLAINTIFFS' SUBSTANTIVE ALLEGATIONS

### Response to Count I

89.     Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

90.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 90.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

91.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 91.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

92.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 92.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

93.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 93.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

94.      To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 94.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

95.      To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 95.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

96.      To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 96.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

97.      To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 97.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

98.      To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 98.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required

99.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 99.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

100.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 100.  Defendants are without information sufficient to respond to the allegations regarding the incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

101.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 101.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

102.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 102.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required

103.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 103.  Defendants are without information sufficient to respond to the allegations regarding the effect of incarceration experienced by plaintiff, and therefore, deny same. If material, strict proof thereof is demanded

13

at time of trial. The remainder of this paragraph states conclusions of law to which no response is required

104.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 104. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

**Response to Count II**

105.    Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

106.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 106. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

107.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 107. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

108.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 108. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

109.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 109. If material, strict proof thereof

is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

110. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 110. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

111. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 111. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

112. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 112. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

113. This paragraph does not refer to answering defendants, and thus no response is required.

114. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 114. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

115. To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 115. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

116.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 116.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

117.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 117.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

118.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 118.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

119.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the allegations and characterizations set forth in paragraph 119.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

120.    Answering defendants are without information sufficient to respond to the allegations set forth in this paragraph 120, and therefore deny same.  If material, strict proof thereof is demanded at time of trial.

121.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 121.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at

16

time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

## Response to Count III and Count III (sic)

122.    Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

123.    – 146. The allegations and legal conclusion of these paragraphs have been dismissed, thus no response is required. To the extent that a response is required of these answering defendants, the allegations are denied.

## Response to Count IV

147.    Defendants repeat its responses to all allegations set forth above as if set forth at length herein.

148.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 148. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states plaintiff's characterization of the facts and conclusions of law to which no response is required.

149.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 149. If material, strict proof thereof is demanded at time of trial.

150.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 150. If material, strict proof thereof is demanded at time of trial. The remainder of this paragraph states conclusions of law to which no response is required.

151.    This paragraph states conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

152.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 152. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

153.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 153.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

154.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 154.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

155.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 155.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

156.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 156.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

157.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 157.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

158.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 158.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

159.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 159.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

160.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 160.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

161.     To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 161.  If material, strict proof thereof

is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

162.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 162.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

163.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 163.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

164.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 164.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

165.    To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set forth in paragraph 165.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

**Response to Count V**

166.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

167.    -174    The allegations and legal conclusion of these paragraphs have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Count VI**

175.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

176.    The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Unnumbered Paragraph (A) Regarding Overcrowding**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Unnumbered Paragraph Regarding
Medical Care at the DC Jail From Systematic Deficiencies**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (C) Regarding Allegations
that the DC Jail Suffers from Inadequate Medical Health Professionals**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (D) Allegations Regarding
### Defective and Unsanitary Third-World Showers

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (E) Allegations Regarding
### Inadequate Dietary and Nutritional Health Care Professionals

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (F) Allegations Regarding Deficient
### Law Library Resources and Staff

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

22

**Response to Paragraph (G) Allegations Regarding Insufficient Security and Lack of Correctional Officers**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (H) Allegations Regarding Dangerous Commingling of Inmates**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (I) Allegations Regarding Defective Grievance Process**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (J) Allegations Regarding Systemic Smoke Screens to disguise and Suppress Dismal Health-Safety Crisis and Deprecatory Conditions**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (K) Allegations Regarding Lack of Reading Materials**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (L) Allegations Regarding Lack of Recreational Budget/ Recreational Equipment

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (M) Allegations Regarding Defective Roach Infected (Sic) Mattresses

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (N) Allegations Regarding One Desk, One Chair

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (O) Allegations Regarding Deficient Commissary

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (P) Allegations Regarding Lack of Nail Clippers

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (Q) Allegations Regarding Deprivation of Basic Human Needs

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (R) Allegations Regarding Regular Sewage Backup

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (S) Allegations Regarding Lack of Dental Care

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no

response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (T) Allegations Regarding Unauthorized Opening of Mail Outside of the Inmate Presence Including Legal Mail

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (U) Allegations Regarding Hazardous Bunk Beds without Ladders

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (V) Allegations Regarding DC Department of Health Failure to Inspect Jail for Health and Safety

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (W) Allegations Regarding Lack of Rehabilitative Courses

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no

26

response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

### Response to Paragraph (X) Allegations Regarding Defective Heating and Ventilation

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (Y) Allegations Regarding Defective Heating and Ventilation

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

### Response to Paragraph (Z) Allegations Regarding Destruction of Plaintiff's Dental Crown and Refusal to Replace

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Z1) Allegations Regarding Retaliation for Whistleblowing Activies (sic) and for Petitioning the Court and Congress for Redress**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  By way of further answer, this paragraph states allegations and claims regarding persons other than answering defendants.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Z2) Allegations Regarding Cancellation of Platiff's (sic) Assignment to the Law Library**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

**Response to Paragraph (Z3) Allegations Regarding the Cancellation of Plaintiff's Dietary Meals on May 2, 2005 Causing Plaintiff to be taken off the Diabetic Diet List**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding the incarceration or alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states plaintiff's characterizations of fact and conclusions of law to which no response is required.

**Response to Paragraph (Z4) Allegations Regarding Plaintiff's
Placement in a Cell with an Inmate with Sores**

Defendants repeat their responses to all allegations set forth above as if set forth at length herein. The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  To the extent that a response is required of these answering defendants, the allegations are denied.

177.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

178.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.  To the extent that this paragraph makes allegations regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.  Defendants are without information sufficient to respond to the allegations regarding alleged harm experienced by plaintiff, and therefore deny same. The remainder of this paragraph states conclusions of law to which no response is required.

**Response to Allegations Regarding Defendant Correction Corporation of America**

179.    Defendants repeat their responses to all allegations set forth above as if set forth at length herein.

180.    -189.  The allegations and legal conclusion of this paragraph have been dismissed, thus no response is required.  These paragraphs pertain to defendants other than answering defendants, thus, no response is required.  To the extent that this paragraph makes allegations

regarding answering defendants, Defendants deny the characterizations set herein.  If material, strict proof thereof is demanded at time of trial.

### RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF

No response is required to the remainder of the complaint, which sets forth Plaintiff's prayer for relief.  To the extent that a response is required, the Defendants deny the remaining allegations in the third amended complaint.

### THIRD DEFENSE

All allegations not specifically admitted are denied.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses based upon their current knowledge and information.

1.      Administrative out-processing of inmates may delay release until all warrants and detainers require time to clear through several national and international computer databases.

2.      Plaintiff failed to exhaust his administrative remedies.

3.      Delayed releases caused by computer malfunction do not rise to the level of unconstitutional deliberate indifference.

4.      D.C. Superior Court Administrative Order 02-22 dated August 5, 2002 requires that the U.S. Marshal Service have an inmate's paperwork in hand before the inmate is returned to DOC custody.

5.      Defendant cannot release an inmate after 10:00 p.m. as a matter of law.

6.      The actions or failure to act which give rise to the claims alleged by Plaintiffs were the responsibility of or conducted by a person or party other than the District of Columbia.

7.      Defendants, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

8.      Defendants reserve the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

9.      The actions of the defendants and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

10.     To the extent plaintiffs seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

11.     The local law claims are barred by the District of Columbia's discretionary function immunity.

12.     Plaintiff has failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

13.     Defendants state that they assert these affirmative defenses based upon information presently available and in order to avoid waiver.  Defendants reserve the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**WHEREFORE**, Defendants pray for a judgment dismissing the amended complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

31

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)