UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
DR. SIMON BANKS, J.D.                         )
                                              )
              Plaintiff                       )
                                              )
       v.                                     )          Case: 1:07-cv-02115 (ESH)
                                              )
DISTRICT OF COLUMBIA, et al.                  )
                                              )
                                              )
              Defendants                      )
_____)

**DISTRICT DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS AND
FOR SANCTIONS**

On or about December 14, 2007, the District Defendants filed a Motion to Dismiss and

for Sanctions for Plaintiff's inability to comply with this Court's orders, to wit:

(a) The complaint violates an order of this court issued on September 17, 2007 by the

   Honorable Ellen S. Huvelle, which specifically limited the claims that could be lodged by

   stating,

> [p]laintiff may continue to pursue against the District of Columbia (1) his
> Section 1983 claim for overdetention; (2) his Eighth Amendment claims
> based on the denial of a diabetic diet and the lack of heat at the D.C. Jail;
> (3) his claim regarding the opening of his legal mail outside of his presence;
> and (4) his negligent training and supervision claims. Plaintiff may also
> continue to pursue his Section 1983 claim for overdetention and his
> negligent training and supervision claims against Devon Brown in his
> individual capacity.  (Case 1:05-cv-01514-ESH Document 120 Filed
> 09/17/2007) (hereinafter "Huvelle Order")

(b)  Plaintiff violated the Huvelle Order by

       a.    Making allegations against Director Brown in his official capacity;

       b.    Making allegations against Director Brown for denial of medical care (Count I);

       c.    Making allegations against Director Brown for lack of heat (Count I);

1

      d.  Making Deliberate Indifference claims against Director Brown for lack of heat (Count III);

      e.  Making Deliberate Indifference claims against Director Brown for deprivations of medical-diabetic meals (Count III);

      f.  Making Deliberate Indifference claims against Director Brown for deprivation of diabetic meals repeated (Count IV);

      g.  Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the third time for failure to provide diabetic meals (also nominated Count III for a second time);

      h.  Making Eighth Amendment and 14th Amendment Due Process claims against Director Brown repeated for the second time for failure to provide adequate heat (also nominated Count III for a second time);

(c) The complaint fails to state a claim upon which relief may be granted against the District of Columbia under Count III (second Count III, page 13) since the 14th Amendment to the U.S. Constitution is not made applicable to the District of Columbia;

(d) Plaintiff waived his claim for alleged opened mail outside his presence by failing to allege said claim pursuant to the Huvelle Order, and as such, District Defendants seek a ruling that the claim is dismissed with prejudice;

(e) The legal doctrine of *non sui juris* prohibits suit against Director Brown in his official capacity;

(f) Plaintiff's contempt of this court's order and contumacious practices warrant sanctions pursuant to Federal Rule of Civil Procedure 11 and this Court's equitable powers;

(g) Plaintiff failed to exhaust administrative remedies.

Since the District Defendants filed the December 14, 2007 Motion to Dismiss and for Sanctions, the Plaintiff requested and received several enlargements of time to respond to the motion.  However, a thorough review of the filed opposition indicates that no substantive legal or

factual opposition was tendered to this Court.  As a result, the District Defendants' motion to

dismiss and for sanctions should be granted.

Instead of opposing dismissal of his suit by legal reasoning supported by statute,

regulations, case law or administrative decisions, Plaintiff merely incorporates by reference a

myriad of prior pleadings, motions, and letters filed by him in this suit and in the severed action

docketed at *Banks v. York,* 05-cv-1514 [RCL].  The opposition fails to point to specific portions

of the prior pleadings allegedly supporting Plaintiff's position; but instead, uses a "shotgun"

approach to legal argument by reiterating docket entries in the hope that a legal position

contained therein will be validated by the Court.  In summary, Plaintiff failed to oppose the

motion, and as a result the motion should be granted.

Further, Plaintiff uses yet another opportunity to malign opposition counsel and this

Court by interposing *ad hominem* and *in personam* attacks without support for such attacks.

(Pltf.  Op. ¶ 2; Pltf. Mem. Op. page 6).  This assault on the bench and bar should be sanctioned,

and Banks' contumacious behavior curtailed.

Respectfully submitted,

PETER NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)

3

(202) 727-3625 (fax)

**CERTIFICATE OF SERVICE**

The District of Columbia and Devon Brown certify that they served plaintiff with the

Reply to Plaintiff's Opposition to Motion to Dismiss and for Sanctions on April 3, 2008 by

electronic mail at DRSimon Banks [drsbanks@msn.com].

        _/S/_____
        Denise J. Baker
        D.C. Bar No. 493414
        Assistant Attorney General
        441 4th Street, Northwest
        6th Floor South
        Washington, D.C. 20001
        202-442-9887
        Denise.baker@dc.gov