UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
DR. SIMON BANKS, J.D.                  )
                                       )
      Plaintiff                        )
                                       )
      v.                               )    Case: 1:07-cv-02115 (ESH)
                                       )
DISTRICT OF COLUMBIA, et al.           )
                                       )
                                       )
      Defendants                       )
_____)

**DISTRICT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DISTRICT DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS AND FOR SANCTIONS [DKT. NO. 28]**

      Defendants oppose "Plaintiff's motion for Extension of Time to submit reply to District's Response to Plaintiff's Opp. to Districts' Motion to Dismiss and Sanctions," which was filed on April 14, 2008. Plaintiff's motion to extend time to respond to the Defendants' motions should be denied for the following reasons:

      Procedural History

      The District Defendants filed a Motion to Dismiss and for Sanctions. Dkt. No. 8. On March 24, 2008, Plaintiff filed his Memorandum in opposition (Dkt. 26). On April 3, 2008, the District Defendants filed their Reply to Plaintiff's opposition (Dkt. 27). On April 14, 2008, Plaintiff filed his motion for extension of time to submit reply to District's Response to Plf's Opp to Dist Mot to Dismiss & Sanctions. (Dkt. 28). It is the Motion docketed at number 28, which is at issue in the District Defendants' opposition, *sub judice*.

      Legal Argument

1.     Plaintiff failed to abide by the Local Rules of Court. LCvR 7 (m). More specifically, on Monday, April 14, 2008, Plaintiff attempted to contact defense counsel to request consent to file

the within motion without success. No consent from Defendants' counsel was discussed or obtained since Plaintiff never actually spoke with or received a written response from Defendants' counsel. Factually, Defendants' counsel was out of the office. A copy of the telephone message requesting consent to the motion for enlargement of time is resident on undersigned attorney's telephone, 202-442-9887. No local or federal court rule permits Plaintiff's attestations of consent without actually gaining consent from counsel or a party. Thus, Plaintiff is less than candid with this Court when he pleads affirmatively that "The Defendants consent to the motion."

2. Local Rule LCvR7 (d) only provides for a "Reply memoranda," which is what was filed by the District Defendants. It is assumed that any additional filings or documents require leave of Court, which Plaintiff has not requested or received. Thus, District Defendants are without authority under the local rules to consent to Plaintiff's request to file a "Response" to the District Defendants' Reply Memoranda since Plaintiff would need the consent of the Court to do so.

3. Plaintiff's alleged "cause" for the extension of time is, at best, irrelevant and, at worse, fictitious. Fed. R. Civ. Pro. Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time, however, any extension of a time limitation must be "for cause shown." *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 896 (1990). Plaintiff was not candid in his allegations of "cause." Plaintiff informs this Court that:

> The Plaintiff did not receive a copy of the defendants' response to Plaintiff's Motion pursuant to Rule 56(f) Fed. R. Civ. P., for Discovery and for extension of time to afford Plaintiff time to complete discovery prior to being required to file response to the District and DeVon Brown's Motion to Dismiss and for Sanctions until Monday, February 12, 2008.

(Pltf. Mem. page 3 of 5). It is not clear why Plaintiff would reference a failure to receive a copy of the "defendants' response to Motion pursuant to Rule 56(f)" in support of this motion for

2

enlargement of time. Not only is it seemingly irrelevant, it fails to allege cause for the instant motion sufficient to support an exercise of the Court's discretion to grant Plaintiff an extension here and now.

More relevant is the fact the District Defendants' counsel sent a copy of the District Defendants' Reply memorandum via email to drsbanks@msn.com on Thursday April 3, 2008 at 5:28 PM. (*See* Exhibit "A" a copy of the email attached hereto and made a part hereof). Nowhere in Plaintiff's motion does he acknowledge receipt of the reply memorandum; thus, Plaintiff creates the illusion that Defendants failed to properly serve him. That illusion is fictional and casts undue false light upon the Defendants and their counsel.

Lastly, this motion is virtually identical to Plaintiff's motion filed on February 14, 2008. (Dkt. No. 23). Plaintiff changed only the docket entry titles. (***Compare*** docket entry no. 23 title, ***with*** docket entry no. 28 title).

In factual summary, Plaintiff telephoned consent for an enlargement of time. Plaintiff failed to connect with Defendant's counsel. In lieu of the connection and legally required discussion, Plaintiff inaccurately asserts "consent" to the motion, and re-filed a prior pleading as a placeholder by changing nothing other than the docket's title. Plaintiff, needing an enlargement of time, is required to do more than "refile" or "recycle" a prior memorandum as a "placeholder." Such an act trivializes the judicial process and wastes everyone's time and resources.

More importantly, filing a factually inaccurate pleading is disrespectful to this Court, wastes the Court's limited resources, and substantially hampers the effective administration of the judicial system. The Court should put an end to this continuing abuse of the judicial process and Plaintiff should be sanctioned.

3

WHEREFORE, Defendants request that the relief sought by this motion be denied and that the outstanding motion to dismiss and for sanctions be granted in Defendants' favor.

        Respectfully submitted,

        PETER NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        /s/ Ellen A. Efros
        ELLEN A. EFROS [250746]
        Chief, Equity I

        /s/ Denise J. Baker
        DENISE J. BAKER 493414
        Assistant Attorney General
        441 Fourth Street, N.W., Suite 6S079
        Washington, D.C. 20001
        (202) 442-9887 (telephone)
        (202) 727-3625 (fax)
        Denise.baker@dc.gov

CERTIFICATE OF SERVICE

The District Defendants served their opposition to plaintiff's motion for extension of time on April 15, 2008 by electronic mail at DRSimon Banks [drsbanks@msn.com].

__/S/_____
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest
6th Floor South
Washington, D.C. 20001
202-442-9887
Denise.baker@dc.gov