UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**SIMON BANKS,**

    **Plaintiff,**

    v.

**DISTRICT OF COLUMBIA,** *et al.*,

    **Defendants.**

Civil Action No. 07-2115 (ESH)

## MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss and for sanctions and plaintiff's opposition thereto.[1] For the reasons stated below, defendants' motion will be granted in part and denied in part.

### I. BACKGROUND

*A. Civil Action No. 05-1514*

Plaintiff's lawsuit began in 2005 with the filing of *Banks v. York*, No. 05-1514 (ESH)

---

[1] Plaintiff's opposition focuses on the severe prejudice he claims to suffer as a result of the Court's management of this action. *See* Plaintiff's Opposition to District's Motion to Dismiss and for Sanctions and Plaintiff's Objections to Being Required to File This Opposition Although Severely Prejudiced Because of Deprivation of Discovery at 4-6. The opposition fails to address substantively the legal arguments set forth in defendants' motion to dismiss. On this basis, the Court may treat defendants' motion as conceded. *See FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (treating plaintiff's summary judgment motion as conceded because defendant filed its opposition late); *Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (concluding that the court may treat as conceded any arguments raised in a dispositive motion which the plaintiff fails to address in his opposition). However, given the tortured history of this case and plaintiff's *pro se* status, the Court does address the merits of defendants' motion.

(D.D.C. filed July 29, 2005) ("Civil Action No. 05-1514").[2]  He brought the action against the District of Columbia, the Corrections Corporation of America ("CCA"), and nine individual defendants for alleged violations of rights protected by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and for negligent training and supervision under District of Columbia law.[3]  In addition, plaintiff alleged that defendants detained him for 39 days past the day on which he should have been released from the District's Central Detention Facility ("D.C. Jail").  Plaintiff thus belonged to a class action where the members of the class raised "overdetention" claims in a lawsuit pending before Judge Lamberth.  *See Barnes v. District of Columbia*, No. 06-315 (RCL) (D.D.C. filed Feb. 23, 2006).

In Civil Action No. 05-1514, the District of Columbia defendants filed motions to dismiss plaintiff's Third Amended Complaint.[4]  Pursuant to the Court's September 17, 2007 Memorandum Opinion and Order, plaintiff was allowed to pursue the following claims against the District of Columbia:

> (1) his Section 1983 claim for overdetention; (2) his Eighth Amendment claims based on the denial of a diabetic diet and the lack of heat at the D.C. Jail; (3) his

---

[2]  The date stamps on plaintiff's original complaint and application to proceed *in forma pauperis* show that the Clerk of Court received the papers on July 7, 2005 and filed them on the Court's electronic docket on July 29, 2005.

[3]  Plaintiff named CCA and John Caulfield, Warden of the Central Treatment Facility ("CTF"), as defendants in his Third Amended Complaint.  No summons was issued to or served on CCA.  Defendant Caulfield, sued only in his official capacity, filed an Answer on November 7, 2006 and a motion to dismiss (which the Court treated as a motion for summary judgment filed on behalf of CCA) on January 16, 2007.

[4]  A motion to dismiss [Dkt. #55] on behalf of defendants Nora Tally, Anthony Williams, and Gregory Pane was filed on October 10, 1006, and a substantially similar motion to dismiss [Dkt. #60] was filed on behalf of defendants Devon Brown, Gloria Nelson and Edward Reiskin on November 6, 2006.

>claim regarding the opening of his legal mail outside of his presence; and (4) his negligent training and supervision claims.

*Banks v. York*, No. 05-1514 (D.D.C. Sept. 17, 2007) (order granting in part and denying in part defendants' dispositive motions). In addition, plaintiff also was allowed to "pursue his Section 1983 claim for overdetention and his negligent training and supervision claims against Devon Brown in his individual capacity." *Id.*

B. October 18, 2007 Status Hearing

The Court held a status hearing on October 18, 2007. At that time, the Court proposed the separation of plaintiff's overdetention claims from the other constitutional and common law tort claims that were still alive following the disposition of defendants' motions. The Court heard from the parties' and, hearing no objection, orally instructed plaintiff to file a new complaint to incorporate the surviving claims with the exception of his overdetention claims. To this end, the Court issued an Order regarding case management which in relevant part provided:

>[A]ll of the remaining claims in plaintiff's Third Amended Complaint that do not relate to his overdetention (*i.e.*, <u>plaintiff's Eighth Amendment claims against the District of Columbia based on the denial of a diabetic diet and the lack of heat at the D.C. Jail, his First Amendment claim against the District regarding the opening of his legal mail outside of his presence, and his negligent and training and supervision claim against the District relating to the provision of dental care</u>) are hereby DISMISSED WITHOUT PREJUDICE to be re-filed by plaintiff as set forth herein. Only plaintiff's constitutional and common law claims against the District of Columbia and Devon Brown relating to his overdetention shall remain part of this case, which shall be transferred to Judge Royce C. Lamberth as a related case to *Barnes v. District of Columbia*, No. 06-315 (D.D.C.). It is
>
>FURTHER ORDERED that . . . plaintiff shall file a new complaint containing a short and plain statement of the four surviving nonoverdetention-related claims listed in the preceding paragraph, all of which remain against the District of Columbia only. The new complaint shall not include any new claims or defendants, except that

3

> plaintiff may, if he wishes, add a new state-law claim that relates to the provision of dental care and may identify additional defendants with respect to that claim. The new complaint shall be assigned a new case number for administrative purposes only but shall otherwise relate back to and be treated as if it were a further amended complaint in plaintiff's existing case. Plaintiff shall not be required to pay a filing fee upon the filing of the new complaint, nor shall he be required to serve the new complaint on the District of Columbia. If plaintiff chooses to name any additional defendants, however, he will be required to serve those defendants.

*Banks v. York*, No. 05-1514 (D.D.C. Oct. 18, 2007) (order regarding case administration) (emphasis added). Plaintiff filed his new complaint on November 9, 2007. *Banks v. District of Columbia*, No. 07-2115 (ESH) (D.D.C. filed Nov. 9, 2007) ("Civil Action No. 07-2115").

### C. Civil Action No. 07-2115

Plaintiff brings the instant action, Civil Action No. 07-2115, against the District of Columbia and against Devon Brown and Dr. Fozia Abdulwahab in their official and individual capacities on claims arising from plaintiff's incarceration at the D.C. Jail from December 17, 2004 through August 30, 2005.[5] *See* Amended Complaint ("Amd. Compl.") ¶¶ 1, 7-15. Defendant Brown is the Director of the District of Columbia Department of Corrections, *see id.* ¶10, and defendant Abdulwahab is the Medical Director. *Id.* ¶ 15.

In Count I, plaintiff alleges that defendants violated rights protected by "the Due Process Clause of the Fourteenth Amendment, in violation of 42 U.S.C. § 1983," Amd. Compl. ¶ 27, by exposing plaintiff to cold temperatures and by failing to provide him diabetic meals. *See id.* ¶¶ 28-31. Further, plaintiff alleges that defendants acted "with deliberate indifference to the Plaintiff's serious diabetic and need for adequate heat and blankets," and thus "subjected the

---

[5] Plaintiff could have pursued his First Amendment claim against the District of Columbia pertaining to the opening of legal mail outside of his presence. There are no allegations pertaining to this claim in his Amended Complaint. Accordingly, the Court deems that this claim has been waived.

Plaintiff to cruel and unusual punishment." *Id.* ¶ 30.  As a result, plaintiff allegedly "suffer[s] physically, presently and futuristically, and medically and emotionally."[6]  *Id.* ¶ 28.

The heading for Count II of the Amended Complaint suggests that plaintiff raises a constitutional claim based on the alleged failure of the District of Columbia and Brown to train or supervise subordinates to provide plaintiff diabetic meals and adequate heat.  *See* Amd. Compl. (Count II).[7]  The text of Count II, however, purports to allege "gross negligence in failure to supervise and train their subordinates whom [sic] committed" the wrongful acts set forth in Count I of the Amended Complaint.  *Id.* ¶ 58.

In Count III, plaintiff alleges that defendants Brown, Abdulwahab, and the District of Columbia collectively failed to supervise and train subordinates with respect to providing "prescribed dietary meals for Plaintiff's serious diabetic medical needs."  Amd. Compl. ¶ 61.  Defendants' alleged action, or inaction, results in the harms set forth in Count I.  *See id.* ¶ 62.

---

[6]  To the extent that plaintiff purports in Count I to bring an Eighth Amendment claim pertaining to medical or dental care, *see* Amd. Compl. ¶¶ 34-37, the claim must be dismissed.  As drafted, plaintiff's Amended Complaint does not give defendants fair notice of what the claim regarding dental care is and the grounds upon which it rests.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (complaint satisfies requirements of Fed. R. Civ. P. 8(a) where "it gives respondent fair notice of the basis for petitioner's claims").  There simply are no factual allegations to support a claim for the denial of dental care.  Nowhere in the Amended Complaint does plaintiff allege a need for dental care, a request for dental care, or defendants' refusal to provide dental care.  Similarly, plaintiff fails to set forth factual allegations to support a claim for the denial of medical care.  Even if plaintiff's Amended Complaint adequately alleged an Eighth Amendment claim for the denial of dental or medical care, such a claim does not comply with the terms of the October 18, 2007 Order.

[7]  It appears that plaintiff designated the second, third and fourth counts of his Amended Complaint in error as Counts III, IV, and III, respectively.  The Court renumbers these counts in the order in which they appear as Counts II, III, and IV.

Count IV essentially repeats the allegations of Count I of the Amended Complaint insofar as plaintiff alleges the deprivation of constitutionally protected rights arising from defendants' failure to provide diabetic meals and adequate heat at the D.C. Jail.  *See* Amd. Compl. ¶¶ 64-71.

## II.  DISCUSSION

Defendants move to dismiss the Amended Complaint on the grounds that: (1) the claims set forth therein exceed the scope of the claims permitted pursuant to the Court's October 18, 2007 Order; (2) because there appeared no claim regarding the opening of legal mail outside of his presence, the claim is waived; and (3) plaintiff failed to exhaust his administrative remedies before filing the original complaint in Civil Action No. 05-1514.  *See* Memorandum of Points and Authorities in Support of District Defendants' Motion to Dismiss ("Defs.' Mot.") at 7-9, 10-13.

*A.  Count I Survives Defendants' Motion to Dismiss*

The October 18, 2007 Order expressly allows plaintiff to bring Eighth Amendment claims in this new action against the District of Columbia based on the alleged denial of diabetic meals and the lack of heat at the D.C. Jail.  The Court construes Count I of the Amended Complaint as plaintiff's Eighth Amendment claims against the District of Columbia regarding diabetic meals and lack of heat.[8]  Count I complies with the October 18, 2007 Order, and thus survives defendants' motion to dismiss.[9]

---

[8]   The Court will grant defendants' motion to dismiss all claims against the District of Columbia under the Fourteenth Amendment to the United States Constitution.  The Fourteenth Amendment does not apply to the District of Columbia.  *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954).

[9]   Count IV both repeats the allegations set forth in Count I of the Amended
(continued...)

In two significant respects, however, plaintiff's Amended Complaint fails to comply with the October 18, 2007 Order. First, plaintiff brings Eighth Amendment claims against defendants Brown and Abdulwahab in their individual capacities for the alleged denial of diabetic meals and the lack of heat. *See* Amd. Compl. ¶¶ 10, 15, 58, 61-62, 89. These claims will be dismissed because the Court already has determined that plaintiff may proceed only as against the District of Columbia. Furthermore, the only claim against defendant Brown in his individual capacity that was allowed to proceed pursuant to the September 17, 2007 Order related only to plaintiff's overdetention claims, and these claims are no longer a part of the instant action.

Second, plaintiff sues defendants Brown and Abdulwahab in their official capacities. *See id.* ¶¶ 10, 15, 89. All claims against these defendants in their official capacities are treated as if they were brought against the District of Columbia itself. *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("[a]s long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself."). Accordingly, the Court will dismiss defendants Brown and Abdulwahab as party defendants in both their official and individual capacities.

Counts II and III set forth new claims regarding defendants' alleged gross negligence and failure to supervise and train subordinates with respect to providing plaintiff diabetic meals. The

---

[9](...continued)
Complaint and purports to raise claims not permitted by the October 18, 2007 Order. For these reasons, the Court will dismiss Count IV.

only new claim permissible under the terms of the October 18, 2007 Order is a state law claim regarding dental care. Because Counts II and III of the Amended Complaint exceed the scope of the October 18, 2007 Order, these Counts will be dismissed.

   *B. Defendants Do Not Demonstrate that Plaintiff Failed to Exhaust Administrative Remedies*

Defendants argue that plaintiff's claims must be dismissed because he failed to exhaust administrative remedies prior to the filing of Civil Action No. 05-1514, as required under the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a). Defs.' Mot. at 11-13. Defendants rely on a motion to dismiss filed by defendant John Caulfield in Civil Action No. 05-1514. *See id.* at 12-13. According to defendants, plaintiff's failure to pursue grievances pertaining to the denial of diabetic meals and lack of heat at CTF through all steps of the grievance process in effect at CTF warrants dismissal. It is true that plaintiff failed to exhaust the administrative remedies with respect to grievances filed between November 1, 2005 and January 23, 2006 while plaintiff was incarcerated at the CTF. *See Banks v. York*, No. 05-1514 (D.D.C. Sept. 17, 2007) (Memorandum Opinion and Order granting summary judgment for defendants Caulfield and CCA). Plaintiff's failure to exhaust these remedies with respect to events occurring at CTF does not demonstrate that plaintiff failed to exhaust his administrative remedies with respect to any grievance he may have filed while detained at the D.C. Jail regarding events occurring at the D.C. Jail.

III.  CONCLUSION

The Court concludes that Count I of the Amended Complaint setting forth plaintiff's Eighth Amendment claims against the District of Columbia regarding the denial of a diabetic diet and the lack of heat at the D.C. Jail may proceed.  All other claims raised in the Amended Complaint will be dismissed, and defendants Brown and Abdulwahab will be dismissed as party defendants in their official and individual capacities.  An Order consistent with this Memorandum Opinion will be issued separately.

/s/<br>
ELLEN SEGAL HUVELLE<br>
United States District Judge

Date: June 19, 2008