UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
)
DR. SIMON BANKS, J.D.,            )
                                  )
       **Plaintiff,**          )
                                  )
       v.                     )    Case: 1:07-cv-02115 (ESH)
                                  )
DISTRICT OF COLUMBIA, et al.,     )    **JURY TRIAL DEMANDED**
                                  )
                                  )
       **Defendants.**         )
_____)

## ANSWER TO CORRECTED COMPLAINT

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), Defendant, the District of Columbia (hereinafter "Defendant" or "the District"), by and through undersigned counsel, respectfully answers the Corrected Complaint, Docket No. 6, filed on December 13, 2007, and asserts affirmative defenses to the above-captioned action.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Except as hereinafter expressly admitted, qualified, or otherwise admitted, the District specifically denies each and every allegation, statement, matter and thing contained in the complaint. Defendant responds to the numbered allegations in the complaint on knowledge to itself and on information and belief as to other matters, as follows:

1.    Defendant admits that Plaintiff styled his action pursuant to 42 U.S.C. § 1981 through 1988 of the Civil Rights Act, to enforce the Fourth, Fifth, and Eighth Amendments, among other things; however, Defendant specifically denies any liability thereunder that rise to the level of a constitutional, statutory or common law wrong for which there is a remedy. Plaintiff's

contention that the District has violated the laws referenced in this paragraph is a conclusion of law to which no response is required.  Defendant lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding the nature or extent of Plaintiff's alleged injuries, and demands strict proof at trial.

**RESPONSES TO JURISDICTION AND VENUE**

2.Defendant admits the statutory references cited in paragraph 2 of the complaint, but denies that these references necessarily confer jurisdiction on this Court in this matter.

3.Defendant admits the statutory references cited in paragraph 3 of the complaint, but denies that venue is necessarily proper in this Court.

4.This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 4 and demands strict proof at time of trial.

5.This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 5 and demands strict proof at time of trial.

**Responses as to Exhaustion**

6.Defendant specifically denies that plaintiff exhausted his administrative remedies prior to instituting his complaint seeking this Court's jurisdiction.  This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 6 and demands strict proof at time of trial.

**Responses as to Parties**

7.Admitted.

8. Defendant admits that it is a municipal corporation that, by and through its agents and employees, is responsible for the supervision and training of employees and operation of the D.C. Department of Corrections. Defendant admits further that it administers policies and procedures regarding the health and safety of all inmates incarcerated in DCDC facilities, including the Central Detention Facility ("CDF"). Defendant denies that it ensures the health and safety of all inmates. This remainder of this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that an answer is required, the Defendant denies same and demands strict proof thereof at time of trial.

9. Defendant admits that it established policies and procedures for DOC, for training, supervision, and discipline of DOCC staff. Defendant admits that it monitors the facility in which inmates are incarcerated. This remainder of this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that an answer is required, the Defendant denies same and demands strict proof thereof at time of trial.

10. Defendant denies that Devon Brown is a party to this suit. By court order dated June 19, 2008, Devon Brown was dismissed from suit.

11. Defendant denies that Devon Brown is a party to this suit. By court order dated June 19, 2008, Devon Brown was dismissed from suit.

12. Defendant denies that Devon Brown is a party to this suit. By court order dated June 19, 2008, Devon Brown was dismissed from suit.

13. Defendant denies that Devon Brown is a party to this suit. By court order dated June 19, 2008, Devon Brown was dismissed from suit.

14.     To the extent that this paragraph relates to allegations regarding Devon Brown, Defendant denies that Devon Brown is a party to this suit. By court order dated June 19, 2008, Devon Brown was dismissed from suit.

15.     Defendant denies that Dr. Fozia Abdulwahab is a party to this suit. By court order dated June 19, 2008, Dr. Abdulwahab was dismissed from suit.

**Responses as to Introduction and Description of Problem**

16.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 16 and demands strict proof at time of trial.

17.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 17 and demands strict proof at time of trial.

18.     Defendant denies that Dr. Fozia Abdulwahab or Devon Brown are parties to this suit. By court order dated June 19, 2008, Dr. Abdulwahab and Devon Brown were dismissed from suit. The remainder of this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 18 and demands strict proof at time of trial.

19.     Defendant denies that Devon Brown is a party to this suit. By court order dated June 19, 2008, Devon Brown was dismissed from suit. By way of further answer, this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 19 and demands strict proof at time of trial.

20.     Defendant denies that Devon Brown is a party to this suit.  By court order dated June 19, 2008, Devon Brown was dismissed from suit.  By way of further answer, this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 20 and demands strict proof at time of trial.

21.     Defendant denies that Devon Brown is a party to this suit.  By court order dated June 19, 2008, Devon Brown was dismissed from suit.  By way of further answer, this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 21 and demands strict proof at time of trial.

22.     Defendant denies that Devon Brown is a party to this suit.  By court order dated June 19, 2008, Devon Brown was dismissed from suit.  By way of further answer, this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 22 and demands strict proof at time of trial.

**Responses as to Components of the Department of Corrections**

23.     Admitted.

24.     Defendant denies Plaintiff's factual characterization regarding the number of inmates housed at DOC at any one time.  If material, Defendant demands strict proof thereof at time of trial.

25.     Admitted.

26.     Defendant denies that Devon Brown is a party to this suit.  By court order dated June 19, 2008, Devon Brown was dismissed from suit.  By way of further answer, this paragraph states

Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 26 and demands strict proof at time of trial.

**Responses to Count I**

27.     Defendant repeats its responses to all allegations set forth in paragraphs 1 through 26, above, as if set forth at length herein.  By way of further answer, this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 27 and demands strict proof at time of trial.

28.     Defendant denies that it periodically deprived Plaintiff of diabetic meals.  Furthermore, Defendant denies that Plaintiff exhausted his administrative remedies with respect to grieving lack of diabetic meals.  Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding damages sustained, and therefore, denies same, and demands strict proof thereof at time of trial.

29.     Defendant denies that it failed to provide adequate heat.  Furthermore, Defendant denies that Plaintiff exhausted his administrative remedies with respect to grieving lack of adequate heat.  Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding damages sustained, and therefore, denies same, and demands strict proof thereof at time of trial.

30.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 30 and demands strict proof at time of trial.

31.    This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 31 and demands strict proof at time of trial.

32.    Defendant denies that it acted with intent to deny and/or delay Plaintiff's medical/diabetic needs or the need for adequate heat in the unit where the Plaintiff was incarcerated.  By way of further answer, the reminder of this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 32 and demands strict proof at time of trial.

33.    This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 33 and demands strict proof at time of trial.

34.    This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 34 and demands strict proof at time of trial.

35.    This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 35 and demands strict proof at time of trial.

36.    Defendant specifically denies that it did not provide Plaintiff with requested or required urgent immediate medical/dental care.  By way of further answer, the remainder of this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 36 and demands strict proof at time of trial.

37. Defendant specifically denies that it failed to treat Plaintiff's medical/dental condition. By way of further answer, the remainder of this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 37 and demands strict proof at time of trial.

38. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding injuries sustained, and therefore, denies same, and demands strict proof thereof at time of trial.

39. Defendant denies that Dr. Fozia Abdulwahab or Devon Brown are parties to this suit. By court order dated June 19, 2008, Dr. Abdulwahab and Devon Brown were dismissed from suit. The remainder of this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 39 and demands strict proof at time of trial.

40. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding injuries sustained, and therefore, denies same. By way of further answer, the remainder of this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 40 and demands strict proof at time of trial.

41. This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 41 and demands strict proof at time of trial.

42.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 42 and demands strict proof at time of trial.

43.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 43 and demands strict proof at time of trial.

**Responses to Count II[1]**

57.     Defendant repeats its responses to all allegations set forth in paragraphs 1 through 43, above, as if set forth at length herein.[2]

58.-59. This Count II was dismissed with prejudice by Order dated June 19, 2008; thus, no response is required.

**Responses to Count III**

60.     Defendant repeats its responses to all allegations set forth in paragraphs 1 through 43, and 58 through 59 above, as if set forth at length herein.

61.-62. This Count III was dismissed with prejudice by Order dated June 19, 2008; thus, no response is required.

**Responses to Count IV**

63.     Defendant repeats its responses to all allegations set forth in paragraphs 1 through 43, 58 through 59, and 61 through 62 above, as if set forth at length herein.

64.-65. This Count IV was dismissed with prejudice by Order dated June 19, 2008; thus, no response is required.

---

[1] The Court stated in its Memorandum opinion, page 5, fn. 7, dated June 19, 08 that, "[I]t appears that plaintiff designated the second, third and fourth counts of his Amended Complaint in error as Counts III, IV, and III, respectively. The Court renumbers these counts in the order in which they appear as Counts II, III, and IV." Defendant refers to the renumbered counts as designated by the Court's order.

[2] Paragraphs 44 through 56 of the Corrected Complaint are missing.

**Responses as to Damages for 1983 Violations**

89-92. No response is required to the remainder of the complaint, which sets forth Plaintiff's prayer for relief. To the extent that a response is required, the Defendant denies the remaining allegations set forth in paragraphs 89 through 92 of the corrected complaint and demand strict proof thereof at time of trial.[3]

## THIRD DEFENSE

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon its current knowledge and information.

1. Plaintiff failed to exhaust his administrative remedies.

2. The actions or failure to act which give rise to the claims alleged by Plaintiffs were the responsibility of or conducted by a person or party other than the District of Columbia.

3. Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

4. Defendant reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

5. The actions of the defendant and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

6. To the extent plaintiff seeks an award of unliquidated damages against the District of Columbia under local law, such award is barred for failure to meet the requirements of D.C. Code § 12-309.

---

[3] Paragraphs 72 through 88 of the Corrected Complaint are missing.

7.      The local law claims are barred by the District of Columbia's discretionary function immunity.

8.       Plaintiff has failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

9.       Defendant states that it assert these affirmative defenses based upon information presently available and in order to avoid waiver.  Defendant reserves the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

**WHEREFORE**, Defendant prays for a judgment dismissing the amended/corrected complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

**JURY TRIAL DEMANDED**

The Defendant hereby demands a trial by jury.

        Respectfully submitted,

        PETER NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        s/ Ellen A. Efros _____
        ELLEN A. EFROS
        Chief, Equity Section I

        s/ Denise Baker_____
        DENISE J. Baker
        Assistant Attorney General
        441-4th St., N.W., Sixth Floor
        Washington, D.C. 20001
        (202) 724-9887
        Attorneys for Defendants

Case 1:07-cv-02115-DAR    Document 35    Filed 07/14/2008    Page 12 of 12