UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DR. SIMON BANKS, J.D.               )
                                    )
       Plaintiff                    )
                                    )
       v.                           )   Case: 1:07-cv-02115 (ESH)
                                    )
DISTRICT OF COLUMBIA, et al.        )
                                    )
                                    )
       Defendants                   )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RECONSIDERATION**

      Defendant, the District of Columbia (hereinafter "the District"), by and through undersigned counsel, hereby opposes the Plaintiff's Motion for Reconsideration regarding dismissal of the negligence claims against the District. In opposition thereto, the District states as follows:

**I.**    **PLAINTIFF'S MOTION FAILS TO MEET THE STANDARD FOR RECONSIDERATION BECAUSE IT FAILS TO IDENTIFY A CHANGE IN THE CONTROLLING LAW, FAILS TO IDENTIFY NEW EVIDENCE, AND FAILS TO DEMONSTRATE ANY MANIFEST INJUSTICE OR CLEAR ERROR.**

      A Motion for Reconsideration is generally treated under Federal Rule of Civil Procedure 59(e) if filed within ten days of the challenged order. *United States v. Pollard*, 290 F. Supp. 2d 153, 156 (D.D.C. 2003). However, Plaintiff's motion for reconsideration was filed well after ten days after the order was entered, and should fail on that basis alone.

      Although the Court has wide latitude to reconsider its previous orders and judgments, under Rule 59 the standard for such treatment is rigorous as relief under Rule 59(e) is an "extraordinary measure". *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir 1996). This very Court has stated:

> A trial court has broad discretion to grant or deny a motion for reconsideration and will revise its decision only if it finds "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest injustice."

(Lamberth, J.) *Regency Communications, et al. v. Cleartel Communications, et al.*, 212 F. Supp. 2d 1, 5 (quoting *Dyson v. Winfield*, 129 F.Supp. 2d at 23, (D.D.C. 2001)).

### A.  There has been no intervening change in controlling law.

Plaintiff has not cited any intervening changes in controlling law that would warrant reconsideration. Indeed, Plaintiff fails to explicitly discuss any law in detail. Plaintiff fails this requirement.

### B.  There is no new evidence available.

Just as it has provided this Court with no intervening change in controlling law, Plaintiff fails to identify any new evidence that would justify reconsideration.

### C.  The Court has not committed any clear error nor is any injustice manifest.

Finally, the Plaintiff has failed to identify any clear error in the Court's Order in the Motion for Reconsideration. As with the other two prongs of this three-prong test, a stringent standard is applied. As described by one court, "[t]o be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must… strike [it] as wrong with the force of a five-week-old, unrefridgerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228 (7th Cir. 1988), *cert. denied*, 493 U.S. 847 (1989). "To grant motions for reconsideration for lesser causes not only wastes judicial resources, but is also unjust to the parties that have invested the time and effort arguing on the original papers." *First Options of Chicago, Inc. v. Kaplan*, 198 B.R. 91, 92 (E.D. Pa. 1996). For the Court to find itself in clear

error, the Plaintiff would need to have alleged more than his ignorance of the fact that his negligence claim had failed in order to have this Court overturn its ruling.

The Motion for Reconsideration also fails to demonstrate the existence of manifest injustice. At bottom, the Plaintiff seems to wish to resurrect a dead claim without waiting on appeal.

## II.  PLAINTIFF'S QUEST FOR RECONSIDERATION ALSO FALLS SHORT UNDER ALTERNATIVE RULE ALLOWING FOR RELIEF.

Plaintiff's Motion for Reconsideration is also alleged as falling under Federal Rule of Civil Procedure 60(b), "Grounds for Relief from a[n]… Order…" as well. Rule 60(b) allows for reconsideration on grounds, *inter alia,* of mistake, inadvertence, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(b). However, according to Judge Walton, the standard for relief under Rule 60(b) is "more demanding" than that for Rule 69(b). *Lemmons v. Georgetown University Hospital*, 241 F.R.D. 15 (D.D.C. 2007). If, as demonstrated above, Plaintiff failed to establish a basis for relief under Rule 59(b), the Rule generally applied when reconsideration is requested within ten days, the Court should not grant Plaintiff his request under a more stringent standard. "To obtain Rule 60(b) relief, the movant must give the [Court] reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." *Norman v. United States*, 373 U.S. App. D.C. 312 (D.C. Cir. 2006). Here, Plaintiff failed to allege any new facts that make reconsideration an economic use of the Court's time.

## V.  CONCLUSION

For the reasons stated above, the District requests that Plaintiff's Motion for Reconsideration be denied.

             Respectfully submitted:

             PETER NICKLES

Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN EFROS [250746]
Chief, Equity Section I

/s/ Denise J. Baker
Denise J. Baker
D.C. Bar No. 493414
Assistant Attorney General
441 4th Street, Northwest, 6th Floor South
Washington, D.C. 20001
202-442-9887 (Telephone)
202-727-0431 (Facsimile)
Denise.baker@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DR. SIMON BANKS, J.D. | ) |
| Plaintiff | ) |
| v. | ) Case: 1:07-cv-02115 (ESH) |
| DISTRICT OF COLUMBIA, et al. | ) |
| Defendants | ) |

## O R D E R

UPON CONSIDERATION of Plaintiff's Motion for Reconsideration of Regarding the allegations of negligence on the part of the District, which was dismissed by this Court, the response thereto, and the entire record, it is this _____ day of _____, 2008, by the United States District Court for the District of Columbia,

ORDERED that the Plaintiff's Motion is DENIED.

_____
Judge, United States District Court for the
District of Columbia