UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D.<br>P.O. BOX 17052<br>ALEXANDRIA, VA. 22302 | )<br>)<br>)<br>) |  |
| Plaintiff | )<br>) |  |
| v. | ) | Case: 1:07-cv-02115 (ESH) |
| DISTRICT OF COLUMBIA, ET AL | )<br>)<br>) |  |
|  | ) | July 31, 2008 |
| Defendants | ) |  |

## PLAINTIFF'S MEET AND CONFER REPORT
### PURSUANT TO LOCAL CIVIL RULE 16.3 AND FEDERAL RULE OF CIVIL PROCEDURE 26(F)

## LCvR 16.3
## DUTY TO CONFER

The District Counsel never communicated with the Plaintiff within 21 days prior to the instant scheduling conference regarding engaging in a conference or to meet and discuss the issues and questions set forth in Rule 16.3© and as required pursuant to 26(f).

The Plaintiff, did however, file the required report and Meet and Confer Statement, **Document No. 133 filed 0n 10/17/2007**, which responds to the questions related to the issues that remain in this case as well as the over-detention issues that were transferred to Judge Lamberth.

**Counsel (including any nonprisoner *pro se* party) must confer in accordance with this Rule and Rule 26(f), Federal Rules of Civil Procedure, within 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), F.R.Civ.P.**

**to:**

**(1) Discuss the matters set forth in Rule 16.3(c).**

**(2) Make or arrange for disclosures required by Rule 26(a)(1), F.R.Civ.P.**;

The District has not met with the Plaintiff to make arrangements for disclosures required by Rule 26(a)(1), F.R. Civ. P.

*The Plaintiff request that the District be required to arrange for and make disclosures required by Rule 26(a)(1), F.R. Civ. P., that the District be ordered to provide the Plaintiff with disclosure of its electronically stored information, including hard drives of employees, disclosure of keywords for purposes of conducting keyword searches, and t disclosures of responsive electronically stored information.

The Plaintiff request that the District be required to inform the Plaintiff what software it used to conduct searches with respect to searching the Department of Corrections (DOC) electronically stored information.

The Plaintiff request that the District, pursuant to Rule 34(b) of FRCP be ordered to produce documents in which they were and/are ordinarily maintained or organize and label them to correspond with the categories of the request for production. Fed. R. Civ. P. 34(b)(2)(6), and that the District be required to copy the documents, and that the District does not purposefully rearrange the documents to prevent the Plaintiff's efficient use of them.

In the alternative, the Plaintiff request that the this Honorable Court include in its discovery scheduling order that should the District not produce documents requested by the Plaintiff as they are kept in the ordinary course of business, that the District label the documents requested to correspond with the catagories in the Plaintiff initial request. Reason being, if the documents which the District produce pursuant to the Plaintiff's

discovery request for production, are removed from their original containers and then copied those documents are not being produced in the manner in which they were originally kept, since in their original condition, the originals are most likely, probably labeled in the folder.  Unless the District produce the documents in the folders which they were/are kept.  The Plaintiff request that the Court, in this circumstance, order the District to index any requested documents it produce to make them usable, and that they District not provide the Plaintiff with any box of documents with undifferentiated, unlabeled documents, and to produce them to Plaintiff in some organized, indexed fashion.  Rule 34(a). (requiring that documents be produced as kept in usual course of business.), so that the Plaintiff may discern the information provided in order not to frustrate the Plaintiff's ability to prove the document(s) relevance when it is not immediately evident from the author, the date of the document(s) and what file it originally was in.

  The Plaintiff further request that the District certify to any and all documents that they produce to the Plaintiff that such document(s) are authentic, as required by Rule 902(11) of the Federal Rules of Evidence.

  The Plaintiff request that the District be required to disclose its process and procedure for destruction of documents, and to produce any and all guidelines and established standards used to destroy documents of DOC.

  The Plaintiff request that the Court order the District to preserve discoverable information.

  The Plaintiff request that the Court enter an order requiring the District to disclose any privilege it reasonably intend to assert regarding any electronically stored

information, and with respect to any documentary information it has related to the issues remaining in this case.

**(3) Develop a discovery plan that indicates the parties' views and proposals.**

The Plaintiff request this Honorable Court to issue a scheduling order providing the Plaintiff with the right to take 10 depositions of District employees including two experts one employed by the District and one non-District of Columbia Government Employee, following written discovery, (Interrogatories, Request for Production of Documents, Request for Authentication of Documents), and that the discovery period be 120 days subsequent to the Court issuance of a discovery scheduling order.

The Plaintiff request permission to engage in written deposition questions of each of the 10 deponents, (District Government Employees) because of the Plaintiff's poverty, and to avoid manifest injustice, and to provide the Plaintiff with due process of law.

The Plaintiff request that this Honorable Court afford the Plaintiff the right to propound upto 250 written deposition questions to each deponent. This include Direct, Cross, and Redirect Questions.

**(c) MATTERS TO BE DISCUSSED BY THE PARTIES**.

 (1) Whether the case is likely to be disposed of by dispositive motion;

This case cannot be disposed by dispositive motioin.

and whether,

if a dispositive motion has already been filed, the parties should recommend to

the court that discovery or other matters should await a decision on the motion.

No. Dispositive motion has already been filed, and denied as to the remaining issues.

(2) The date by which any other parties shall be joined or the pleadings amended,

Within 60 days subsequent to the close of discovery.

and whether some or all the factual and legal issues can be agreed upon or narrowed.

No. This has already been done as the result of Court Order.

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

Yes. This case can be assigned to a magistrate judge for all purposes including trial.

(4) Whether there is a realistic possibility of settling the case.

The District has not made any offer to the Plaintiff so the Plaintiff is unable to respond to this question in the affirmative or in the negative.

(5) Whether the case could benefit from the Court's alternative dispute resolution

Yes, Plaintiff believes so.

(ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;

(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement

The Plaintiff is unable to respond to this question in the affirmative or in the negative because settlement talks have not been had.

(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

40

(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb) whether ADR should take place before or after the judicial resolution of key legal issues;

ADR should take place after the informal exchange and production through initial written discovery.

(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

Subsequent to Discovery, yes.

(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

Not at this point.  However, the Plaintiff would consider such option if the District makes an initial  good-faith offer to facilitate settlement.

**(6) Whether the case can be resolved by summary judgment or motion to dismiss;**

**dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

      No.

**(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

      No. The Plaintiff demand initial disclosure.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

      A period of four (4) months should be afforded for discovery, subsequent to the Court entering a discovery scheduling order.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

      Yes. However, the Plaintiff reserve the right to modify his response until after discovery is completed.

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases,**

**and a specific proposal for such bifurcation.**

The Plaintiff is unable to make this determination at this point in time and reserve his response to this question until after initial discovery is completed.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter). 41

The Plaintiff request that this Honorable Court set the Pre-trial conference, 60 days subsequent to the close of discovery.

**(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The trial date should be set at the pretrial conference from 60 days subsequent to the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order**.

None other at this time.


_____/S/_____
Dr. Simon Banks
P.O. Box 17052
Alexandria, VA. 22302
Email: drsbanks@msn.com
703 965-5637

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D. <br> P.O. BOX 17052 <br> ALEXANDRIA, VA. 22302 | ) <br> ) <br> ) <br> ) <br> ) | |
| Plaintiff | ) <br> ) | |
| v. | ) <br> ) | Case: 1:07-cv-02115 (ESH) |
| DISTRICT OF COLUMBIA, ET AL | ) <br> ) <br> ) | |
| Defendants | ) <br> ) | July 31, 2008 |

**PLAINTIFF'S BRIEF STATEMENT OF THE CASE
AND STATUTORY BASIS FOR CAUSES OF ACTIONS**

Comes now the Plaintiff and submit a brief statement of the case and statutory basis for the causes of actions to be adjudicated by this Honorable Court, and in support cites the following:

1. The remaining issues in this case are:

    a) Plaintiff's Eighth Amendment claims based on the denial of a diabetic diet and,

    b) Lack of heat at the DC Jail

    c) The District acted with deliberate indifference to the Plaintiff's serious diabetic need and need for adequate heat and blankets, and thus subjected the Plaintiff to cruel and unusual punishment.

d) The District failure to train and supervise subordinates to provide Plaintiff with diabetic meals for Plaintiff's serious diabetic needs, and adequate heat

e) It was because of the District of Columbia Government's policy or custom and its failure to train its employees in providing diabetic meals to inmates, and maintaining adequate heat, so that inmates at the DC Jail do not suffer cruel and unusual punishment, which were the moving force behind the District's violation of Plaintiff's constitutional rights, privileges and immunities guaranteed by 42 U.S.C. § 1983.

f) The District Government's failure to train its employees in providing diabetic meals and heat, to Plaintiff and other persons in its custody amounted to deliberate indifference to the constitutional rights of the Plaintiff.

g) Because of the history of the District housing inmates with diabetic needs and that it was cold in the cell blocks and in the cells where the Plaintiff and other inmates were held while in the custody of the District, the District knew and had reason to know that if it failed to provide diabetics with diabetic trays and heat and blankets, that the Plaintiff and other inmates would suffer deprivation to their respective constitutional rights. These failures resulting from the District's history and statistics and studies and its institutional knowledge, amounted to deliberate indifference to

        the rights of the Plaintiff.  This history, custom, policy, was sufficient to place the District on notice that there was an obvious need for additional training than the training it provided to protect the Plaintiff and other inmates housed at its facilities from suffering constitutional deprivation.

    h)    There was a causal connection between the inadequate training, the District custom, policies, practices and procedures, and the Plaintiff's injuries

**THE STATUTORY BASIS FOR THE PLAINTIFF'S CAUSE OF ACTIONS**

2.    The statutory basis for the Plaintiff's causes of action is 42 U.S.C.A. § 1983, which provides a remedy for the violation of federally protected rights against the District Government, upon which provides for violation of civil rights and liberties. *Monroe v. Pape,* 365 U.S. 16, 81 S.Ct. 473 (1961), and \**Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018 (1978), *City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197 (1989).

3.    The Plaintiff needs discovery to show similar prior incidences that numerous others housed in the District of Columbia Department of Corrections facilities, suffered as the Plaintiff suffered as the result of lack of diabetic trays, and lack of heat, based upon the District's deliberate indifference to the Plaintiff's medical need and need for heat and blankets when it was cold in the housing facilities where the Plaintiff was housed.

4. The individuals liable and responsible for the District's training programs, custom, policy, were policymakers.

5. Some of the District's policymakers were supervisors, executive management personnel.

6. Certain Policymakers responsible for failing to train the District Department of Corrections employees in providing diabetic trays and heat to the Plaintiff, violated clearly established laws that a reasonable person would know, and are not entitled to qualified immunity pursuant to *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).

_____/S/_____
Dr. Simon Banks
P.O. Box 17052
Alexandria, VA. 22302
Email: drsbanks@msn.com
703 965-5637