**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

DR. SIMON BANKS, J.D.                )
                                     )
            **Plaintiff**            )
                                     )
        **v.**                       )        **Case: 1:07-cv-02115 (ESH)**
                                     )
DISTRICT OF COLUMBIA, et al.         )
                                     )
                                     )
            **Defendants**           )
_____)

**DISTRICT OF COLUMBIA'S RULE 16.3 REPORT**

Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, Defendant, the District of Columbia (hereinafter "the District"), by and through undersigned counsel, respectfully submits its Rule 16.3 Report.

No conference has been held between the District and the pro se plaintiff. Plaintiff filed an individual Rule 16.3 statement on the date of the scheduling conference, as is the District filing its individual report to the Court, as follows:

A.    <u>STATEMENT OF CLAIMS:</u>

This case arises out of plaintiff's allegations regarding his conditions of confinement in the D.C. jail. Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against the District of Columbia, for alleged violations of rights protected by the United States Constitution. All common law claims have been dismissed.

The October 18, 2007 Order sustained plaintiff's Eighth Amendment claims against the District of Columbia based on the alleged denial of diabetic meals and the lack of heat at the D.C. Jail. Discovery and further litigation are limited in scope to these two factual claims.

**B.**   **STATEMENT OF DEFENSES:**

District Defendants allege that Plaintiff cannot establish the existence of a custom or policy, systemic inadequacy, or deliberate indifference to the jail conditions of which plaintiff complains, i.e., the alleged denial of diabetic meals and the lack of heat at the D.C. Jail.

District Defendants assert the following defenses:

1.  Plaintiff fails to state a claim against them for which relief may be granted;

2.  Plaintiff failed to exhaust his administrative remedies; and,

**C.**   **DISTRICT DEFENDANTS' PROPOSED DISCOVERY PLAN:**

1.  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Motions to dismiss have already been filed and the case limited to the remaining claims. However, after limited discovery, the District Defendants will file an appropriate summary judgment motion.

2.  The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The District believes that any other parties should be joined and/or the pleadings amended within 45 days after the Scheduling Conference.

3.  Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The District does not believe that an assignment of this case to a magistrate judge for all purposes is appropriate.  However, the District proposes that a magistrate judge could be assigned to resolve any discovery matters and to conduct mediation in this case.

4.  Whether there is a realistic possibility of settling the case.

Settlement on these limited claims is a realistic possibility at this time.

5.  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be

taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

The District avers that there does appear to be a realistic possibility at this time.

6.  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The District believes that the case can be resolved by summary judgment.  The deadlines

for such motion should be as follows:

    a.  Dispositive Motion:    30 days after the close of expert discovery

    b.  Oppositions:   30 days after filing of dispositive motion

    c.  Replies:       15 days after filing of opposition

7.  Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The District requests that the parties dispense with the initial disclosures required by Fed.

R. Civ. 26(a)(1).

8.  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The District proposes the following discovery plan:

    a.  Fact discovery, including answers to interrogatories, document production,

admissions, and depositions to be completed within 180 days after the Scheduling Conference.

    b.  The number of interrogatories to be limited to 25 per side.

    c.  The number of depositions to be limited to 5 per side.

    d.  The duration of each deposition to be limited pursuant to LCvR 26.2(c).

At this time, it does not appear that a protective order is necessary.

9.    Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The District proposes that that expert witness reports and information should be

exchanged and expert discovery, including expert depositions, should occur as follows:

a.    Plaintiff's Expert Report:    30 days after the close of fact discovery

b.    Defendant's Expert Report:    60 days after the close of fact discovery

c.    Close of Expert Discovery:    90 days after the close of fact discovery

10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11.    Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The District does not believe that bifurcation of the trial and/or discovery is necessary at

this time.  However, the District reserves the right to move to bifurcate the trial and/or discovery

if the need should arise.

12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

The District proposes that a pretrial conference should be set, if necessary, 60 days after

the Court rules upon any dispositive motion.

13.    Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The District proposes that the trial date should be set at the pretrial conference from 60 to

90 days after that conference.

14.    Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

Not applicable.

Respectfully submitted,

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE  C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity I

/s/ Denise J. Baker
DENISE J. BAKER
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S079
Washington, D.C. 20001
(202) 442-9887 (telephone)
(202) 727-3625 (fax)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

|                                      |     |                              |
|--------------------------------------|-----|------------------------------|
| **DR. SIMON BANKS, J.D.**            | )   |                              |
|                                      | )   |                              |
| **Plaintiff**                        | )   |                              |
|                                      | )   |                              |
| **v.**                               | )   | **Case: 1:07-cv-02115 (ESH)** |
|                                      | )   |                              |
| **DISTRICT OF COLUMBIA, et al.**     | )   |                              |
|                                      | )   |                              |
|                                      | )   |                              |
| **Defendants**                       | )   |                              |

_____)


## PROPOSED SCHEDULING ORDER

UPON CONSIDERATION of the District Defendants' LCvR 16.3 Report and the entire record herein, it is this _____ day of _____, 2008, hereby ordered that:

1.      Joinder of additional parties shall be completed no later than 45 days after the scheduling conference.

2.      The parties need not exchange the initial disclosures required by Fed. R. Civ. 26(a)(1).

3.      Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

4.      The number of interrogatories is to be limited to 25 per side.

5.      The number of depositions is to be limited to 5 per side.

6.      The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

7.      Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

8.      Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

9.      All discovery on the parties' experts shall close 90 days after the close of fact discovery.

10.     All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

11.     Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 30 days after filing of the dispositive motion.

12.     Reply memoranda shall be filed no later than 15 days after filing of the opposition(s).

13.     A pretrial conference shall be set, if necessary, 60 days after the Court rules upon any dispositive motion.

14.     The trial date should be set at the pretrial conference from 30 to 60 days after the pretrial conference.

15.     The case shall be referred for mediation.


_____              _____
Date                                        **ELLEN S. HUVELLE**
                                            United States District Judge
                                            for the District of Columbia