UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
**DR. SIMON BANKS, J.D.**                   )
                                            )
       **Plaintiff**     )
                                            )
       v.                )    Case: 1:07-cv-02115 (DAR)
                                            )
**DISTRICT OF COLUMBIA, et al.**            )    **JURY TRIAL DEMANDED**
                                            )
                                            )
       **Defendants**    )
_____)

**DEFENDANT, DISTRICT OF COLUMBIA'S, ANSWER TO PLAINTIFF'S
SUPPLEMENTAL COMPLAINT TO PLAINTIFF'S (CORRECTED) AMENDED
COMPLAINT
ADDING COUNT II
MEDICAL MALPRACTICE, NEGLIGENCE AND
AGENCY LIABILITY FOR MEDICAL MALPRACTICE AND NEGLIGENCE**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), 12(a) and (b), 15 (a) (3), and pursuant to this Court's Order dated August 4, 2008 (Dkt. No. 43), Defendant, the District of Columbia (hereinafter "the District"), by and through undersigned counsel, respectfully answers the Plaintiff's Supplemental Complaint in the above-captioned case.

**FIRST DEFENSE**

The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Except as hereinafter expressly admitted, qualified, or otherwise admitted, defendant specifically denies each and every allegation, statement, matter and thing contained in the amended complaint. Defendant responds to the numbered allegations in the supplemental complaint on knowledge and on information and belief as to other matters, as follows:

**RESPONSE TO STATEMENT OF FACTS**

44.   Defendant repeats its responses to all allegations set forth in paragraphs 1 through 43 of the Corrected (Amended) Complaint, as if set forth at length herein.

45.   After investigation, Defendant admits that plaintiff received dental care during a period of time that he was incarcerated at the D.C. Department of Corrections (DOC) Central Detention Facility (CTF) and the Central Treatment Center (CTF). Defendant denies that Plaintiff's teeth are or were exposed as a consequence of correctional officers conducting a "shakedown" of the cells in which plaintiff was housed. Defendant denies that a "shakedown" took place. Furthermore, Defendant denies that plaintiff's dental crown was seized or discarded by DOC officers. To the extent that the allegations and factual characterizations alleged by plaintiff in this paragraph 45 are material, the defendant demands strict proof thereof at time of trial.

46.   Defendant repeats its responses to all allegations set forth in paragraphs 45, above, as if set forth at length herein. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding injuries sustained to his teeth or their removal by his personal dentist, and therefore, denies same, and demands strict proof thereof at time of trial.

47.   Plaintiff's allegations regarding the agency or employment status of DOC dentists state a conclusion of law to which no response is required. To the extent that a response is required, the defendant denies same, and demands strict proof thereof at time of trial. Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding swelling, breakage, or chipping sustained to his teeth or alleged pain or destruction, and therefore, denies same, and demands strict proof thereof at time of trial.

48.   Defendant admits that plaintiff requested dental care while he was incarcerated, and admits that plaintiff made medical/dental visits to the medical unit. Defendant specifically

denies that "no medical treatment was provided" to plaintiff during his incarceration and, if material, demands strict proof thereof at time of trial.

49.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 49 and demands strict proof at time of trial.

50.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 50 and demands strict proof at time of trial.

51.     Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding injuries sustained to his teeth or alleged damages, and therefore, denies same, and demands strict proof thereof at time of trial.  Furthermore, this paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 51 and demands strict proof at time of trial.

52.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 52 and demands strict proof at time of trial.

53.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 53 and demands strict proof at time of trial.

54.     This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 54 and demands strict proof at time of trial.

55. This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 55 and demands strict proof at time of trial.

56. This paragraph states Plaintiff's factual characterizations and conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 56 and demands strict proof at time of trial.

## RESPONSES TO PLAINTIFF'S PRAYER FOR RELIEF

No response is required to the remainder of the supplemental complaint, which sets forth Plaintiff's prayer for relief.  To the extent that a response is required, Defendant denies the remaining allegations in the supplemental complaint.

## THIRD DEFENSE

All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses based upon its current knowledge and information.

1. AS A THIRD SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that the plaintiff was careless and negligent with respect to the matters alleged in the Complaint and that such carelessness and negligence proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and plaintiff's contributory or comparative negligence either bars or proportionally reduces any potential recovery.

2. AS A FOURTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that another defendant or others

were careless and negligent, and that this carelessness and negligence proximately contributed to the happening of the incident referred to in the Complaint, and this negligence either bars or proportionally reduces any potential recovery.

3.      AS A FIFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that the plaintiff failed to minimize and mitigate his alleged damages.

4.      AS A SIXTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that plaintiff assumed the risk, if any there was, at the time and place of the incident referred to in this Complaint.

5.      AS A SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, this defendant alleges that plaintiff has failed to comply with the notification provisions of D.C OFFICIAL CODE § 12-309 to the extent plaintiffs seeks an award of unliquidated damages.

6.      AS AN EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, this defendant alleges that plaintiff directed, ordered, approved and in all other respects, ratified the acts and performance of this defendant, by reason of which conduct plaintiff is barred from any relief and/or recovery of any damages under the doctrine of estoppel.

7.      AS A NINTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, this defendant alleges that at all times mentioned plaintiff consented to all conduct of this defendant.

8.      AS A TENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, this defendant alleges that plaintiff unduly

delayed in the presentation of his claims against this defendant, which such delay has created a prejudice to this defendant, and by reason of which conduct plaintiff is barred from any relief and/or the recovery of any damages under the doctrine of *laches*.

9. AS AN ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, this defendant alleges that plaintiff has failed to comply with the notification provisions of D.C OFFICIAL CODE § 16-2806.

10. AS A TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that plaintiff's claim for punitive damages is improperly plead against the District of Columbia.

11. AS A THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, this defendant reserves the right to allege other affirmative defenses as they may arise during the course of discovery.

12. AS A FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that plaintiff failed to exhaust his administrative remedies.

13. AS A FIFTHEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that Defendant, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

14. AS A SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that this defendant

reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

15.     AS A SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that the actions of the defendant and all employees, officials, servants, and agents of the District of Columbia were, at all times relevant to this action, reasonable, in good faith, and in full compliance with the law.

16.     AS AN EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that the tort claims are barred by the District of Columbia's discretionary function immunity.

17.     AS A NINTEENTH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, it is alleged that Plaintiff has failed to plead facts sufficient to support the exercise of the Court's equitable jurisdiction.

18.     AS AN TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT AND EACH CAUSE OF ACTION THEREOF, Defendant states that it asserts these affirmative defenses based upon information presently available and in order to avoid waiver.  Defendants reserve the right to withdraw any of these affirmative defenses or to assert additional affirmative defenses as further information becomes available.

    **WHEREFORE**, Defendant prays for a judgment dismissing the supplemental complaint with prejudice and awarding it the costs and disbursements of this action, together with attorneys' fees, and such additional relief as this court may deem just and proper.

## JURY TRIAL DEMANDED

The Defendant hereby demands a trial by jury.

                    Respectfully submitted,

PETER NICKLES
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

s/ Ellen A. Efros
ELLEN A. EFROS
Chief, Equity Section I

s/ Denise Baker
DENISE J. Baker
Assistant Attorney General
441-4th St., N.W., Sixth Floor
Washington, D.C. 20001
(202) 724-9887
Attorneys for Defendants