UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DR. SIMON BANKS, J.D. <br> P.O. BOX 17052 <br> ALEXANDRIA, VA. 22302 <br><br> **Plaintiff** <br><br> v. <br><br> DISTRICT OF COLUMBIA, ET AL <br><br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br> Case: 1:07-cv-02115 (ESH)(DAR) <br><br><br> August 19, 2008 |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

**COUNT II**

**MEDICAL MALPRACTICE, NEGLIGENCE AND
AGENCY LIABILITY FOR MEDICAL MALPRACTICE AND NEGLIGENCE**

**STATEMENT OF FACTS**

44.     The Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43 of the Corrected (Amended) Complaint, as if pleaded fully and completely herein.

45.     During the period January 2005, through April 28, 2006, the Plaintiff appeared before dentists at the District of Columbia Government Department of Corrections Central Detention Facility (CDF) and the Central Treatment Center (CTF), and requested medical treatment regarding the Plaintiff's exposed teeth, which were exposed as the consequence of the correctional officers of DOC (District of Columbia Government) conducting a shakedown conducting a

shakedown of the cells in the unit where the Plaintiff was housed, and during the process of the shakedown, Plaintiff's dental crown was seized and discarded by District of Columbia Government Correction Officers. ("DOC").

46. The Plaintiff filed a complaint with the warden at the DC Jail regarding the DOC's correction officers seizing the Plaintiff's dental crown.

47. The Plaintiff met with the warden at the DC Jail in the DC Jail's warden's office and discussed with the warden the fact that the DOC correction officers seized the Plaintiff's dental crown during a shakedown of the cells in the unit where the Plaintiff was housed and as a consequence of the seizing and/or destroying of the Plaintiff's dental crown, the Plaintiff's teeth were exposed and would more likely than not suffer progressive damage and destruction if the Plaintiff's dental crown was not replaced. The forgoing the Plaintiff discussed with the warden during his visit to the offices of the warden of the DC Jail.

48. The DC Jail warden also received written notice of the Plaintiff's lost and/or destruction of the Plaintiff's dental crown prior to and was in possession of it at the time the Plaintiff met with the warden at the DC Jail in 2005.

49. As the result of the DOC's correctional officers seizing and discarding and/or destroying Plaintiff's dental crown which covered and protected the Plaintiff's sawed down teeth, the Plaintiff's teeth were exposed and progressively began to chip and break and the chipping and breaking continued from the date that the Plaintiff's dental crown was seized, discarded and/or destroyed by the DOC correction officers, from February, 2005 through April 28, 2006 until when

the Plaintiff was released from the DOC facility and until their remainder of Plaintiff's damaged teeth were removed by Plaintiff's personal dentist.

50. The DOC dentists assigned to provide dental service to inmates, including the Plaintiff, housed in its facilities, were providing medical services to the Plaintiff within the scope of that agency/employment, but while so doing failed to treat the Plaintiff's dental condition, the breaking and progressive chipping of the Plaintiff's teeth, which caused the Plaintiff to suffer swelling of Plaintiff's gum and continuous pain and destruction of the Plaintiff's teeth.

51. During the Plaintiff's incarceration at DOC's facilities, the Plaintiff made numerous visits to the DOC medical unit, seeking treatment for the Plaintiff's dental condition, but no medical treatment was provided by DOC's dentist to the Plaintiff's exposed teeth from December 2004 through April 28, 2006.

52. The DOC's dentist owed a duty of care to the Plaintiff and that duty is and was a duty of care within an acceptable standard of medical care within the medical community, to treat the Plaintiff's medical/dental condition.

53. The Dentists at the DOC (District of Columbia Government) breached their respective duty and standard of care owing to the Plaintiff by failing to treat the Plaintiff's dental condition, causing the Plaintiff on-going and progressive physical injury.

54. As a direct and proximate result of the breach of the applicable standard of medical care by DOC dentists, the Plaintiff: **a)** suffered conscious pain and suffering in the past and will suffer conscious pain and suffering into the future, **b)** incurred medical expenses in the past and will incur future medical expenses,

c) suffered mental anguish, **c) suffered** permanent physical injuries and disfigurement, and **d)** was required to undergo additional medical procedures and has sustained other damages.

55. All of the injuries and damages sustained by the Plaintiff were the direct and proximate result of the negligent actions of dentists employed by the DOC where the Plaintiff went to for dental/medical care and treatment and without any act or omission on the part of the Plaintiff directly thereunto contributing.

56. The Plaintiff did not assume the risk of his injuries.

57. At all times relevant, the Plaintiff was not contributory negligent, nor was the Plaintiff careless at any time during his incarceration at the DC jail or at any other time, and therefore no act or acts of the Plaintiff contributed to the Plaintiff's dental condition, Plaintiff's progressive damage and ultimate lost of the Plaintiff's teeth.

58. Because of the Plaintiff's incarceration and the DOC's prevention of the Plaintiff from receiving dental treatment connected with the Plaintiff's exposed teeth, with dentist outside of the DOC, including DOC's denial of the Plaintiff's request to be seen by his personal dentist, the Plaintiff was obstructed in Plaintiff's effort to mitigate or otherwise minimize his damages by the actions and inactions of DOC and it dental/medical staff.

59. At no time during the Plaintiff's incarceration at the DOC did the Plaintiff ratify, approve in any respects the performance of the defendant (DOC) with respect to the actions and inactions of DOC in failing to treat the Plaintiff's dental

condition, Plaintiff's sawed down teeth, which were, at all times relevant, exposed to the elements, and subject to progressive breakage, chipping and destruction.

60. At no time during the Plaintiff's incarceration at the DOC did the Plaintiff consent to the actions and inactions of DOC in connection with its failure to treat the Plaintiff's exposed teeth in any manner and by DOC failure to provide the Plaintiff with a dental crown to replace the dental crown that was seized by correctional officers of DOC during a shakedown of cells where the Plaintiff was housed

61. At no time during the Plaintiff's incarceration at DOC did the Plaintiff delay the presentation of his claim against the defendant to the defendant which could at any stretch of the imagination cause any prejudice to the defendant. The Plaintiff promptly and continuously submitted his claim to the defendant regarding the defendant's actions and in actions. The Plaintiff's notice to the defendant was further submitted via the Plaintiff Petition for Writ of Habeas Corpus in the case of *Banks v. Smith, et al* 04-903 RCL.

62. On February 11, 2005, the Plaintiff submitted a letter to DOC warden Corbitt via facsimile describing the Plaintiff dental dilemma and denial of treatment by DOC dentist as well as reference to the DOC's correction officer's action of seizing the Plaintiff teeth during a shakedown. See attached Plaintiff's Exhibit 1 to Plaintiff's Supplement to Amended Complaint.

63. The medical and dental doctors at the DOC from February, 2005 through April 28, 2006, deviated from the acceptable standard of medical care and that this deviation was the direct and proximate cause of the Plaintiff's destruction of

and lost of seven teeth, and the direct and proximate cause of all of the Plaintiff's injuries and damages.

64. Each of the dentists of DOC who saw the Plaintiff and failed to treat the Plaintiff's dental condition and it failed to treat the Plaintiff regarding the Plaintiff's exposed teeth, and it further failed to provide the Plaintiff's exposed teeth with protection during the Period February 2005 through April 28, 2006, were acting within the scope of their employment with the District of Columbia Government, and were agents of the District of Columbia Government.

65. As a consequence of the actions and inactions of the dental and medical employees of the District of Columbia Government, through its dental employees agents and assigns, the Plaintiff was injured, and the actions and inactions of the Department of Corrections with respect to its failure to treat the Plaintiff's dental condition, is the proximate cause of the injuries suffered by the Plaintiff.

**WHEREFORE:** The Plaintiff pray for the following relief as a consequence of the District of Columbia Government's actions and inactions:

a) Actual damage, $1 Million Dollars

b) Consequential damages, $2 Million Dollars

c) Punitive Damages, $2 Million Dollars.

d) Any and all other relief the Court may deem appropriate including counsel fees, cost, self-representation cost and lost of time while prosecuting this case, and cost of court.

_____
Dr. Simon Banks

Doctor of Laws
P.O. Box 17052
Alexandria, VA. 22302
571-970-8327 Tele
Email: drsbanks@msn.com

PLAINTIFF'S EXHIBIT 1 TO PLAINTIFF'S SECOND AMENDED COMPLAINT
*DR. SIMON BANKS V. DISTRICT OF COLUMBIA,ET* AL 07-02115 (ESH)(DAR)

Dr. Simon Banks
Doctor of Laws
P.O. Box 17052
Alexandria, VA 22302
And
DC Jail
1901 D Street, S.E.
S.W. 1, Cell 23
#269768
Washington, DC 20003

February 11, 2005


**202-698-4877 (Fax)**
Mr. Larry Corbin, Acting Warden
DC Jail
1901 D Street, S.E.
Washington, DC 20003

RE: Removal and Trashing of Temporary Crown

Dear Mr. Corbin:

This is to inform you that your officers, during one of the two shake downs that occurred on Wednesday, February 9, 2005, removed and trashed my temporary crown which was sitting in a cup in a sanitary glove (see through). As a consequence, all of my sawed-down teeth (seven) are exposed and I am suffering pain. Moreover, my ability to eat cold, hot and non-soft foods is obstructed. Unless provisions are made for me to be seen by my dentist, Pamela Brady in Southwest Washington, for treatment and replacement and for installation of permanent or temporary crowns, I will have no alternative but to seek Judicial Relief pursuant to 42 U.S.C. § 1983, Negligence and other rights, in the United States District Court for the District of Columbia, where I will further seek immediate Injunctive Relief.

While I do not wish nor do I have time to pursue this option, should it however become necessary, I will cover a wide-host of and myriad of problems, defects, deprecatory conditions existing at the DC Jail.

Sincerely,



Simon Banks