UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DR. SIMON BANKS, J.D.,

    Plaintiff,

    v.

DISTRICT OF COLUMBIA, et al.,

    Defendants.

Civil Action No. 07-2115
DAR

## MEMORANDUM OPINION AND ORDER

    Defendant District of Columbia's Motion for Summary Judgment (Document No. 83) is pending for determination by the undersigned.  Upon consideration of the motion, the memoranda in support thereof and in opposition thereto and the entire record herein, Defendant's motion will be granted.

## BACKGROUND

    Plaintiff brings the instant action seeking damages for alleged violations of his rights protected by the United States Constitution during his imprisonment in the District of Columbia. *See generally* Complaint (Document No. 6).  Plaintiff's remaining claims against the District of Columbia are for failure to provide diabetic meals and adequate heat during his incarceration in violation of the Eighth Amendment (Count I), and a common law malpractice claim for denial of

Banks v. District of Columbia, et al.                                                                    2

dental care. (Count II).  *See* Plaintiff's Second Amendment Complaint (Document No. 47).[1]

    In its Answer, Defendant asserts that Plaintiff has failed to state a claim upon which relief

can be granted, and that he failed to exhaust his administrative remedies.  *See* Answer to

Corrected Complaint (Document No. 35); Defendant, District of Columbia's, Answer to

Plaintiff's Errata to Second Amended Complaint Adding Count II [Docket 47] Medical

Malpractice, Negligence and Agency Liability for Medical Malpractice and Negligence

(Document No. 49).


   **CONTENTIONS OF THE PARTIES**

    Defendant moves for summary judgement pursuant to Rule 56 of the Federal Rules of

Civil Procedure, alleging that there are no genuine issues as to any material fact for trial and that

Defendant is entitled to summary judgement as a matter of law.  *See generally* Defendant District

of Columbia's Motion for Summary Judgment (Document No. 83).

    With regard to Plaintiff's claims concerning adequate heat and diabetic meals, Defendant

submits that such claims do not rise to the sort of punishment prohibited by the Eight

Amendment.  Defendant's Memorandum of Points and Authorities in Support of the District of

Columbia's Motion for Summary Judgment ("Defendant's Mem.") (Document No. 83) at 6-9.

Defendant asserts that the actions described by Plaintiff do not "amount to 'deliberate

indifference' to 'serious medical needs[,]'" as required to state a violation of the Eight

---

[1]  By order of June 19, 2008 (Document No. 32), this court dismissed Counts II, III, IV (numbered in error by Plaintiff as Counts III, IV, III) of Plaintiff's Amended Complaint.  In those counts, Plaintiff alleged gross negligence and failure to supervise and train subordinates regarding Plaintiff's diabetic meals by Devon Brown, Director of the D.C. Department of Corrections, and Dr. Frozia Abdulwahab, medical director of the D.C. Jail.  The court dismissed those parties by the same order.

Banks v. District of Columbia, et al.                                                                    3

Amendment.  *Id.*  Next, Defendant contends that Plaintiff has failed to offer expert testimony to

meet his burden of establishing the applicable standard of care, a breach thereof, and a causal

relationship with Plaintiff's injury.  *Id.* at 11-13.  Lastly, Defendant argues that all of Plaintiff's

claims are barred because he failed to exhaust his administrative remedies before bringing a

cause of action, as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  *Id.* at

9-11.

        Defendant's motion for summary judgment is accompanied by a statement of material

facts as to which Plaintiff contends there is no genuine issue, including references to the parts of

the record relied upon in support thereof.  *See generally* Defendant District of Columbia's

Statement of Material Facts as to Which There is No Genuine Issue.  With citations to the record,

Defendant offers as support twenty-two material facts, as well as an addition thirty-eight filed

under seal.  *Id.*  Collectively, the facts address the contention that Plaintiff failed to appeal the

disposition of his grievances, concerning lack of heat, dental care and dietary meals, to the "next

level".  *Id.*

        Plaintiff, in his three and one-half page opposition, blanketly states that he "den[ies] each

and every allegation in the Defendant's Motion . . . which state[s] that there is no genuine

dispute[.]"  Plaintiff's Memorandum of Law in Support of Plaintiff's Opposition to Defendant's

Motion for Summary Judgment (Document No. 116) at 2; *see also* Plaintiff's Opposition to

Defendant's Motion for Summary Judgment.  In his statement of material facts as to which no

genuine issues exists filed with its opposition, Plaintiff offers as support twenty-eight material

facts, which in their entirety lack citation to the record.  Plaintiff's Statement of Material Facts

Upon Which There Exist Genuine Dispute ("Plaintiff's Statement of Material Facts").  The facts

Banks v. District of Columbia, et al.                                                              4

principally address the nature of the dental care he received while imprisoned, the circumstances

surrounding the denial of diabetic meals, and the lack of heat.  *Id*. at 1-7; 9-23; 24-26; 27-28.

 In its reply, Defendant maintains that Plaintiff's memorandum "fail[s]  to controvert any

or all of the material facts set forth" in its motion, and that Plaintiff's statement of material facts

"fails procedurally as it totally disregards" the requirement of citing to the parts of the record

relied on.  Defendant District of Columbia's Reply to Plaintiff's Opposition to Motion for

Summary Judgement (Document No. 120) at 8.

 Upon consideration of the motion of Defendant, Plaintiff's opposition thereto,

Defendant's reply and the entire record herein, the motion of Defendant District of Columbia will

be granted.


**STANDARD OF REVIEW**

 Summary judgment shall be granted if there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex*

*Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Diamond v. Atwood,* 43 F.3d 1538, 1540 (D.C. Cir.

1995).  The burden is upon the non-moving party to demonstrate that there are material facts in

dispute.  *Celotex*, 477 U.S. at 324.  There is a genuine issue of material fact "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Material facts are in dispute if they are capable of

affecting the outcome of the suit under governing law.  *Id.*  In considering a motion for summary

judgment, all evidence and inferences to be drawn from the underlying facts must be viewed in

the light most favorable to the party opposing the motion.  *Matsushita Elec. Indus. Co. v. Zenith*

Banks v. District of Columbia, et al.                                                    5

*Radio Corp.*, 475 U.S. 574, 587 (1986); *see also United States v. Diebold, Inc.*, 369 U.S. 654,

655 (1962).  The "evidence of the non-movant is to be believed, and all justifiable inferences are

to be drawn in [his] favor."  *Anderson*, 477 U.S. at 248; *see also Bayer v. United States Dept. Of

Treasury*, 956 F.2d 330, 333 (D.C. Cir. 1992).

        The rule requires that the nonmoving party "go beyond the pleadings and by [his] own

affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate

'specific facts showing that there is a genuine issue for trial.'"  *Celotex*, 477 U.S. at 324.

        In addition, Local Civil Rule 7(h) provides:

> Each motion for summary judgment shall be accompanied by a
> statement of material facts as to which the moving party contends
> there is no genuine issue, which shall include references to the
> parts of the record relied on to support the statement.  An
> opposition to such a motion shall be accompanied by a separate
> concise statement of genuine issues setting forth all material facts
> as to which it is contended there exists a genuine issue necessary to
> be litigated, which shall include references to the parts of the
> record relied on to support the statement . . . . In determining a
> motion for summary judgment, the court may assume that facts
> identified by the moving party in its statement of material facts are
> admitted, unless such a fact is controverted in the statement of
> genuine issues filed in opposition to the motion.

LCvR 7(h).

        The District of Columbia Circuit has held that "[i]f the party opposing the motion fails to

comply with this local rule, then 'the district court is under no obligation to sift through the

record' and should '[i]nstead . . . deem as admitted the moving party's facts that are

uncontroverted by the nonmoving party's Rule [LCvR 7(h)] statement.'"  *Securities and Exch.

Comm'n v. Banner Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000) (citation omitted).  The

District of Columbia Circuit "[has] explained . . . that the 'the procedure contemplated by the

Banks v. District of Columbia, et al.                                                              6

[local] rule . . . isolates the facts that the parties assert are material, distinguishes disputed from

undisputed facts, and identifies the pertinent parts of the record." *Burke v. Gould*, 286 F.2d 513,

517 (D.C. Cir. 2002) (quoting *Gardels v. Cent. Intelligence Agency*, 637 F.2d 770, 773 (D.C. Cir.

1980)).  This circuit has affirmed the grant of summary judgment where the nonmoving party

failed to cite any evidence in the record, and in the statement of genuine factual issues, "did not

set forth specific, material facts, but simply asserted, without citing evidence in the record, that

there was a disputed issue[.]"  *Burke*, 286 F.3d at 518 (quoting *Tarpley v. Greene,* 684 F.2d 1, 7

(D.C. Cir. 1982)).


**DISCUSSION**

        "It is well understood in this Circuit that when a plaintiff files an opposition to a motion

 . . . addressing only certain arguments raised by the defendant, a court may treat those arguments

that the plaintiff failed to address as conceded."  *Howard v. Locke*, No. 09-1901, 2010 WL

2989844, at *2 (D.D.C. July 27, 2010) (internal quotations and citation omitted); *see also*

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 154 (D.C. Cir.

1996) ("[P]ursuant to the remedy afforded by Rule [7(h)], the district court is to deem as

admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule [7(h)]

statement.").  This court has long recognized that the "[t]he courts in this circuit demand 'strict

compliance' with Local Rule 7(h), which 'is justified both by the nature of summary judgement

and by the rule's purposes.'"  *Dage v. Johnson*, 537 F. Supp. 2d 43, 52 (D.D.C. 2008) (citing

*Gardels v. Central Intelligence Agency*, 637 F.2d 770, 773 (D.C. Cir. 1980));  *cf. Fudali v.*

*Pivotal Corp*, No. 03-1460, 2005 WL 607880, *2 (D.D.C. Mar. 16, 2005) ("All uncontroverted

Banks v. District of Columbia, et al.                                                                    7

statements will be deemed admitted and all statements without specific citations to the record

will be ignored.").

     In this case, Plaintiff, in his opposition, entirely fails either to refute the arguments

offered by Defendant in its memorandum, or to address the facts offered in Defendant's

statement of undisputed material facts.  Notably,  Plaintiff fails to contest, or even address, the

legal authority cited by the Defendant which would preclude the filing of the instant civil action

under the requirements of the Prison Litigation Reform Act.  Rather, Plaintiff's opposition

merely references and incorporates those arguments and allegations offered in his previous

submissions.  *See, e.g.,* Plaintiff's Statement of Material Facts ¶¶ 2, 3, 16, 18, 21, 23 and 24;

     In considering comparable deficiencies, this court and the circuit have exercised

discretion to treat the movant's statement of material facts as conceded.  *E.g.*, *Jackson*, 101 F.3d

at 153 (statement of nonmovant which was "[r]eplete with factual allegations not material to . . .

substantive claims and repeatedly blend[ed] factual assertions with legal argument" did not

satisfy the local rule); *Banner Fund,* 211 F.3d at 616  nonmovant did not comply the local rule

where he "filed a response and an affidavit, neither of which pointed to specific parts of the

record controverting the [movant's] lengthy statement of undisputed facts."); *Mack v. Strauss*,

134 F. Supp. 2d 103, 108 (D.D.C. 2001) (nonmovant's statement was "riddled with self -

serving, conclusory statements[,]" and for that and other reasons, could not serve to refute

movant's specific factual assertions).

     Additionally, for the reasons offered by Defendant District of Columbia–as to which

Plaintiff offers no contrary authority–the undersigned finds that Defendant is entitled to judgment

as a matter of law.  Plaintiff's complaint that he was denied diabetic meals, adequate heat and the

Banks v. District of Columbia, et al.                                                    8

dental treatment he requested falls far short of a viable Eight Amendment claim *(see* Defendant's

Memorandum at 6-9 and the authorities cited therein); in any event, Plaintiff failed to exhaust his

administrative remedies with respect to such claims (*see id.* at 9-11).  Further, the undersigned

finds that Plaintiff cannot make out the elements of his dental malpractice claim *(see id.* at 11-13

and the authorities cited therein).

      In sum, Defendant District of Columbia has demonstrated, in accordance with all

applicable authorities, that there is no genuine issue as to any material fact, and that it is entitled

to judgment as a matter of law.


**CONCLUSION**

      For all of the foregoing reasons, it is, this 21st day of September, 2011,

      **ORDERED** that Defendant District of Columbia's Motion for Summary Judgment

(Document No. 83) is **GRANTED**, and that judgment is entered in favor of Defendant District of

Columbia with respect to Plaintiff's remaining claims.[2]



                                                    _____/s/_____
                                                    DEBORAH A. ROBINSON
                                                    United States Magistrate Judge



_____

      [2]  *See* n.1, *supra.*